UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20149-CV-MORENO

UNIVERSAL COMMUNICATIONS
SYSTEMS, INC.,

    Plaintiff(s),

v.

LYCOS, INC.,

    Defendant(s),

05 11172 NMG

FILED by _____ D.C.
Jun 1, 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

### CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on **05/24/05**, the above-styled case is hereby transferred to the **District of Massachusetts**. Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is [ ] a combined paper and electronic file or [ x ] an electronic file and the imaged documents can be accessed at the following web address:

**PACER.FLSD.USCOURTS.GOV**

DONE at the Federal Courthouse Square, Miami, Florida, this 1 day of June 2005.

CLARENCE MADDOX,
Court Administrator • Clerk of Court

By: _____
Barbara Sohn
Deputy Clerk

---

Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:

United States District Court
Southern District of Florida
301 N Miami Avenue
Miami, FL 33128-7788

Received By: _____

New Case No. _____

**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-20149-CIV-MORENO

UNIVERSAL COMMUNICATIONS SYSTEMS, INC., MICHAEL J. ZWEBNER and others similarly situated,

MAGISTRATE JUDGE BBC

Plaintiffs,

vs.

LYCOS, INC. d/b/a THE LYCOS NETWORK & TERRA NETWORKS, S.A., et al.,

Defendants.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

This cause came before the Court upon Defendant Lycos, Inc.'s Motion to Dismiss or Transfer (**D.E. No. 31**), filed on **March 3, 2005**. For the reasons stated below, the Defendant's motion is GRANTED in PART. Accordingly, this case is transferred to the United States District Court for the District of Massachusetts.

### I. Background

Plaintiff Zwebner is a citizen of both Israel and the United Kingdom, whose principal residence is in Israel. He lives part of the year in Miami Beach, Florida. He is the chief executive officer and chairman of the board of Plaintiff Universal Communications Systems, Inc. ("UCSY" - the stock ticker symbol for the company), a company incorporated in Nevada with its corporate offices in Miami Beach. The Plaintiffs bring suit on behalf of themselves and a class of persons against the Defendants for claims arising out of allegedly defamatory messages posted on an internet

message board dedicated to messages related to Plaintiff UCSY.

According to the Plaintiffs, the corporate Defendants (Lycos, Inc. and Terra Networks, S.A., d/b/a The Lycos Network) all play some role in operating this message board (the alleged relationship among these three Defendants is unclear from the Plaintiffs' complaint). The Plaintiffs also bring claims against eight individual persons, all subscribers to the Lycos Network, who have posted allegedly defamatory messages on the message board. In Count I of the amended complaint, the Plaintiffs bring a claim for fraudulent securities transactions under Fla. Stat. § 517.301. In Count II, the Plaintiffs bring a claim for cyber stalking under 47 U.S.C. § 223. In Count III, the Plaintiffs bring a claim for dilution of trade name under Fla. Stat. § 495.151 *et seq*. Finally, in Count IV, the Plaintiffs bring a claim for cyber stalking under Fla. Stat. § 784.048 *et seq*.

In an action arising out of the same nucleus of operative facts - the allegedly defamatory message board postings - the same Plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc. d/b/a The Lycos Network for consumer fraud under Massachusetts law, cyber stalking under federal law, and trade dilution in violation of Florida law. Judge Martinez found that venue in the Southern District of Florida was improper, and granted the Defendants' motion to transfer to the District of Massachusetts in that case under 28 U.S.C. § 1404(a). Judge Martinez reasoned that, because the claims were based primarily on the Defendants' alleged failure to enforce the terms and conditions of the Lycos Subscriber Agreement, which stated that Massachusetts was the exclusive venue for resolution of disputes, Massachusetts was the appropriate venue for the action.

## II. Analysis

Lycos argues that this case should be dismissed for improper venue or transferred to the

District of Massachusetts under 28 U.S.C. § 1404(a) or 28 U.S.C. §1406(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Where venue is improper, change of venue is governed by § 1406, while § 1404 applies where venue is proper in both the transferor and transferee courts, but one location is better suited to the convenience of the parties and witnesses, and to the needs of justice. "The decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

Like the case transferred by Judge Martinez, the claims here all arise out of allegedly defamatory postings on the UCSY message board. As the Plaintiffs themselves stated, "[t]he claims asserted in this co-pending action [the action currently before the Court], are substantively the same as those contained in the proposed *Amended Complaint* [in 04-21618-CIV-MARTINEZ] .... Upon consolidation of this newly filed action with the instant proceedings [04-21618-CIV-MARTINEZ], the Plaintiffs shall either withdraw their pending *Motion to Amend*, or dismiss this newly filed action upon the granting of their *Motion to Amend* and the entry of their proposed *Amended Complaint*." Plaintiffs' Notice of Related Co-Pending Litigation at 2 in 04-21618-CIV-MARTINEZ. All of the individual Defendants are alleged to be subscribers, having agreed to the Lycos Subscriber Agreement, and additionally, Plaintiff Zwebner has asserted that he is also a subscriber. *See* Complaint at ¶ 24 in 04-21618-CIV-MARTINEZ.

The Subscriber Agreement provides, "the state and federal courts of Massachusetts shall be

-3-

the exclusive forum and venue to resolve disputes arising out of or relating to these Terms and Conditions or any user's use of the Products and Services [including the message boards]. By using the products and services and thereby agreeing to these Terms and Conditions, users consent to personal jurisdiction and venue in the state and federal courts in Massachusetts with respect to all such disputes." Exh. 1 to the Original Complaint (D.E. No. 1), filed on **January 19, 2005**, at ¶ 33.

As Judge Martinez determined in the earlier filed case based on the same allegedly defamatory messages, given the forum selection clause, this Court concludes that venue is improper in the Southern District of Florida. Accordingly, the Court must look to § 1406(a) rather than § 1404(a) in determining whether to transfer the action. Under the circumstances here, the Court finds that, instead of dismissing this case, transfer under § 1406(a) is more appropriate.

The individual Plaintiff, Defendant Lycos, Inc., and all eight of the John Doe Subscriber Defendants have assented to the forum selection clause in the Lycos subscriber agreement. Defendant Lycos, Inc. is located in Massachusetts.[1] Although Defendant Zwebner states that transfer to the District of Massachusetts shall create "unreasonable personal hardship" upon him, *see* Declaration of Michael J. Zwebner (D.E. No. 30), filed on **March 3, 2005**, his statements are undermined by his

---

[1] The Court notes that the allegations relating to Defendant Terra Networks, S.A. are unclear. Further, Defendant Terra Networks, S.A. has entered only a limited appearance to contest service and personal jurisdiction, and whether this Court has personal jurisdiction over Terra Networks, S.A. is undecided. *See* Defendant Terra Networks, S.A.'s Motion to Dismiss (D.E. No. 27), filed on **February 22, 2005**. Whether this Court has personal jurisdiction over Defendant Terra Networks, S.A., however, does not affect the appropriateness of transfer under § 1406(a). *See, e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

filing of complaints in Massachusetts and New Hampshire.[2] *See, e.g., Zwebner v. Villasenor*, 98-CV-682 (D.N.H. 1998). Given that the case formerly before Judge Martinez is already in Massachusetts and that the Plaintiffs in this case assented to the transfer of this case and consolidation with the earlier filed case, the Court finds that, in "the interest of justice," this case should be transferred to the District of Massachusetts rather than be dismissed. Transfer will allow this case to be considered by the same court, and at the same time, as the previously filed action transferred by Judge Martinez.

### III. Conclusion

The Court finds that venue is improper here in the Southern District of Florida, but rather than dismissing the case, the Court finds that transfer to the District of Massachusetts is appropriate under the circumstances here. Accordingly, Defendant Lycos, Inc.'s Motion to Dismiss or Transfer is GRANTED IN PART. This case is transferred to the United States District Court for the District of Massachusetts.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of May, 2005.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

[2] The credibility of Zwebner's claims of hardship upon transfer to Massachusetts is further weakened by his sworn statement, "I do not believe that any of the above named defendants reside, or engage in business in Boston, Massachusetts or elsewhere within the Commonwealth of Massachusetts, and, thus, I directed my counsel to file this case in the federal court in Miami-Dade County, Florida." *See* Declaration of Michael J. Zwebner **(D.E. No. 30)**, filed on **March 3, 2005**. Contrary to this declaration, Plaintiffs assert in the complaint that named Defendant Lycos, Inc. is organized and existing under the laws of Massachusetts and has its principle place of business in Massachusetts. *See* First Amended Complaint **(D.E. No. 5)**, filed on **February 2, 2005**, at ¶ 13.

Copies provided to:

John H. Faro, Esq.
**FARO & ASSOCIATES, LLC**
44 West Flagler Street, Suite 1100
Miami, FL 33130

Larry A. Stumpf, Esq.
**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A**
201 S. Biscayne Blvd., Suite 1300
Miami, FL 33131

Daniel J. Cloherty, Esq.
**DWYER & COLLARA, LLP**
600 Atlantic Ave.
Boston, MA 02210

Alexander Angueira, Esq.
Christopher L. Barnett, Esq.
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower - Suite 2200
150 W. Flagler St.
Miami, FL 33130

```
                                                    AMS      CLOSED

                            U.S. District Court
                 FLS - Southern District of Florida Miami

                    CIVIL DOCKET FOR CASE #: 05-CV-20149


Universal Communicat, et al. v. Lycos, Inc., et al.         Filed: 01/19/05
Assigned to: Federico A. Moreno
Demand: $0                                    Nature of Suit: 360
Lead Docket: None                             Jurisdiction: Diversity
Dkt # in other court: None

Cause: 28:1332 Diversity-Personal Injury




UNIVERSAL COMMUNICATIONS          John H. Faro
SYSTEMS, INC., a Nevada           FTS 424-1114
Corporation                       [COR LD NTC]
      plaintiff                   Faro & Associates
                                  44 W Flagler Street
                                  Suite 1100
                                  Miami, FL 33130-1808
                                  305-424-1112

MICHAEL J. ZWEBNER,               John H. Faro
individually                      (See above)
      plaintiff                   [COR LD NTC]

    v.

LYCOS, INC., a Spanish Company
with its USA offices in Miami-
Dade County, Florida
dba
The Lycos Network
      defendant

TERRA NETWORKS, SA                Alexander Angueira
      defendant                   FTS 789-3395
                                  305-789-3000
                                  [COR LD NTC]
                                  Christopher Lawrence Barnett
                                  FTS 789-3395
                                  [COR LD NTC]
                                  Stearns Weaver Miller Weissler
                                  Alhadeff & Sitterson
                                  Museum Tower
                                  150 W Flagler Street
                                  Suite 2200
                                  Miami, FL 33130

                                  305-789-3200

==========================
JOHN DOE #1
aka
the_worm06
      defendant
```

```
Proceedings include all events.                                      AMS
1:05CV20149       Universal Communicat, et al. v. Lycos, Inc., et al.   CLOSED


JOHN DOE #2
aka
no_insiders
        defendant

JOHN DOE #3
aka
the_worm_06A
        defendant

JOHN DOE #4
aka
65175R
        defendant

JOHN DOE #5
aka
Henry_Johnson123
        defendant

JOHN DOE #6
aka
quondo1
        defendant

JOHN DOE #7
aka
Tobias95
        defendant

JOHN DOE #8
aka
CrawleySmith
        defendant

---------------------------------

01/19/05     1         COMPLAINT filed; FILING FEE $150.00 RECEIPT # 914237 ;
                       Magistrate Judge Barry L. Garber (bs) [Entry date 01/20/05]

01/19/05     2         SUMMONS(ES) issued for Lycos, Inc. (bs)
                       [Entry date 01/20/05]

01/19/05     3         SUMMONS(ES) issued for Terra Networks, SA (bs)
                       [Entry date 01/20/05]

02/01/05     4         RETURN OF SERVICE executed for Lycos, Inc. on 1/26/05
                       Answer due on 2/15/05 for Lycos, Inc. (bs)
                       [Entry date 02/02/05]

02/02/05     5         NOTICE of filing first amended complaint by Universal
                       Communicat, Michael J. Zwebner (bs) [Entry date 02/03/05]

02/02/05     5         AMENDED COMPLAINT by Universal Communicat, Michael J.
                       Zwebner , (Answer due 2/14/05 for Terra Networks, SA, for
                       Lycos, Inc. )  amending [1-1] complaint adding John Doe #1,
                       John Doe #2, John Doe #3, John Doe #4, John Doe #5, John
                       Doe #6, John Doe #7, John Doe #8 (bs) [Entry date 02/03/05]

02/02/05     6         SUMMONS(ES) issued for Terra Networks, SA (bs)
```

```
Proceedings include all events.                                        AMS
1:05CV20149      Universal Communicat, et al. v. Lycos, Inc., et al.   CLOSED

                            [Entry date 02/03/05]

02/02/05      7       SUMMONS(ES) issued for John Doe #1 (bs)
                      [Entry date 02/03/05]

02/02/05      8       SUMMONS(ES) issued for John Doe #2 (bs)
                      [Entry date 02/03/05]

02/02/05      9       SUMMONS(ES) issued for John Doe #3 (bs)
                      [Entry date 02/03/05]

02/02/05     10       SUMMONS(ES) issued for John Doe #4 (bs)
                      [Entry date 02/03/05]

02/02/05     11       SUMMONS(ES) issued for John Doe #5 (bs)
                      [Entry date 02/03/05]

02/02/05     12       SUMMONS(ES) issued for John Doe #6 (bs)
                      [Entry date 02/03/05]

02/02/05     13       SUMMONS(ES) issued for John Doe #7 (bs)
                      [Entry date 02/03/05]

02/02/05     14       SUMMONS(ES) issued for John Doe #8 (bs)
                      [Entry date 02/03/05]

02/07/05     15       RETURN OF SERVICE executed for Terra Networks, SA on 2/1/05
                      Answer due on 2/22/05 for Terra Networks, SA (bs)
                      [Entry date 02/08/05]

02/16/05     16       ASSENTED TO MOTION by Lycos, Inc. to transfer case to the
                      Honorable Jose E. Martinez (bs) [Entry date 02/17/05]

02/16/05     17       ASSENTED TO MOTION by Lycos, Inc. to extend time to
                      respond to first amended complaint (bs)
                      [Entry date 02/17/05]

02/22/05     18       RETURN OF SERVICE executed for Terra Networks, SA on
                      2/10/05 Answer due on 3/2/05 for Terra Networks, SA (bs)
                      [Entry date 02/23/05]

02/22/05     19       RETURN OF SERVICE executed for John Doe #1 on 2/10/05
                      Answer due on 3/2/05 for John Doe #1 (bs)
                      [Entry date 02/23/05]

02/22/05     20       RETURN OF SERVICE executed for John Doe #2 on 2/10/05
                      Answer due on 3/2/05 for John Doe #2 (bs)
                      [Entry date 02/23/05]

02/22/05     21       RETURN OF SERVICE executed for John Doe #3 on 2/10/05
                      Answer due on 3/2/05 for John Doe #3 (bs)
                      [Entry date 02/23/05]

02/22/05     22       RETURN OF SERVICE executed for John Doe #4 on 2/10/05
                      Answer due on 3/2/05 for John Doe #4 (bs)
                      [Entry date 02/23/05]

02/22/05     23       RETURN OF SERVICE executed for John Doe #5 on 2/10/05
                      Answer due on 3/2/05 for John Doe #5 (bs)
                      [Entry date 02/23/05]
```

```
Proceedings include all events.                                              AMS
1:05CV20149      Universal Communicat, et al. v. Lycos, Inc., et al.   CLOSED


02/22/05     24         RETURN OF SERVICE executed for John Doe #6 on 2/10/05
                        Answer due on 3/2/05 for John Doe #6 (bs)
                        [Entry date 02/23/05]

02/22/05     25         RETURN OF SERVICE executed for John Doe #7 on 2/10/05
                        Answer due on 3/2/05 for John Doe #7 (bs)
                        [Entry date 02/23/05]

02/22/05     26         RETURN OF SERVICE executed for John Doe #8 on 2/10/05
                        Answer due on 3/2/05 for John Doe #8 (bs)
                        [Entry date 02/23/05]

02/22/05     27         MOTION by Terra Networks, SA (Attorney Alexander Angueira)
                        to dismiss the complaint (bs) [Entry date 02/23/05]

02/22/05     28         NOTICE of filing the attached declaration of Diego Colchero
                        in support of its motion to dismiss by Terra Networks, SA
                        (bs) [Entry date 02/23/05]

03/03/05     29         RESPONSE by Universal Communicat, Michael J. Zwebner in
                        opposition to [27-1] motion to dismiss the complaint (bs)
                        [Entry date 03/04/05]

03/03/05     30         DECLARATION by Universal Communicat, Michael J. Zwebner Re:
                        [29-1] opposition response (bs) [Entry date 03/04/05]

03/04/05     31         MOTION by Lycos, Inc. to dismiss this case, to transfer
                        case to the District of Massachusetts, to stay this
                        matter (bs) [Entry date 03/07/05]

03/04/05     32         MEMORANDUM by Lycos, Inc. in support of [31-1] motion to
                        dismiss this case, [31-2] motion to transfer case to the
                        District of Massachusetts, [31-3] motion to stay this
                        matter (bs) [Entry date 03/07/05]

03/04/05     33         NOTICE of filing the declaration of Diego Colchero by Terra
                        Networks, SA (bs) [Entry date 03/07/05]

03/04/05     34         DECLARATION of Diego Colchero by Terra Networks, SA Re:
                        [27-1] motion to dismiss the complaint (bs)
                        [Entry date 03/07/05]

03/08/05     35         ORDER transferring case to the Honorable Jose E. Martinez
                        (Signed by Judge Federico A. Moreno on 02/17/05 and Signed
                        by Judge Jose E. Martinez on 03/08/05) [EOD Date: 3/9/05]
                        (bb) [Entry date 03/09/05]

03/08/05    ---         CASE reassigned  to Judge Jose E. Martinez (bb)
                        [Entry date 03/09/05]

03/09/05     36         MOTION by Terra Networks, SA to extend time to reply to
                        plaintiffs' response to defendants' motion to dismiss (bs)
                        [Entry date 03/10/05]

03/14/05     37         UNOPPOSED MOTION by Universal Communicat, Michael J.
                        Zwebner to extend time period for response to defendant,
                        Lycos, Inc. motion to dismiss or transfer, and for
                        immediate stay (bb) [Entry date 03/15/05]



Docket as of June 1, 2005 4:45 pm                                      Page 4
```

```
Proceedings include all events.                                          AMS
1:05CV20149      Universal Communicat, et al. v. Lycos, Inc., et al.   CLOSED


03/18/05     38         RESPONSE by Universal Communicat, Michael J. Zwebner in
                        opposition to [31-1] motion to dismiss this case, [31-2]
                        motion to transfer case to the District of Massachusetts,
                        [31-3] motion to stay this matter (bb) [Entry date 03/21/05]

03/22/05     39         REPLY by Terra Networks, SA to response to [27-1] motion to
                        dismiss the complaint (bs) [Entry date 03/23/05]

03/24/05     40         NOTICE of filing original declaration of Joanna Franyie
                        Romano in support of motion to dismiss by Terra Networks (bs)
                        [Entry date 03/25/05]

03/24/05     41         DECLARATION of Joanna Franyie Romano by Terra Networks, SA
                        Re: [39-1] response reply (bs) [Entry date 03/25/05]

04/05/05     42         NOTICE of filing of a petition for a pure bill of discovery
                        in Case No. 05-20917-CIV-LENARD/KLEIN by Universal
                        Communicat, Michael J. Zwebner (bb) [Entry date 04/06/05]

04/14/05     43         MOTION by Terra Networks, SA (Attorney Christopher Lawrence
                        Barnett) for protective order, and for sanctions, and
                        for expedited ruling (bb) [Entry date 04/15/05]

04/27/05     44         RESPONSE by Universal Communicat, Michael J. Zwebner to
                        [43-1] motion for protective order, [43-2] motion for
                        sanctions (bb) [Entry date 04/28/05]

04/27/05     44         MOTION by Universal Communicat, Michael J. Zwebner to
                        strike [27-1] motion to dismiss the complaint (bb)
                        [Entry date 04/28/05]

04/28/05     45         ORDER vacating transfer; vacating [35-2] order; cause is
                        transferred to the calendar of Honorable Federico A. Moreno
                        for all further proceedings ( Signed by Judge Jose E.
                        Martinez on 04/18/05 and Judge Federico A. Moreno on
                        04/27/05) [EOD Date: 4/29/05] (bs) [Entry date 04/29/05]

04/28/05    ---         CASE reassigned  to Judge Federico A. Moreno (bs)
                        [Entry date 04/29/05]

05/02/05     46         MOTION by Terra Networks, SA to extend time to respond to
                        plaintiffs' first request for production of documents in
                        aid of discovery of jurisdictional facts (bs)
                        [Entry date 05/03/05]

05/06/05     47         ORDER granting [46-1] motion to extend time to respond to
                        plaintiffs' first request for production of documents in
                        aid of discovery of jurisdictional facts ( Signed by Judge
                        Federico A. Moreno on 05/05/05) [EOD Date: 5/6/05] (bs)

05/06/05     48         REPLY by Terra Networks, SA to response to [43-1] motion
                        for protective order (bs) [Entry date 05/09/05]

05/10/05     49         MOTION by Universal Communicat, Michael J. Zwebner for
                        status conference (bs) [Entry date 05/11/05]

05/16/05     50         ORDER of Magistrate Judge reassignment; case to be
                        reassigned to Magistrate Judge Andrea M. Simonton ( Signed
                        by Magistrate Ted E. Bandstra on 05/16/05) [EOD Date:
                        5/17/05] (bs) [Entry date 05/17/05]


Docket as of June 1, 2005 4:45 pm                                 Page 5
```

```
Proceedings include all events.                                           AMS
1:05CV20149      Universal Communicat, et al. v. Lycos, Inc., et al.   CLOSED


05/16/05  ---          Magistrate identification:  Magistrate Judge Andrea M.
                       Simonton (bs) [Entry date 05/17/05]

05/16/05   51          RESPONSE by Terra Networks, SA  in opposition to [44-1]
                       motion to strike [27-1] motion to dismiss the complaint (bs)
                       [Entry date 05/17/05]

05/23/05   52          ORDER granting [31-3] motion to stay this matter pending
                       resolution of defendant's motion to dismiss or transfer (
                       Signed by Judge Federico A. Moreno on 05/20/05) [EOD Date:
                       5/24/05] (bs) [Entry date 05/24/05]

05/25/05   53          ORDER granting [31-2] motion to transfer case to the
                       District of Massachusetts ( Signed by Judge Federico A.
                       Moreno on 05/24/05) [EOD Date: 5/27/05] (bs)
                       [Entry date 05/27/05]

05/25/05  ---          CASE CLOSED. Case and Motions no longer referred to
                       Magistrate. (bs) [Entry date 05/27/05]
```