UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSAL COMMUNICATIONS SYSTEMS, INC. AND MICHAEL J. ZWEBNER,<br><br>Plaintiffs,<br><br>v.<br><br>LYCOS, INC. D/B/A THE LYCOS NETWORK, TERRA NETWORKS, S.A.,<br>JOHN DOE #1 a/k/a "the_worm06",<br>JOHN DOE #2 a/ka/ "no_insiders",<br>JOHN DOE #3 a/k/a "the_worm_06A",<br>JOHN DOE #4 a/k/a "65175R",<br>JOHN DOE #5 a/k/a "Henry_Johnson123",<br>JOHN DOE #6 a/k/a "quondol",<br>JOHN DOE #7 a/k/a "Tobias95", and<br>JOHN DOE #8 a/k/a "CrawleySmith",<br><br>Defendants. | Civil Action Number 05-11172-REK |

## MOTION OF PLAINTIFFS UNIVERSAL COMMUNICATIONS SYSTEMS, INC. AND MICHAEL J. ZWEBNER FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT TERRA NETWORKS, S.A.'S MOTION TO DISMISS

The Plaintiffs, Universal Communications Systems, Inc. and Michael J. Zwebner, hereby move for an extension of time within which to file their Opposition to Defendant Terra Networks, S.A.'s Motion to Dismiss, through and including September 14, 2005. In support of this Motion, the Plaintiffs state as follows:

1. On account of Hurricane Katrina, Plaintiffs' lead counsel, John Faro, Esq., was forced to evacuate from Miami, Florida, where his residence and business office are located, on Thursday, August 25, 2005.

2. As a result of the damage and disruption caused by Hurricane Katrina, Attorney Faro was unable to return to Miami until Wednesday, August 31, 2005.

3. On August 31, 2005, Plaintiffs' Local Counsel left Terra's Counsel a voicemail message requesting Terra's assent to the requested extension of time, and explaining the basis for the need of the requested extension.

4. On September 1, 2005, Plaintiffs' Local Counsel conferred with Terra's Counsel regarding the extension of time requested herein, and Terra's counsel consented to a seven-day extension of time, calculated from the date that Plaintiffs' Opposition is due in absence of an extension of time. Unfortunately, due to an ambiguity in the United States District Court District of Massachusetts Electronic Case Filing Administrative Procedures of October 24, 2003, it is unclear to counsel for both parties as to the correct deadline for the filing of Plaintiffs' Opposition.

5. In particular, paragraph E.3 of the Electronic Case Filing Administrative Procedures provides, in relevant part, that "[s]ervice by electronic means shall be treated the same as service by mail **for the purpose of adding three (3) days to the prescribed period to respond**. In accordance with Local Rule 7.1, a party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court." <u>Electronic Case Filing Administrative Procedures</u>, at ¶ E.3 (emphasis supplied). Read together, the plain meaning of the first two sentences of paragraph E.3 is that a party opposing a motion has fourteen (14) days from the date of service, plus an additional three (3) days when the motion is served by mail or electronic means, to file an opposition to the motion. Since Terra filed and served its Motion to Dismiss by electronic means on August 16, 2005, the Plaintiffs' Opposition would originally be due on September 2, 2005, and the seven-day extension of time to which Terra has consented would bring the due date to September 9, 2005.

6.      The foregoing interpretation of paragraph E.3 would seem to be contradicted, however, by the final sentence thereof, which provides that "[t]he fourteen (14) day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails." <u>Electronic Case Filing Administrative Procedures</u>, at ¶ E.3. This sentence would seem to suggest that a party opposing a motion has fourteen (14) days to file their opposition, regardless of the manner in which the motion was served, in which case the Plaintiffs' Opposition was originally due to be filed on August 30, 3005, and the extension of time to which Terra has consented would bring the new due date for Plaintiffs' Opposition to September 6, 2005 – the day after Labor Day. Paragraph E.3 is ambiguous because the last sentence would appear to render the first sentence thereof inoperative and superfluous, in contravention of guiding principles of statutory construction.

7.      In any event, Terra's Counsel was unwilling to commit to either reading of paragraph E.3, and ultimately would not consent to full amount of time requested by Plaintiffs.

8.      Pursuant to Fed. R. Civ. P. 6(b)(1) and (2), the Plaintiffs' request for extension of time is made for good cause or, alternatively, Plaintiffs' failure to act before the original deadline for filing their Opposition was the result of excusable neglect, in light of the effects of Hurricane Katrina.

9.      Neither Terra nor any other Defendant will be prejudiced by the requested extension of time given that the motions to dismiss of Terra and co-Defendant Lycos, Inc. will not be heard until September 28, 2005.

WHEREFORE, the Plaintiffs Universal Communications Systems, Inc. and Michael J. Zwebner respectfully request that this Honorable Court grant the Plaintiffs an extension of time

to file and serve their Opposition to Defendant Terra Networks, S.A.'s Motion to Dismiss through and including September 14, 2005.

>PLAINTIFFS UNIVERSAL
>COMMUNICATIONS SYSTEMS, INC. AND
>MICHAEL J. ZWEBNER,
>
>By their attorneys,
>
>_/s/ Matthew P. Zayotti_
>Richard B. Kirby, BBO #273600
>Matthew P. Zayotti, BBO# 638265
>Keegan Werlin LLP
>265 Franklin Street
>Boston, Massachusetts 02110-3113
>(617) 951-1400
>
>John H. Faro, BBO #159260
>Faro & Associates
>44 West Flagler Street, Suite 1100
>Miami, Florida 33130
>(305) 424-1112

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew P. Zayotti, hereby certify that on September 1, 2005, I conferred with James J. Reardon, Jr., Esq. of LeBoeuf, Lamb, Greene & MacRae, LLP, counsel for the Defendant Terra Networks, S.A. in a good faith attempt to resolve or narrow the issues related to this motion.

_/s/ Matthew P. Zayotti_

Dated: September 1, 2005