IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

FILED
CLERKS OFFICE

2005 OCT -6  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNIVERSAL COMMUNICATION SYSTEMS, INC. (A Nevada Corporation), MICHAEL J. ZWEBNER (individually) & Others Similarly Situated<br>      Plaintiffs<br>vs.<br>LYCOS INC. *dba* THE LYCOS NETWORK & TERRA LYCOS, INC. | CIVIL ACTION<br>NO. 05-10435-REK<br>CONSOLIDATED WITH<br>NO. 05-11172-REK<br><br>CONSOLIDATED PROCEEDINGS |
| UNIVERSAL COMMUNICATION SYSTEMS, INC. (A Nevada Corporation), MICHAEL J. ZWEBNER (individually) & Others Similarly Situated<br>      Plaintiffs<br>vs.<br>LYCOS INC. *dba* THE LYCOS NETWORK & TERRA NETWORKS, S.A., JOHN DOE #1 aka *"the_worm06"*, JOHN DOE #2 aka *"no_insiders"*, JOHN DOE #3 aka *"the_worm_06A"*, JOHN DOE #4 aka *"65175R"*, JOHN DOE #5 aka *"Henry_Johnson123"* & JOHN DOE #6 aka *"quondo1"*, JOHN DOE #7 aka *"Tobias95"*, JOHN DOE #8 aka *"CrawleySmith"*<br>      Defendants | CIVIL ACTION<br>CASE NO. 05-11172-REK<br>LEAD CASE |

**PLAINTIFFS' RESPONSE, BY WAY OF OPPOSITION,
TO DEFENDANT, LYCOS, INC., MOTION FOR LEAVE
TO FILE REPLY [DE 77]**

## MEMORANDUM IN OPPOSITION TO LYCOS MOTION FOR LEAVE TO FILE REPLY

The Plaintiffs, Universal Communication Systems, Inc. & Michael J. Zwebner, (herein also collectively "UCSY"), respond, by way of this Opposition, to the Defendant Lycos, Inc..("LYCOS") *Reply* [DE 77] in support of *Lycos Motion To Dismiss* [DE 66,67].

1. <u>Reply Is Unwarranted</u> – Contrary to assertions set forth in the LYCOS Reply [DE 77 @ 2], the LYCOS Motion To Dismiss was not directed at the UCSY claims of "lead complaint", but rather focused upon the earlier filed action, which is no longer before this Court [DE 73, Plaintiffs' Notice Of Voluntary Dismissal]. This LYCOS emphasis was intentional[1], and contrary to the specific directions of this Court at the hearing on July 26, 2005. Thus, LYCOS now requests this Court's indulgence to permit it to recast its Motion To Dismiss [DE 66, 67], in the form of a Reply, and thereby belatedly re-focus such Motion [DE 66, 67] upon the claims of the Lead complaint. Such Reply is only to be permitted as a matter of grace, extended by this Court, upon a showing that somehow the UCSY Opposition has somehow taken it by surprise, and/or that the UCSY Opposition [DE 72] has injected some new issue into the case. No such basis exists for justification of the filing of yet another pleading directed to the same issues. Even a superficial review of the LYCOS a Reply make it abundantly clear that LYCOS has attempted to misuse this vehicle in a shallow effort to simply rehash the prior arguments advance in its original Motion. Accordingly, LYCOS leave to file a Reply should be denied.

---

[1] See Lycos Motion To Dismiss [DE 67 @ 2-3]. The LYCOS motivation was to support its contention that the choice of law provision in a subscriber agreement, (relating to contracts), annexed as an Exhibit to the earlier filed action, was controlling as to the choice of law to be applied to the tort based claims asserted in the lead. Insofar as <u>none</u> of the tort based claims asserted in the Amended Complaint are "contract-related", that is do not arise out either of the Plaintiffs <u>use</u> of the Lycos Network, the choice of law applicable to the claims of the Amended Complaint, cannot be said to be dictated by the choice of law provision in the subscriber agreement.

2.  "Good Samaritan" Immunity Is Limited To Conduct Involving The "Traditional Functions Of A Publisher" – Even if the Court were inclined to grant leave to LYCOS to submit a Reply, the exercise would be futile. More specifically, in the 35 pages submitted by LYCOS in support of its Motion To Dismiss, (including it proposed Reply), LYCOS has yet to address the District Court analysis, in *Zeran*[2], of the "Good Samaritan" immunity statute, as applicable to the claims asserted in this case. More specifically, under the analysis applied by the District Court in *Zeran*, LYCOS must establish that the enforcement of a State statute intended, for example, to protect the public from security fraud (Count I), or to protect the public from damage to business reputation (Count III), or to protect the public from cyber stalking (Counts II & IV), is inconsistent with the limited objectives sought to be accomplished by the CDA. Clearly, there is no blanket pre-emption of State law by the CDA. Quite the contrary, under the facts of *Zeran*, the District Court concluded that §230(d)(3) (of the CDA)

> "…does not reflect (a) congressional intent to preempt all state law remedies for defamatory materials on an interactive computer service. To the contrary, §230(d)(3) reflects Congress's clear and unambiguous intent to retain state law remedies except in the event of a conflict between those remedies and the CDA", *Zeran v. America Online Inc.*, 958 F.Supp. 1124, 1131 (E.D. Va. 1997)

The *Zeran* District Court further observed that, unlike other federal statutes, the CDA does not contain any "…explicit expression of congressional intent with respect to the scope of preemption". *Zeran v. AOL* 958 F.Supp @ 1130-31.

Thus, only were a State statute is <u>inconsistent</u> with congressional purpose in extending limited CDA immunity to an internet service provider, does the CDA immunity come into play. In its analysis of the claims asserted against AOL in *Zeran*, the District Court made a specific finding that the enforcement of the common claim for negligence against AOL would

---

[2] *Zeran v. America Online Inc.*, 958 F.Supp. 1124 (E.D. Va. 1997)

3

"...discourages ...providers from engaging in efforts to review on-line content and delete objectionable material...precisely the effort Congress sought to promote in enacting the CDA", *Id.* @ 1135

Accordingly, the District Court held the CDA to be applicable under the facts of the *Zeran* case. In affirming the *Zeran* District Court, the 4th Circuit left undisturbed the findings of the District Court, as to the limited application of the immunity accorded by the CDA, to a common law claims for negligence, based upon the unreasonable delay to remove a defamatory posting from an AOL message board.

No such analysis appears in the LYCOS Motion To Dismiss, or for that matter in its Reply. The Reply simple contains conclusory statements which are based upon a misapplication of the law, and an otherwise imperfect understanding of the relationship of the liability of a publisher, based upon its <u>own misconduct</u>, as opposed to a publisher's simple <u>ratification of the misconduct of others</u>.

3. <u>LYCOS Was Manifestly Aware Of The 7th Circuit Criticism Of The Zeran Analysis Of The CDA</u> - LYCOS has affirmatively represented in its Motion To Dismiss, that <u>every</u> Circuit, which has had an opportunity to apply 47 USC §230 to situations involving claims, such as those asserted herein, has adopted the 4th Circuit analysis in *Zeran*. Presumably this LYCOS representation included the 7th Circuit, specifically, the decision in *Doe v. GTE Corp*, 347 F.3d 655 (7th Cir. 2003). Notwithstanding such awareness[3], the citation and/or reliance upon the *GTE* decision in the 7th Circuit, one of the more recent decisions referencing *Zeran*, has been <u>noticeably absent</u> from any of the LYCOS pleadings filed with this Court. The

---

[3] The undersigned believes that LYCOS had previously cited this 7th Circuit decision in memorandum filed either in the District Court in the Southern District of Florida and/or in the parallel litigation in State Court in Miami-Dade County, Florida, in which it has intervened.

4

reason for such omission is apparent from the UCSY Opposition [DE 5-6, 11], as briefly set forth below. The *GTE* decision expresses doubt as to the soundness of the interpretation given the CDA by the 4th Circuit in *Zeran* because the application thereof has been perverted "…to defeat claims by victims of tortious or criminal conduct". *Doe v. GTE Corp,.* @ 660

Understandably, LYCOS is dismissive[4] of the 7th Circuit analysis of the CDA, specifically, the extension of potential liability to an internet service provider, based upon its own conduct, were the service provider either engages in conduct which is (a) distinct from that of an "intermediary" and/or (b) renders "culpable assistance" to an abuser of the internet services, *Id.* @ 659  The "culpable assistance" theory/rational for publisher liability has been previously recognized in the 11th Circuit, from which this case was transferred, *Braun v. Soldier Of Fortune*, 968 F.2d 1110 (11th Cir. 1992).

One of the examples of conduct, cited by the 7th Circuit, as rendering culpable assistance, is the "promotion of wrongful venture's success", *Id* @ 659. The Amended Complaint is explicit that LYCOS links[5] the USCY message board on the Raging Bull web sites to other financial sites on its Network, to increase the dissemination of the postings appearing on the Raging Bull web site. Clearly, but for this link to the LYCOS QUOTE.COM financial site, the

---

[4] LYCOS contends the *GTE* Court did not consider the "culpable assistance" rational for extending liability to a service provider under state law. This contention is in error. The extension of liability, based upon the "culpable assistance" of the service provider, was discussed in the *GTE* decision, with respect to the AOL claim of immunity from liability under both state (47 USC §230(e)(3)) and federal law (47 USC §230(e)(4)), *Id.* @ 658.

[5] [DE 8, Amended Complaint, @ Paragraph 21].

> 21.   At the time of the acts complained of, the TERRA LYCOS operated and maintained a website designated QUOTE.COM, which is purportedly dedicated to providing commercial information, data and financial services to a TERRA LYCOS site visitor and to an authorized user (also herein "Subscriber") to THE LYCOS NETWORK. This QUOTE.COM site permits retrieval of stock quotation information and technical data for a company having a publicly traded security, and a link to a message board on the TERRA LYCOS RAGING BULL web site, which automatically appears upon retrieval of a stock quotation for a given company.

offensive postings on the UCSY message board on the Raging Bull web site would remain in relative obscurity.

The extension of liability to LYCOS, under the facts of this case, is based upon both (a) the LYCOS construct of its web services, notably its subscriber registration process, by permitting registration of a subscriber under multiple pseudonyms/aliases; (b) the LYCOS promotion of the UCSY message board, by linking of this message board to other financial sites in the Lycos Network, and, (c) the LYCOS compounding of the subscriber abuses, by archiving and preparation of compilations of such posting, for re-distribution at a later date. The natural and logical consequences of such actions by LYCOS, is the aggravation of the injury caused by the initial publication of the offensive posting by the LYCOS subscriber.

4. <u>The CDA Immunity From Liability For Damages Does Extend To Immunity From Prospective Injunctive Relief</u> – The CDA granted of limited immunity to an ISP from liability for damages, does not include immunity from prospective injunctive relief. More specifically, the concerns voiced by the District Circuit in *Zeran*, as justification for finding the State common claim inconsistent with the limited immunity accorded by the CDA, do not apply to prospective injunctive relief, because such relief would not involve any on-line surveillance, or response to third party objections or subjective evaluation of the content of the postings, just simply blocking of the offending subscriber to prevent his continued access to the LYCOS Network, to prevent further postings in violation of the Court's injunction, c.f. *Zeran v. AOL*, 958 F.Supp.@ 1135)

UCSY, thus, asserts in its Opposition [DE 72 @ 2, 23-24 ] that even if CDA immunity is preclusive of a claim for damages against LYCOS, prospective injunctive relief is available

against LYCOS, in a case in which LYCOS is a party. Alternatively, the CDA is ineffective to insulate LYCOS from this Court's process should it enter an injunction against a LYCOS subscriber. More specifically, the LYCOS contention that it is immune from liability for damages caused by the postings appearing on the Lycos Network, does not provide it with any safe haven, relative to enforcement of an injunction entered by this Court against its subscribers. Accordingly, LYCOS should not be dismissed form this case, to be permitted to sit on the sidelines and, thereafter, challenge this Court's judicial power over it, in a subsequent proceeding for enforcement of an injunction against LYCOS subscribers.

Clearly, effective injunctive relief against a LYCOS subscriber would necessarily involve the denial of such subscriber access to the Lycos Network. Therefore, UCSY would be entitled, upon proper notice, to enforce any such injunction against both LYCOS subscriber <u>and</u> LYCOS. Accordingly, LYCOS is and remains indispensable, and in whose absence, complete relief cannot be accorded to UCSY.

<u>In summary</u>, the extraordinary request by LYCOS to file a Reply to the UCSY Opposition to the LYCOS Motion To Dismiss should be denied as unwarranted under the circumstances, and/or as simply viewed a shallow attempt to rehash it prior arguments, and/or to supplement arguments that should have appeared in its Motion To Dismiss.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

Faro & Associates
44 West Flagler Street, Suite 1100

Miami, Florida 33130-1808

phone 305, 424-1112
fax   305, 424-1114

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading entitled:

**PLAINTIFFS' RESPONSE, BY WAY OF OPPOSITION, TO DEFENDANT, LYCOS, INC., MOTION FOR LEAVE TO FILE REPLY [DE 70, 71]**

was forwarded, this 5th day of October, 2005, by First Class Mail, to the individuals named on the attached DISTRIBUTION LIST.

John H. Faro, Esq.
(BBO #159260)

DISTRIBUTION LIST:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square

225 Asylum Street
Hartford, CT 06103
Phone  860, 293-3596
Fax    860, 293-3555


John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210