UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNIVERSAL COMMUNICATION SYSTEMS    )
INC., a Nevada Corporation; MICHAEL J.    )
ZWEBNER, individually; and    )
others similarly situated    )
                                )
    Plaintiffs,    )    Civil Action
                                )    NO. 05-11172-REK
    v.    )
                                )
                                )
LYCOS, INC., d/b/a THE LYCOS    )
NETWORK and TERRA NETWORKS, S.A. ,    )
JOHN DOE #1 aka "the worm06"    )
JOHN DOE #2 aka "no_insiders"    )
JOHN DOE #3 aka "the worm06A"    )
JOHN DOE #4 aka "65175R"    )
JOHN DOE #5 aka "Henry_Johnson123" &    )
JOHN DOE #6 aka "quondo1"    )
JOHN DOE #7 aka "Tobias95"    )
JOHN DOE #8 aka "CrawleySmith"    )
                                )
    Defendants.    )
_____)

### LYCOS, INC.'S MEMORANDUM OF LAW OPPOSING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMEND SECOND AMENDED COMPLAINT

On October 11, 2005, after more than 14 months of litigation in two federal district courts and after the filing by the Plaintiffs of at least five different complaints and amended complaints related to this action,[1] this Court ruled that Section 230 of the Communications Decency Act, 47 U.S.C. § 230 immunized the Defendants, Lycos, Inc. ("Lycos") and Terra Networks S .A.

---

[1] Universal Communications Systems, Inc. v. Lycos, Inc., No. 05-21618-CIV-MARTINEZ/Klein (S.D. Fla.) (transferred , renumbered 05-CV-11172-REK (D. Mass.); Universal Communications Systems, Inc. v. Lycos, Inc., No. 05-20149-CIV- MORENO/Garber (S.D. Fla.)(transferred , renumbered 05-10435-REK (D. Mass.)(voluntarily dismissed by plaintiffs); See Universal Communications Systems, Inc. v. Lycos, Inc., No. 05-20916-CIV-Cooke/Brown (dismissed sua sponte April 12, 2005 for lack of jurisdiction)(appealed and renumbered 05-12643-EE (11th Cir. 2005))(dismissed sua sponte for failure to prosecute); Universal Communications Systems, Inc. v. Lycos, Inc., No. 05-20197-CIV-Lenard/Klein (dismissed sua sponte April 28, 2005 for lack of jurisdiction)(appealed and renumbered 05-12644-EE (11th Cir. 2005))(dismissed sua sponte for failure to prosecute); Universal Communications Systems, Inc. v. Turner Broadcasting System, Inc., Case No. 05-20047-CIV- JORDAN/Brown (S.D. Fla.)(discovery sought against Lycos)(dismissed, Rule 11 sanctions ordered August 29, 2005).

("Terra"), from each and every claim asserted by the Plaintiffs arising from the supposed publication of defamatory comments on the Lycos-operated *Raging Bull* website.  That decision was consistent with the rulings of every other federal court that has addressed this issue.  See, e.g., Zeran v. America Online, Inc., 129 F.3d 327, 330-31 (4th Cir. 1997); see also Carafano v. Metrosplash, 339 F.3d 1119, 1124 (9th Cir. 2003); Green v. America Online, Inc., 318 F.3d 465, 471 (3d Cir. 2003); Noah v. AOL Time Warner, Inc., 261 F. Supp. 532, 537-40 (E.D. Va. 2003), aff'd, 2004 WL 602711 (4th Cir. 2004).

No final judgment entered after the Court's dismissal Order because the Plaintiff had also named various "Doe" defendants in the Complaint.  At the conclusion of the October 11, 2005 hearing, this Court directed the parties to submit memoranda regarding what (if anything) remains to be decided in the case.  Accordingly, Defendant Lycos anticipated that Plaintiffs would determine whether they would elect to proceed against the "Doe" defendants, or whether they would dismiss those claims to facilitate entry of a final judgment and then appeal this Court's Order of dismissal.

Rather than adhering to the Court's specific and unambiguous directions, the Plaintiffs instead filed a motion seeking leave to file *yet another complaint* against Defendants Lycos and Terra.  Although labeled a proposed "Second" Amended Complaint, the proposed Complaint attached to the motion for leave in fact represents the Plaintiffs' fifth attempt[2] to assert the same (invalid) claims against Lycos.  Most remarkably, the proposed Second Amended Complaint is no different from the First Amended Complaint.  Instead, it simply reasserts the very same four claims which this Court ruled Lycos immune from and dismissed.

---

[2] This does not include at least seven other actions Plaintiffs have filed relating to the *Raging Bull* website including Zwebner v. Coughlin, No. 05-20168-CIV-COOKE (S.D. Fla.)(dismissed for lack of jurisdiction on April 29, 2005); Universal Communications Systems, Inc. v. Dembovich, No.: 04-27383-CA-01 (11th Jud. Cir. Fla.)(stayed August 5, 2005, pending a ruling from this Court); Zwebner v. John Does - Alias "Tobias", Case No. 03-22328-CIV-MORENO (S.D. Fla..); Talk Visual Corp. v. Roberto Gonzalez Villasenor, Jr., No. 000901274 (3d Dist. Ct. Utah); Zwebner v. Villasenor, No. 00-02239 (Mass. Super. Ct.); Zwebner v. John Does Anonymous Found. Inc., No. 00-CV-01322 (D. Or.); Zwebner v. Dumont, No. 98-00682 (D.N.H.).

2

The Plaintiffs' chicanery must be stopped. For the past two years, the Plaintiffs' have pressed their meritless claims against Lycos before state and federal courts in Florida and Massachusetts. At each and every turn, Lycos has prevailed. On October 11, 2005, this Court fully and finally resolved the dispositive issue underlying all of Plaintiffs' suits — holding, correctly, that Lycos is immune the Plaintiffs' claims under Section 230. If Plaintiffs disagree with that ruling, they should appeal to the First Circuit Court of Appeals.

### I. Background

#### A. The History of the Litigation.

As explained in our prior filings, this case has its origins in Florida, where Plaintiffs initiated their claims against Lycos in July 2004 when they filed a complaint in the United States District Court for the Southern District of Florida. See Universal Communications Systems, Inc. v. Lycos, Inc., No. 05-21618-CIV-MARTINEZ/Klein (S.D. Fla.). Plaintiffs then amended that complaint (the "Martinez Complaint"). In response to those claims, all based upon third-parties statements made on Lycos' *Raging Bull* website, Lycos filed a Motion to Dismiss under Rule 12(b)(6) as well as a Motion to Transfer Venue to the District of Massachusetts. On January 19, 2005, a stay of discovery was issued in that case.

That same day, the Plaintiffs filed a second action against Lycos in the Southern District of Florida. See Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20149-CIV- MORENO/Garber (S.D. Fla.). Because this second action was based on allegations virtually identical to the Martinez Complaint, Lycos filed another Motion to Dismiss as well as another Motion to Transfer Venue to Massachusetts.

On February 28, 2005, Judge Martinez of the Southern District of Florida granted Lycos' first Motion to Transfer Venue and issued an order transferring the case to this Court. On May

3

24, 2005, Judge Moreno of the Southern District of Florida issued a similar order transferring that second case this Court.

On July 26, 2005, this Court formally consolidated the two cases. The Court denied all pending motions and ordered the Defendants to re-file any Motions to Dismiss for hearing on September 28, 2005. Plaintiffs thereafter voluntarily dismissed the Martinez Complaint. See Notice of Voluntary Dismissal by Universal Communications Systems, Inc. of August 23, 2005.

In a related action, in January 2004, apparently frustrated by the federal courts' refusals to allow Plaintiffs to obtain discovery from Lycos, Plaintiffs sent a letter to Cable Network News, Inc. (CNN) asking it to exert political and business pressures on Lycos so that Lycos would deny access to its *Raging Bull* website to certain individuals. The next day, the Plaintiffs filed an action against Turner Broadcasting Systems, CNN, and Wolf Blitzer based on statements published on the *Raging Bull* website. See Universal Communications Systems, Inc. v. Turner Broadcasting System, Inc., No. 05-20047-CIV- JORDAN/Brown (S.D. Fla.). Plaintiffs bizarrely alleged that the defendant media outlets defamed Plaintiffs by failing to enforce their own trademark rights against an anonymous internet user who employed the moniker "wolfblitzzer0" when posting messages on the *Raging Bull* website.

Not surprisingly, Plaintiffs used their action against CNN to issue subpoenas to obtain discovery from Lycos. The Court dismissed the case as frivolous, and issued Rule 11 sanctions against Plaintiffs and their attorney (the same counsel as in this action), concluding that Plaintiffs' suit was simply an attempt to end-run other courts' denials of discovery requests against Lycos. See Universal v. Turner Broadcasting, (Order of August 29, 2005)("[P]laintiffs filed their complaint in federal court for the sole underlying purpose of exerting political and business pressures upon a defendant in another lawsuit, and to obtain discovery it had been denied in other cases.")(internal quotations omitted).

4

In a further effort to avoid the court-ordered discovery stays, on March 31, 2005, Plaintiffs filed two new actions against Lycos – "Petitions for Pure Bill of Discovery". See Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20916-CIV-Cooke/Brown and Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20197-CIV-Lenard/Klein. Those petitions were dismissed sua sponte by their respective courts for lack of jurisdiction. See Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20916-CIV-Cooke/Brown (Order dated April 12, 2005) and Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20197-CIV-Lenard/Klein (Order dated April 28, 2005). Plaintiffs appealed both decisions to the Eleventh Circuit Court of Appeals. Both appeals were dismissed.[3]

B.  The Motion to Dismiss.

In Lycos' successful Motion to Dismiss this case, Lycos argued that Plaintiffs' consolidated Complaints failed to state claims for which relief could be granted because all causes of action therein were barred under Section 230. Lycos argued in the alternative that Plaintiffs were bound by a Subscriber Agreement which released Lycos from all liability, and argued further that several of Plaintiffs' claims did not allow for private causes of action and several were brought under Florida law despite the fact that, per the Subscriber Agreement, Massachusetts law governed claims arising under the Subscriber Agreement.

In response, Plaintiffs' Opposition ignored extensive case law directly on point and instead contended that Lycos' structure somehow made it liable for "culpable assistance" and thus Section 230 did not immunize Lycos. Plaintiffs relied almost exclusively upon Doe v. GTE Corp., 347 F.3d 655, 659 (7th Cir. 2003) and contended that the GTE Corp. decision allowed

---

[3]The appeal of Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20916-CIV-Cooke/Brown renumbered 05-12644-EE (11th Cir. 2005), was dismissed sua sponte for failure to prosecute. The appeal of Universal Communications Systems, Inc. v. Lycos, Inc., Case No. 05-20197-CIV-Lenard/Klein, renumbered 05-12643-EE (11th Cir. 2005) was also dismissed.

claims against Lycos based upon Lycos' supposed "subscription practices" and Lycos' supposed "promotion" of the UCSY message board.  See, e.g., Opposition at 6.

Lycos' Reply pointed out that in GTE Corp., the court's reference to "culpable assistance" concerned a claim for relief for wrongful wiretapping under the Electronic Communication Privacy Act (the "ECPA"), *not* the Communication Decency Act, see 347 F.3d at 658-59, and the court found that the defendant's transmittal of a third parties' pictures *was not* 'culpable assistance' under either an ordinary understanding of that term *or* under the ECPA.  Id. at 659.  Thus, the GTE Corp. discussion of "culpable assistance" was entirely irrelevant.  The Reply also emphasized that in other Circuit decisions, defendants who played some role in the development of content (unlike Lycos, which plays no role whatsoever) were *still* afforded the immunity of Section 230.  See Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1124 (9th Cir. 2003)("so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process"); Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000) (posting of allegedly incorrect information relating to plaintiff's stock price and share volume did not make internet message board operator liable as an information content provider).

II.   **The Motion for Leave To Amend Should Be Denied Because Section 230 Immunizes Lycos From The Proposed Claims, and Those Claims Are Thus Futile.**

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  This permissive standard is tempered by limits dictated by common-sense, i.e., leave to amend should *not* be granted where amendment would be futile.  See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").  Where there is a

6

repeated failure to cure deficiencies by amendments previously allowed, the Court may also deny the leave sought.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (describing circumstances where leave to amend is not appropriate); Neitzke v. Williams, 490 U.S. 319, 327 (1989) (providing "claims against which it is clear that the defendants are immune from suit" as an example of claims which may be dismissed as "based on an indisputably meritless legal theory."); Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995) ("A court has the discretion to deny [leave to amend] if it believes that, as a matter of law, amendment would be futile.").

    A.    <u>Lycos Is Immune from the Proposed Claims in the Second Amended Complaint.</u>

As this Court correctly ruled on October 11, 2005, the Plaintiffs' claims against Lycos are absolutely barred by Section 230 of the Communications Decency Act.  Section 230 states, in relevant part, that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  See 47 U.S.C. § 230(c)(1).  Section 230 further defines an "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

In Zeran v. America Online, Inc., 129 F.3d 327, 330-331 (4th Cir. 1997), the leading case discussing the contours of immunity provided under Section 230, the Fourth Circuit found that Congress enacted Section 230 to "preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation.'" id. at 330 (quoting 47 U.S.C. § 230(b)(2)) (emphasis in original), and to not impose tort liability on companies acting as intermediaries for other parties' messages.  See id. at 330-

7

31. The Zeran Court held that defendant AOL was immune from liability for content provided by third parties to its on-line message boards. Id. All other Federal Court of Appeals that have considered the issue followed Zeran's reasoning. See, e.g., Carafano v. Metrosplash.com, Inc., 339 F.3d 1119 (9th Cir. 2003); Green v. America Online, 318 F.3d 465, 470-71 (3d Cir. 2003); Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000).

Like the already-dismissed First Amended Complaint, the proposed Second Amended Complaint fails to allege that any of the complained-of content was created by Lycos. Nor could Plaintiffs ever make such an allegation in good faith. Indeed, Plaintiffs concede in their proposed Second Amended Complaint that the content was, in fact, provided by third-party posters. See proposed Second Amended Complaint at ¶¶ 43, 53, 62-67. As this Court has already ruled, the Section 230 analysis stops right there. Because Lycos did not provide the complained-of content, Lycos is immune from suit. See Order of October 11, 2005.[4] Plaintiffs' new contention — that even though Lycos did not create or provide the content, it is nevertheless "responsible for the content" (proposed Second Amended Complaint at ¶ 42) – has already been rejected by this Court and by every other federal court that has ruled on Section 230 immunity. See proposed Second Amended Complaint, Count II at ¶¶ 42-43 (alleging that Lycos is "responsible for the content of the information appearing on the [sic] of the UCSY message board,"); id. Count III (alleging that Lycos "adopted certain business practices [that] . . . contribute to the development of the content . . . appearing on the UCSY message board."); id. Count IV at ¶¶ 63-67 (alleging that Lycos' "construct and operation" somehow "contributes to the development of the content"); Count V, ¶71 (alleging that Lycos is somehow "acting in concert" with its subscribers).

---

4 Lycos has previously fully briefed this Court as to its immunity under Section 230 in Lycos' Motion to Dismiss the Complaints, Reply, and at oral argument before this Court on October 11, 2005. Lycos incorporates those arguments into this Opposition by reference.

As this Court has already ruled, none of these allegations, even if true, would constitute the provision of information content sufficient to defeat Section 230 immunity. See, e.g., Noah v. AOL Time Warner, Inc., 261 F. Supp. 2d 532, 537-40 (E.D. Va. 2003), aff'd 2004 WL 602711 (4th Cir. 2004)(dismissing claims that AOL failed to prevent online chat room participants from making harassing and defamatory comments); Green v. America Online, Inc., 318 F.3d 465, 471 (3d Cir. 2003) (Internet service provider immune from liability for "decisions relating to the monitoring, screening, and deletion of content"); Carafano, 339 F.3d at 1124; Blumenthal v. Drudge and America Online, Inc., 992 F. Supp. 44, 46 (D.D.C. 1998)(dismissing claims against AOL based upon others' false and defamatory statements sent over the AOL network).

Plaintiffs' argument that Lycos may be deemed an "information content provider" through its operation of the website is squarely contradicted by the Ninth Circuit's decision in Carafano v. Metrosplash.com, 339 F.3d 1119, 1124 (9th Cir. 2003) — a case that was cited and discussed in the briefings and at the October 11, 2005 oral argument on the Motion to Dismiss. In that case, the Ninth Circuit held that Lycos was not an "information content provider" and was therefore immune from suit where its website had provided an on-line questionnaire which had been completed by a third party who used it to harass the plaintiff. See id. (explaining that although the questionnaire "facilitated the expression of information by individual users" the defendant could not be considered an information content provider under Section 230 because "no profile has any content until a user actively creates it"). Here, in contrast, there is no Lycos-developed questionnaire or any other mechanism by which Lycos might have become involved in the creation of content by the third-party message board posters. The best the Plaintiff can allege is a vague, conclusory assertion that the "construct" of Lycos' web pages somehow facilitates the offensive postings. See, e.g., proposed Second Amended Complaint ¶ 42. Under

9

Carafano, then, Lycos cannot possibly be deemed an information content provider. See Carafano, 339 F.3d at 1124 ("so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process"); Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000) (posting of incorrect information relating to plaintiff's stock price and share volume did not make internet message board operator liable as an information content provider).

### III. The Proposed Amended Complaint Is Futile Because Plaintiffs Have Availed Themselves Of Repeated Opportunities To Amend Several Complaints Alleging The Same Claims, And Have Repeatedly Been Unable To Cure Deficiencies.

If the Motion for Leave to Amend were Plaintiffs' second request that they be allowed to assert amended claims, such a request should nevertheless be denied because the proposed amendments are futile for the aforementioned reasons. Given, however, that this is at least the fifth "bite of the apple" for Plaintiffs, the futility of amendment is excruciatingly apparent. Cf. Hester v. Int'l Union of Operating Engr's, 941 F.2d 1574, 1578-79 (11th Cir. 1991) (denying leave to amend because, *inter alia*, plaintiff failed to cure deficiencies and simply reworded and renumbered dismissed claims).

Conclusion

For the foregoing reasons, Lycos respectfully requests that this Court issue an order:

1) Denying Plaintiffs' Motion for Leave to Amend Complaint; and

2) Granting any other relief this Court deems just and mete.

                                    Respectfully submitted,

                                    /s/ Rachel Zoob-Hill
                                    David A. Bunis     (BBO #550570)
                                    Daniel J. Cloherty  (BBO #565772)
                                    Rachel Zoob-Hill   (BBO #659041)
                                    Dwyer & Collora, LLP
                                    600 Atlantic Avenue
                                    Boston, MA  02210
                                    (617) 371-1000

                                    *Attorneys for Defendant Lycos, Inc.*

Dated: November 14, 2005