UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
                                            )
UNIVERSAL COMMUNICATION SYSTEMS,            )
INC., MICHAEL J. ZWEBNER, and others        )
similarly situated,                         )
        Plaintiffs                          )
                                            )    CIVIL ACTION
        v.                                  )    NO. 05-11172-REK
                                            )
LYCOS INC. d/b/a THE LYCOS                  )
NETWORK, TERRA NETWORKS, S.A.,              )
JOHN DOE #1 a/k/a "the_worm06,"             )
JOHN DOE #2 a/k/a "no_insiders,"            )
JOHN DOE #3 a/k/a "the_worm_06A,"           )
JOHN DOE #4 a/k/a "65175R,"                 )
JOHN DOE #5 a/k/a "Henry_Johnson123,"       )
JOHN DOE #6 a/k/a "quondo1,"                )
JOHN DOE #7 a/k/a "Tobias95," and           )
JOHN DOE #8 a/k/a "CrawleySmith,"           )
        Defendants                          )
                                            )
_____ )

**Memorandum and Order**
December 21, 2005

**I.  Pending Matters**

Pending for decision are matters related to the following filing:

(1) Plaintiffs' Motion Under Rule 15 for Leave to File Amended Complaint

(Docket No. 81, filed October 18, 2005).

**II. Factual and Procedural Background**

Plaintiff Michael J. Zwebner is the chief executive officer and chairman of the

board of plaintiff Universal Communications Systems, Inc. ("UCSY"), which is incorporated in Nevada and has corporate offices in Florida. Plaintiffs brought suit on behalf of themselves and a class of similarly situated persons for claims arising out of allegedly defamatory messages posted on the Raging Bull Internet message board dedicated to messages related to UCSY. Plaintiffs allege that defendants Lycos, Inc., doing business as The Lycos Network ("Lycos"), and Terra Networks, S.A. ("Terra"), play some role in operating this message board. Plaintiffs also allege that the eight John Doe defendants are individual subscribers to The Lycos Network who posted defamatory messages on the message board.

Plaintiffs brought four counts against these multiple defendants. Count I alleged fraudulent securities transactions under Fla. Stat. § 517.301. Count II alleged cyberstalking under 47 U.S.C. § 223. Count III alleged dilution of trade name under Fla. Stat. § 495.151 et seq. Count IV alleged cyberstalking under Fla. Stat. § 784.048 et seq. Plaintiffs sought damages of $100 million each for Counts I, II, and III, as well as an injunction requiring defendants to delete the message board and any previous postings on the message board. Plaintiffs also sought an injunction prohibiting defendants from creating and maintaining any similar message board.

In another action arising out of the allegedly defamatory message board postings, the same plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc., doing business as The Lycos Network, for consumer fraud under Massachusetts law, cyberstalking under federal law, and trade dilution in violation of Florida law. This latter action was transferred to the District of Massachusetts because the Lycos Subscriber Agreement stated that Massachusetts was the exclusive venue for resolution of disputes. The instant case was then transferred from the District of Southern Florida on June 1, 2005. On July 26, 2005, I ordered the consolidation of the two

cases and designated the instant case as the lead case. On August 23, 2005, plaintiffs filed a notice of voluntary dismissal without prejudice for the trailing case, leaving only this case before the court.

On August 9, 2005, Lycos filed a motion to dismiss. Defendant Terra filed its motion to dismiss on August 16, 2005. I heard arguments on these motions on October 11, 2006, and I granted both motions to dismiss, thereby dismissing plaintiffs' case against Lycos and Terra and leaving only the eight John Does as defendants. On October 18, 2005, plaintiffs then filed their motion for leave to file an amended complaint. Lycos filed its opposition to this motion on November 14, 2005, and plaintiffs filed a reply memorandum in support of their motion on November 18, 2005.

### III. Analysis

Plaintiffs move this court for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 permits a party to amend its pleadings once as a matter of course any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. Justice does not require that leave be granted when an amendment would be futile or would serve no legitimate purpose. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990).

Plaintiffs' proposed second amended complaint is brought on behalf of the same plaintiffs and against the same defendants as their earlier amended complaint. Plaintiffs bring five counts. Count I alleges fraudulent securities transactions under Fla. Stat. § 517.301; this count is

3

brought against the eight John Doe defendants, whom plaintiffs believe to be Roberto Villasenor, Jr., individuals acting in concert with Villasenor, or both. Count II (fraudulent securities transactions under Fla. Stat. § 517.301), Count III (cyberstalking under 47 U.S.C. § 223), Count IV (dilution of trade name under Fla. Stat. § 495.151 et seq.) and Count V (cyberstalking under Fla. Stat. § 784.046 et seq.) are all brought against Lycos and Terra.

**A. Counts II through V**

Counts II, III, IV, and V are effectively the same counts that I dismissed against Lycos and Terra on October 11, 2005. Although plaintiffs have alleged different facts and have changed the statute in the final count from Fla. Stat. § 784.08 to Fla. Stat. § 748.06, neither of these amendments is sufficient to make these counts survive a motion to dismiss. I ruled at the hearing on Lycos's and Terra's motions to dismiss that all four counts brought against these defendants were barred under Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), and I will not allow plaintiffs to amend their complaint to raise counts that I have already determined to be preempted.

The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The courts of appeal that have addressed the CDA have found that "§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service," and that "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone, or alter content - are barred." Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997) (affirming the

dismissal of a negligence action brought against America Online for delaying in removing defamatory messages posted by an unidentified third party, refusing to post retractions, and failing to screen for similar messages). See also Carafano v. Metrosplash.com, 339 F.3d 1119, 1125 (9th Cir. 2003) (holding an Internet dating service provider to be immune from suit for a third party's submission of a false profile of plaintiff); Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000) (holding that § 203 immunized America Online from civil liability for the posting of allegedly false information about plaintiff's stock price and share volume).  Although the First Circuit has not yet addressed this issue, the other circuits are uniform in their interpretation that the CDA creates federal immunity.

The two questions to determine whether plaintiffs' counts would be barred by the CDA are thus (i) whether Lycos and Terra should be considered providers of an "interactive computer service" under the CDA and, if so, (ii) whether any of plaintiffs' four claims survive the immunity provided by the CDA.

An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  An "interactive computer service," in contrast, is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services operated by libraries or education institutions."  47 U.S.C. § 230(f)(2).  Providers of interactive computer services are immune under the CDA.  47 U.S.C. § 230(c)(1).  Information content providers are not.  Id.

Plaintiffs argue that Lycos and Terra are effectively not providers of an immune interactive computer service because their linkage of the UCSY message board to other hosted sites on the Lycos network constitutes "culpable assistance." In their opposition to defendants' motions to dismiss, plaintiffs cited Doe v. GTE Corp., 347 F.3d 655 (7th Cir.), for their contention that "culpable assistance" creates liability under 47 U.S.C. § 230. Plaintiffs were, however, severely mistaken in their dependence on GTE. In GTE, the Seventh Circuit found that "GTE's activity d[id] not satisfy the ordinary understanding of culpable assistance to a wrongdoer, which requires a desire to promote the wrongful venture's success." Id. at 659. Thus, the court ultimately held that GTE, the Internet service provider in the case, was not liable for its customer's use of its service. Id. at 662. Plaintiffs' argument based on culpable assistance is thus without merit in this case, even if plaintiffs amend their complaint, and the question returns to whether Lycos and Terra fall under the definition of provider of an interactive computer service.

Lycos and Terra are providers of an interactive computer service as defined by the CDA, and plaintiffs are thus barred from bringing any of these four claims against them. Not only did the Ninth Circuit expressly find Lycos to be a provider of an "interactive computer service" in an earlier case in which Lycos was a defendant, see Carafano, 339 F.3d at 1123-24, but the services provided by Lycos and Terra in this case are similar to those found to fall within this definition, see, e.g., id. at 1125; Ben Ezra, 206 F.3d at 986. According to plaintiffs, these defendants operate a network that includes the Raging Bull site, where the USCY message board is based, and other financial sites, such as Quote.com. Even if plaintiffs' allegation that these sites are linked to one another were found to be true, that would not be sufficient to make Lycos and

Terra "information content providers" for purposes of the CDA. See, e.g., Carafano, 339 F.3d at 1123 (referring to courts "adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider'"). Since plaintiffs do not contend that Lycos and Terra produced the content at issue, Lycos and Terra are providers of an "interactive computer service" for the purposes of the CDA and are thus not liable for information originating from any third-party source. See id. (referring to the "consensus developing across other courts of appeals that § 230(c) provides broad immunity for publishing content provided primarily by third parties").

This finding leads me to the second inquiry: are all of plaintiffs' proposed four counts against Lycos and Terra barred by the immunity provided by the CDA, or do any of the four survive? After analyzing each of the four counts in turn, I hold - as I held on October 11, 2005 - that none of plaintiffs' proposed counts survives CDA immunity.

Plaintiffs' first count against Terra and Lycos alleges fraudulent securities transactions under Fla. Stat. § 517.301. The CDA provides, "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). As shown by the analysis above, a state law that would hold an interactive computer service liable for content that it did not provide is directly inconsistent with the CDA. This Florida statute is thus preempted for the purposes of this case, and Lycos and Terra would be shielded from the proposed Count II by the immunity provided by the CDA.

Plaintiffs' second count against these defendants alleges cyberstalking under

7

Section 223 of Title 47 of the United States Code.  Plaintiffs are correct that the CDA provides that "[n]othing in this section shall be construed to impair the enforcement of section 223 or 231 of this title...or any other Federal criminal statute."  47 U.S.C. § 230(e)(1).  Section 223 does not, however, provide a private right of action, see 47 U.S.C. § 223 (providing for fine or imprisonment), so plaintiffs do not have a claim under this statute.  Count III would thus be dismissed for failure to state a claim, and it also would clearly not be saved from preemption by Section 230.

Plaintiffs' third count against Lycos and Terra alleges a claim for dilution of trade name under the Florida Anti-Dilution Statute, Fla. Stat. § 495.151 et seq.  The CDA expressly exempts intellectual property claims from its general grant of immunity.  See 47 U.S.C. § 230(e)(2) (stating that "[n]othing in this section shall be construed to limit or expand any law pertaining to intellectual property").  In interpreting another anti-dilution statute, however, the First Circuit has limited the legitimate scope of such statutes to "prohibit[ing] the unauthorized use of another's trademark in order to market incompatible products or services."  L.L. Bean, Inc. v. Drake Publishers, Inc., 811 F.2d 26, 33 (1st Cir. 1987) (refusing to apply Maine's anti-dilution statute to defendant magazine's noncommercial parody of plaintiff's trademark).  See also Restatement (Third) of Unfair Competition § 25(2), comment i (stating that "if prospective purchasers interpret the actor's use of the mark....merely as a reference to or a comment on the goods, services, business, or mark of the trademark owner, the antidilution statutes should not be applicable").  Here, plaintiffs do not allege that Lycos and Terra used the "UCSY" trademark to market incompatible products or services.  Instead, by using an antidilution statute to challenge the use of the "UCSY" mark on the Raging Bull message board, they effectively bring a

defamation claim in the guise of an antidilution claim. Lycos and Terra would therefore be shielded from Count IV by CDA immunity.

Although plaintiffs' final count initially alleged cyberstalking under Florida Statute Section 784.048 et seq., plaintiffs made clear before the hearing on October 11, 2005, that they had made a typographical error and that this count was brought pursuant to Fla. Stat. § 784.046. I held on October 11, 2005, that regardless of which statute this final count invoked, it would be barred by the CDA. As with the proposed Count II, a state law that would hold an interactive computer service liable for content that it did not provide is directly inconsistent with the CDA. This Florida statute is thus preempted for the purposes of this case, and Lycos and Terra would be immunized from liability pursuant to Count V.

None of the four counts that plaintiffs request leave to bring against Lycos and Terra would survive a motion to dismiss, and I therefore deny their request for leave to amend their complaint to include the proposed Counts II, III, IV, or V.

**B. Count I**

Count I is the only count brought against the eight John Doe defendants, and it is brought pursuant to a Florida statute prohibiting fraudulent securities transactions. Plaintiffs state that they have new information that suggests that these eight defendants are either Roberto Villasenor, Jr., individuals acting in concert with Villasenor, or both.

Villasenor is allegedly a citizen of California. Zwebner is a citizen of both Israel and the United Kingdom, with a principal residence in Israel, and UCSY is a Nevada corporation with its corporate offices in Florida. It thus appears extremely likely that, if plaintiffs choose to maintain a single-count charge against these eight defendants, this case will be dismissed for lack

9

of personal jurisdiction or incorrect venue. Since the actual identity of the eight defendants is still unknown, however, I am not able to make that ruling on the papers before me. I thus allow plaintiffs' motion to amend their complaint to include the proposed Count I. If plaintiffs choose to go forward with this case, I order that they file with the Clerk a new copy of their amended complaint naming only the eight John Does as defendants and raising only Count I.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion Under Rule 15 for Leave to File Amended Complaint (Docket No. 81) is ALLOWED in part and DENIED in part.

/s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge
