**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

(Boston Division)

FILED
CLERKS OFFICE

2005 DEC 27  P 12: 36

U. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNIVERSAL COMMUNICATION ) | |
| SYSTEMS, INC. (A Nevada Corporation), ) | |
| MICHAEL J. ZWEBNER (individually) & ) | |
| Others Similarly Situated ) | |
| Plaintiffs ) | CIVIL ACTION |
| ) | CASE NO. 05-11172-REK |
| vs. ) | |
| ) | |
| LYCOS INC. *dba* THE LYCOS ) | |
| NETWORK, et al. ) | |
| Defendants ) | |

PLAINTIFFS' MOTION FOR CLARIFICATION (RULE 59) OR, ALTERNATIVELY,
MODIFICATION (RULE 60) OF ORDER [DE 88] DENYING THE PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THEIR COMPLAINT AGAINTS LYCOS, INC. & TERRA
NETWORKS, S.A. [DE 81]

The Plaintiffs, Universal Communication Systems, Inc, (herein also "UCSY") and

Michael J. Zwebner, (herein also "ZWEBNER"), by an through their undersigned counsel,

herein request Clarification (Rule 59), Or Alternatively, Modification (Rule 60), Of The Order

[DE 88] Denying The Plaintiffs' Motion For Leave To Amend Their Complaint Against Lycos,

Inc. & Terra Networks, S.A. (herein collectively TERRA LYCOS).

A.    <u>Compliance With Local Rule 7.1</u> – Preliminary to the filing of the instant Motion,

on December 22, 2005, the undersigned contacted counsel for the Defendant, Terra Networks,

S.A., James J. Reardon, Esq., to advise him of the Plaintiffs intent to file the above captioned

Motion For Clarification Alternatively For Modification Of Order dated December 21, 2005.

Mr. Reardon indicated that his client would opposed the Plaintiffs' Motion.

Preliminary to the filing of the instant Motion, on December 22, 2005, the undersigned contacted counsel for the Defendant, Lycos, Inc., Rachael Zoob-Hill, Esq., to advise her of the Plaintiffs' intent to file the above captioned Motion For Clarification Alternatively For Modification Of Order dated December 21, 2005.    Ms. Zoob-Hill, indicated that her client would opposed the Plaintiffs' Motion.

B.    <u>Proposed Amended Complaint</u> - The proposed Amended Complaint against TERRA LYCOS, for which leave to file had been requested, and denied, specifically alleged that the TERRA LYCOS are

liable to Plaintiffs as "content providers", based upon

(a)    the <u>construct and operation</u> of the LYCOS NETWORK "contributed in a material way to the content of the information" appearing on the "UCSY" message board of the RAGING BULL web site hosted by TERRA LYCOS.    The allegations of the proposed Amended Complaint supporting this legal theory of action are contained in Paragraphs 38-43 of the proposed Amended Complaint; and, alternatively,

liable to Plaintiffs for encouraging/inducing subscriber misconduct, based upon

(b)    the <u>business practices</u> of the LYCOS NETWORK, specifically, conduct separate and apart from administration of the posting of messages on the web site, involving provision of legal support, legal services and intervention in legal proceedings against its subscribers, to frustrate enforcement of injunction entered against such subscribers in State Court (Florida).    The allegations of the proposed

2

Amended Complaint supporting this legal theory of action are contained in Paragraphs 43 of the proposed Amended Complaint

C.    Scope Of Activities Encompassed By Federal Immunity - The Court's Memorandum & Order is both confusing, and otherwise deficient in its treatment/analysis of each of the foregoing legal theories; and, is otherwise dismissive of the allegations, which are unique to this proposed Amended Complaint, and supportive of the above legal theories: notably, Paragraphs 38 to 43, inclusive.    These allegations, such as Paragraphs 42 & 43, assert that TERRA LYCOS has engaged in conduct, outside of the traditional functions of a publisher, specifically, which does not involve "…deciding whether to publish, withdraw, postpone, or alter content…", *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)

In its Memorandum & Order, the District Court appears to extend immunity to an internet service provider, without regard to its activities or conduct[1], [DE 88 @ 5].   It is undisputed that no immunity is accorded to an interactive computer service, which participates in the creation, or in the development[2], of information in postings appearing on its service, (emphasis added). *Ben Ezra Weinstein & Company, Inc. v. America Online (AOL), Inc.*, 206 F.3d 980, 985 FN4 (10th Cir. 2000).    Accordingly, as threshold matter, the District Court analysis of the proposed

---

[1]    This interpretation is reinforced by the District Court's further comments that the controlling, if not exclusive factor, in finding immunity is whether TERRA LYCOS fall within the "definition" of an "internet service provider", [DE 88 @ 6].    Thus, the District Court, once having satisfied itself that the definitional requirements of the immunity statute had been met, simply tailored his analysis and findings to conform to his predisposition for immunity.   Accordingly, its findings and conclusions are indeed suspect.

[2]    The term "development", within the context of this case, is understood to mean engaging in purposeful activities or conduct which enhances the credibility of the content thereof, or otherwise attribution of the content thereof to sources which enhance the credibility of the content thereof.

3

Amended Complaint requires that it make specific findings[3] relative to the conduct which the Plaintiffs assert contributes in a material way to the development of the content of information on message boards hosted by TERRA LYCOS.

The primary, if not the central theme, of the allegations of the proposed Amended Complaint is that "construct and operation" of the LYCOS NETWORK is geared to the generation of user traffic on such NETWORK.   To accomplish this end, TERRA LYCOS permits and encourages the posting of messages by a single individual, under multiple aliases, Proposed Amended Complaint, Paragraph 43(a).   This feature or capability of the NETWORK necessarily enhances the credibility of such information because the same information appears to originate from multiple and independent sources.   The proposed Amended Complaint, thus, alleges that TERRA LYCOS facilitation of multiple posting of the same information, by a single individual, under multiple aliases, contribute to the development of content of the information on the internet.

The Court has acknowledge in its Memorandum & Order, that the "content providers" are not immune from liability for postings appearing on the internet, [DE 88 @ 5]   It is undisputed that such Federal statutory immunity can be forfeited by an internet service provider under certain circumstances, *Ben Ezra Weinstein & Company, Inc. v. America Online (AOL), Inc.* @ 985   The proposed Amended Complaint asserts that, under the circumstances of this case, the conduct of TERRA LYCOS is liable to Plaintiffs as "content providers"[4]; or, alternatively are liable to Plaintiffs for encouraging/inducing subscriber misconduct against the Plaintiffs.   The

---

[3]   The only specific finding appearing in the Memorandum & Order relates to the Court's discussion of the linkage by TERRA LYCOS of the offending UCSY message board to the QUOTE.COM web site, [DE 88 @ 6]

[4]   The proposed Amended Complaint is explicit that TERRA LYCOS "contributes to the development and promotion the false and misleading information appearing upon UCSY message board by engaging in the specific activities set forth in Paragraph 43 of the proposed Amended Complaint.   Thus, the District Court' reading of the proposed Amended Complaint is diametrically opposite to the language of the proposed Amended Complaint.

4

District Court reading of the proposed Amended Complaint, as set forth in its Memorandum & Order, is, thus, clearly erroneous, [DE 88 @ 7 – specifically, the erroneous finding that the "...Plaintiffs do not contend that Lycos and Terra produced the content at issue.."]   Because the District Court has obviously misread the proposed Amended Complaint, its denial of the Plaintiffs Motion For Leave To File Amended Complaint against TERRA LYCOS, must be vacated, and/or modified.

D.    "Culpable Assistance" As A Basis For Liability – The District Court Memorandum & Order, was apparently written without regard to due consideration of the Plaintiffs' Reply [DE 87] to the Defendants' Oppositions.   Where an internet service provider's activities, as set forth in Paragraphs 42 & 43, encourage, or induce, TERRA LYCOS subscribers to continue to violate the Plaintiffs' rights, including the contumacious disregard of an injunction entered by a Court to protect such rights, TERRA LYCOS is liable to Plaintiffs, notwithstanding the availability of statutory immunity, See *Metro-Goldwyn-Mayer (MGM) Studios, Inc. v. Grokster*, 125 S.Ct. 2764 (2005) - discussion of inducer liability, within the context of copyright infringement.   Plaintiffs herein incorporate their *Reply* as if rewritten herein.

E.    Choice Of Law To Be Applied In Diversity Case – This District Court has concluded that the law of the 1st Circuit precludes enforcement of the Florida Anti-Dilution Statute (F.S. 495.151) against TERRA LYCOS because the usage of the "UCSY" mark by TERRA LYCOS does not involve "...market(ing) of incompatible products or services", citing *L.L. Bean, Inc. v. Drake Publishers, Inc.*, 811 F.2d 26, 33 (1st Cir. 1987).  As is evident from the literal wording of the Florida Anti-Dilution statute, unauthorized use of another's mark is

5

actionable <u>in the absence of competition between the parties</u>.   Quite simply, the application of

the Florida Anti-Dilution statute is intended to apply to situations where the trademark is used on

a product so dissimilar from the original (trademarked) product, that there is no possibility of

confusion of the products, *Monsanto Company v. Campuzano*, 206 F.Supp. 1270, (D.C.S.D. Fla

2002).   The purpose of the Florida statute is, thus, to prevent potential loss of uniqueness of the

prior user's mark, *Id.*@1271 See also *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr*,

S.A., 267 F.Supp. 1268, 1333 (D.C.S.D. Fla. 2003)

   This District Court's jurisdiction over the parties, is based upon diversity of citizenship

(29 USC 1132).   This Court is, thus, compelled to apply the substantive law of the Circuit in

which this claim arose - Florida.   On what basis does this Court justify departing from the

constitutional constraints on its choice of controlling law?   Clarification is respectfully

requested.


   E. <u>Personal Jurisdiction Over John Doe Defendants</u> – This Court's gratuitous

comments relative to the continued prosecution of the Plaintiffs' claims against the John Doe

Defendants in this District Court are indeed unfortunate, [DE 88 @ 9-10].   This Court has

personal jurisdiction over the John Doe Defendants, as a result of their posting of messages upon

a server located within the Commonwealth Of Massachusetts.   As regards the subject matter

jurisdiction of the Court, the John Doe's citizenship is diverse relative to the Plaintiffs.   Insofar

as TERRA LYCOS is indispensable to the adjudication of the Plaintiffs' claims against the John

Does, venue is proper within the District Court located in Boston, Massachusetts.


Summary & Conclusion

6

The District Court's Memorandum & Order denying Plaintiffs' motion for leave to amend their claims against TERRA LYCOS, is both incomplete as to its findings and/or contains findings that are inconsistent with the explicit language of the proposed Amended Complaint, and thus clearly erroneous.    Accordingly, it is respectfully requested that the Court modify/supplement it prior decision to specifically address the allegations set forth in Paragraphs 42 & 43, which seek to hold TERRA LYCOS liable to the Plaintiffs, based upon the construct and operation of the site, as "content providers"; and, alternatively, for encouraging/inducing the continued violations of the Plaintiffs rights, as enjoined in State Court in Florida.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL 33130
Phone  (305) 424-1112
Fax     (305) 424-1114

7

CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

PLAINTIFFS' MOTION FOR CLARIFICATION (RULE 59) OR, ALTERNATIVELY,
MODIFICATION (RULE 60) OF ORDER [DE 88] DENYING THE PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THEIR COMPLAINT AGAINTS LYCOS, INC. & TERRA
NETWORKS, S.A. [DE 81]

was served upon counsel of record, as per attached Distribution, by First Class Mail,

postage pre-paid, this 23rd day of December, 2005.

Respectfully,

John P. Faro, Esq.
(BBO #159260)

DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA  02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square

8

225 Asylum Street
Hartford, CT  06103
Phone  860, 293-3596
Fax      860, 293-3555


John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

9