UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
                                            )
UNIVERSAL COMMUNICATION SYSTEMS,            )
INC., MICHAEL J. ZWEBNER, and others        )
similarly situated,                         )
        Plaintiffs                          )
                                            )
        v.                                  )
                                            )
LYCOS INC. d/b/a THE LYCOS                  )
NETWORK, TERRA NETWORKS, S.A.,              )   CIVIL ACTION
JOHN DOE #1 a/k/a "the_worm06,"             )   NO. 05-11172-REK
JOHN DOE #2 a/k/a "no_insiders,"            )
JOHN DOE #3 a/k/a "the_worm_06A,"           )
JOHN DOE #4 a/k/a "65175R,"                 )
JOHN DOE #5 a/k/a "Henry_Johnson123,"       )
JOHN DOE #6 a/k/a "quondo1,"                )
JOHN DOE #7 a/k/a "Tobias95," and           )
JOHN DOE #8 a/k/a "CrawleySmith,"           )
        Defendants                          )
                                            )
_____ )

**Memorandum and Order**
February 1, 2006

### I. Pending Matters

Pending for decision are matters related to the following filing:

(1) Plaintiffs' Motion for Clarification (Rule 59) or, Alternatively, Modification (Rule 60) of Order [DE 88] Denying the Plaintiffs' Motion for Leave to Amend their Complaint Against Lycos, Inc. & Terra Networks, S.A. [DE 81] (Docket No. 89, filed December 27, 2005).

## II. Factual and Procedural Background

Plaintiff Michael J. Zwebner is the chief executive officer and chairman of the board of plaintiff Universal Communications Systems, Inc. ("UCSY"), which is incorporated in Nevada and has corporate offices in Florida. Plaintiffs brought suit on behalf of themselves and a class of similarly situated persons for claims arising out of allegedly defamatory messages posted on the Raging Bull Internet message board dedicated to messages related to UCSY. Plaintiffs allege that defendants Lycos, Inc., doing business as The Lycos Network ("Lycos"), and Terra Networks, S.A. ("Terra"), play some role in operating this message board. Plaintiffs also allege that the eight John Doe defendants are individual subscribers to The Lycos Network who posted defamatory messages on the message board.

Plaintiffs brought four counts against these multiple defendants. Count I alleged fraudulent securities transactions under Fla. Stat. § 517.301. Count II alleged cyberstalking under 47 U.S.C. § 223. Count III alleged dilution of trade name under Fla. Stat. § 495.151 et seq. Count IV alleged cyberstalking under Fla. Stat. § 784.048 et seq. Plaintiffs sought damages of $100 million each for Counts I, II, and III, as well as an injunction requiring defendants to delete the message board and any previous postings on the message board. Plaintiffs also sought an injunction prohibiting defendants from creating and maintaining any similar message board.

In another action arising out of the allegedly defamatory message board postings, the same plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc., doing business as The Lycos Network, for consumer fraud under Massachusetts law, cyberstalking under federal law, and trade dilution in violation of Florida law. This latter action was transferred to the District of Massachusetts because the Lycos Subscriber Agreement stated that Massachusetts was the

exclusive venue for resolution of disputes. The instant case was then transferred from the District of Southern Florida on June 1, 2005. On July 26, 2005, I ordered the consolidation of the two cases and designated the instant case as the lead case. On August 23, 2005, plaintiffs filed a notice of voluntary dismissal without prejudice for the trailing case, leaving only this case before the court.

On August 9, 2005, Lycos filed a motion to dismiss. Defendant Terra filed its motion to dismiss on August 16, 2005. I heard arguments on these motions on October 11, 2006, and I granted both motions to dismiss, thereby dismissing plaintiffs' case against Lycos and Terra and leaving only the eight John Does as defendants. On October 18, 2005, plaintiffs then filed their motion for leave to file an amended complaint. Lycos filed its opposition to this motion on November 14, 2005, and, on November 18, 2005, plaintiffs filed a reply memorandum in support of their motion. On December 21, 2005, I allowed plaintiffs' motion for leave to file an amended complaint only to the extent that I allowed plaintiffs to raise Count I against the eight John Doe defendants. On December 27, 2005, plaintiffs filed a motion for clarification or modification of my order denying the remainder of their motion for leave to file an amended complaint.

### III. Analysis

Plaintiffs move this court for clarification under Rule 59 of the Federal Rules of Civil Procedure or modification under Rule 60 of the Federal Rules of Civil Procedure. The only relevant portion of Rule 59 states in full that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60 provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order, or

3

>proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Plaintiff's request will be denied under both of these rules because the court continues to hold the view, as it did when making the Order of December 21, 2005, that it was correct for the reasons stated in the Memorandum and Order of that date.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion for Clarification (Rule 59) or, Alternatively, Modification (Rule 60) of Order [DE 88] Denying the Plaintiffs' Motion for Leave to Amend their Complaint Against Lycos, Inc. & Terra Networks, S.A. [DE 81] (Docket No. 89) is DENIED.

/s/Robert E. Keeton

Robert E. Keeton
Senior United States District Judge