UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
UNIVERSAL COMMUNICATION SYSTEMS  )
INC., a Nevada Corporation; MICHAEL J.  )
ZWEBNER, individually; and  )
others similarly situated  )
  )
     Plaintiffs,  )  Civil Action
  )  NO. 05-11172-REK
     v.  )
  )
  )
LYCOS, INC., d/b/a THE LYCOS  )
NETWORK and TERRA NETWORKS, S.A. ,  )
JOHN DOE #1 aka "the worm06"  )
JOHN DOE #2 aka "no_insiders"  )
JOHN DOE #3 aka "the worm06A"  )
JOHN DOE #4 aka "65175R"  )
JOHN DOE #5 aka "Henry_Johnson123" &  )
JOHN DOE #6 aka "quondo1"  )
JOHN DOE #7 aka "Tobias95"  )
JOHN DOE #8 aka "CrawleySmith"  )
  )
     Defendants.  )
_____)

**DEFENDANT LYCOS INC.'S SECOND MOTION FOR RULE 11 SANCTIONS
AGAINST PLAINTIFFS AND ATTORNEY JOHN FARO**

On December 28, 2005, Plaintiffs filed a Motion For Clarification (Rule 59) Or, Alternatively, Modification (Rule 60) Of Order Denying The Plaintiffs' Motion For Leave To Amend Their Complaint Agaits [sic] Lycos, Inc. and Terra Lycos, S.A. ("Motion for Clarification").  The Motion For Clarification reinforces the arguments forwarded in Lycos Inc.'s Motion For Rule 11 Sanctions Against Plaintiffs And Attorney John Faro and Memorandum in support of said Motion (the "Initial Motion for Sanctions"), requesting the imposition of Federal Rule of Civil Procedure 11 sanctions

36920_1

against Universal Communication Systems Inc. and Michael J. Zwebner (collectively, "the Plaintiffs") and Attorney John Faro ("Faro").  This Second Motion for Sanctions incorporates Lycos' initial Motion for Sanctions herein by reference.

"There is a point beyond which zeal becomes vexation, the novel approach to a legal issue converts to frivolity and steadfast adherence to a position transforms to obdurateness."  <u>EEOC v. Tandem Computers, Inc.</u>, 158 F.R.D. 224, 229 (D.Mass 1994) (internal quotations omitted).  Plaintiffs' Motion for Clarification is frivolous, repeats arguments explicitly rejected twice by this Court and as such, highlights the reasons that sanctions against Plaintiffs and Faro are appropriate.  As with the Complaint, the Amended Complaint, the Motion to Amend the Complaint, and the proposed Second Amended Complaint, the Motion for Clarification steadfastly ignores the analyses of the scope of immunity provided by Section 230 that have been undertaken by every Court of Appeals that has addressed the issue, as well as the unambiguous decisions of this Court.  <u>See</u> Electronic Clerk's Notes regarding Status Conference of October 11, 2005; Memorandum and Order of Keeton, J. granting in part and denying in part Plaintiffs' Motion for Leave to File amended complaint (December 22, 2005).  The Motion for Clarification makes no effort to present a single new argument to support the Plaintiffs' position.

For this reason and those set forth in greater detail in Lycos' initial Motion for Sanctions, Lycos again asks that this Court employ Rule 11 for the purpose for which it was expressly designed: to deter those who use our federal courts to knowingly and willfully engage in vexatious litigation for an improper purpose.  Lycos respectfully requests that this Court:

36920_1

(1) sanction Plaintiffs and Attorney John Faro with penalties sufficient to deter future conduct of a like nature;

(2) order Plaintiffs and/or Faro to pay costs and attorneys' fees to Lycos associated with opposing the Motion for Clarification and the drafting and filing of this Second Motion for Sanctions;

(3) enjoin Plaintiffs and Faro from filing future suits against Lycos founded upon the same or similar groundless allegations which form the bases of the Complaint dismissed by the Court; and

(4) impose such further sanctions as this Court deems proper.

                              Respectfully submitted,

                              LYCOS, INC.

                              By its attorneys,

                                /s/ David Bunis
                              David A. Bunis, (BBO #550570)
                              Daniel J. Cloherty (BBO #565772)
                              Rachel Zoob-Hill (BBO #659041)
                              Dwyer & Collora, LLP
                              600 Atlantic Avenue
                              Boston, MA  02210

Dated: February 6, 2006           (617) 371-1000

36920_1