## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNIVERSAL COMMUNICATION ) | |
| SYSTEMS, INC. (A Nevada Corporation), ) | |
| MICHAEL J. ZWEBNER (individually) & ) | |
| Others Similarly Situated ) | |
| Plaintiffs ) | CIVIL ACTION |
| vs. ) | CASE NO. 05-11172-REK |
| ) | |
| LYCOS INC. *dba* THE LYCOS ) | |
| NETWORK & TERRA NETWORKS, S.A.,) | |
| JOHN DOE #1 aka *"the_worm06"*, ) | |
| JOHN DOE #2 aka *"no_insiders"*, ) | |
| JOHN DOE #3 aka *"the_worm_06A"*, ) | |
| JOHN DOE #4 aka *"65175R"*, ) | |
| JOHN DOE #5 aka *"Henry_Johnson123"* &) | |
| JOHN DOE #6 aka *"quondo1"* ) | |
| JOHN DOE #7 aka *"Tobias95"* ) | |
| JOHN DOE #8 aka *"CrawleySmith"* ) | |
| Defendants ) | |
| _____/ | |

### PLAINTIFFS' OPPOSITION TO LYCOS MOTION
### FOR RULE 11 SANCTIONS [DE 90, 91]

The Plaintiffs, Universal Communication Systems, Inc, (herein also "UCSY") and

Michael J. Zwebner, (herein also "ZWEBNER"), by an through the undersigned counsel, herein

respond by way of Opposition to the Defendant, Lycos Motion For Rule 11 Sanctions.

### Summary Of Opposition

The Lycos Motion For Rule 11 Sanctions [DE 90, 91] has been rendered moot by the

Court's denial of the Plaintiffs' Motion To Amend prior to the expiration of the 21 day "safe

harbor" period set forth in Rule 11(C)(1), *Giganti et al v. Gen-X Strategies et al,* 222 F.R.D.

299, 305-06, FN[14] (D. E.D. Va. 2004).

Background – The instant dispute is based upon a lawsuit filed in the Federal Court in the Southern District of Florida.    This lawsuit was subsequently transferred, upon motion by the Defendants, Lycos, Inc. & Terra Networks, S.A., to the District Court in Boston, Massachusetts.

The Plaintiffs in this action include an individual, Michael J. Zwebner and a Nevada corporation, Universal Communication Systems, Inc., having its principle place of business within the Southern District of the State of Florida.    The claims asserted in this lawsuit were based upon both federal and state law, specifically, the federal anti-cyber stalking statute (47 USC 223) and the Florida securities law, the Florida anti-dilution law and the Florida anti-stalking statute[1].

Prior to the transfer of this case to this District Court, the District Court in Florida entered a stay order which precluded Plaintiffs from taking any discovery in this case.    In the status conference before this Court on July 26, 2005, the Plaintiffs requested that such stay be lifted, and this Court declined such request.    Moreover, the Plaintiffs efforts at seeking information *via* third party discovery of Lycos, Inc., have been similarly frustrated.    Accordingly, whatever claims have been asserted against the Lycos, Inc. & Terra Networks, S.A., (collectively "Terra Lycos") were based upon circumstantial evidence, and inferences that could be reasonably drawn from such circumstantial evidence.    The claims asserted against Terra Lycos in this case are based upon the "construct and operation" of the Lycos Network.    This case presents issues of first impression in this Circuit; and, it is also fair to say, that these claims are also unique with

---

[1]    The Plaintiff, Zwebner, was at one time, enrolled as a registered subscriber to the Lycos Network, and presumably was bound by the choice of law provisions pertaining to contract claims arising under such Agreement. At no time was the Plaintiff corporation, Universal Communication Systems, Inc.. enrolled as a subscriber to the Lycos Network; nor has it ever assented to be bound to the Lycos Subscriber Agreement.

2

respect to Lycos, to the extent based upon, or derivative from, the abuses associated with the Lycos registration process.

More specifically, the Lycos, Inc. registration process adopted for enlisting subscribers to its web services permits an individual to register under multiple aliases or pseudonyms.    This practice is diametrically contrary to the stated/published policies set forth in the Lycos Subscriber Agreement.    It is has never been contested that this practice exists, or that such practice is contrary to the Lycos Subscriber Agreement or that Lycos is manifestly aware of the subscriber abuses of its registration process.    Plaintiffs infer from such uncontested facts, that Terra Lycos continued to permit this practice because it was in its own business interests to do so.    Plaintiffs believe that this practice to be actionable because it enables the posting of the same misinformation, under different aliases, pseudonyms, and thereby cloaks such misinformation with enhanced credibility - multiple sourcing of same misinformation.    It is this enhancement in credibility of the misinformation, resulting from the construct and operation of the Lycos Network, that is perceived as "contributing to the development of the content" of such misinformation, so as to give rise to an actionable claim against Terra Lycos under both federal and/or state law.

Similarly, the intervention by Lycos in State Court proceeding pending in Florida, filed subsequent to the instant litigation, ostensibly to quash and injunction entered against one its subscribers, because of its own interest in perpetuating such misinformation, also lends support to the proposition that Lycos has an interest in the content of the information posted by its subscribers – the more salacious the misinformation, the greater the network traffic and consequently the Lycos revenues.    It is this, for lack of a better term, the promotion, or

endorsement, of the content of this misinformation that is perceived as actionable under both federal and state law.

None of the prior Court of Appeals decisions, relied upon by Lycos and/or Terra Networks, in their respective Motions To Dismiss, have ever addressed the issues presented by Plaintiffs in their proposed Amended Complaint. Indeed, the counsel for the Lycos, Inc., in their public statements following the dismissal of the prior complaint in October 11, 2005, acknowledged the novelty of this case in the 1st Circuit.

On October 11, 2005, this Court dismissed the prior filed complaint based upon Lycos Inc. and Terra Networks, S.A, (also collectively "Terra Lycos"), based upon a claim that Terra Lycos was entitled to statutory immunity under Chapter 230 of the Communications Decency Act ("CDA"), 47 USC 230.   The Court did not enter a formal written order articulating its analysis, nor its reasoning, for such dismissal. The Court did, however, indicate at such October 11, 2005, hearing that counsel for the Plaintiff could not base Plaintiffs' opposition to Terra Lycos Motion To Dismiss on the contention that the conduct of Lycos "contributed to the development of the content", because the complaint before the Court did not assert that Lycos was a "content provider"[2].   Accordingly, had the allegations of the complaint included the foregoing assertion, the arguments advanced at such hearing may have altered the result. Moreover, the Court did not offer, nor opine, at that time, what if any facts or circumstance, under the precedent advanced by Plaintiffs, would have been sufficient to plead a claim against Lycos as a "content provider". Alternatively, the Court certainly did not foreclose nor suggest the futility of amendment of the prior pending complaint. At the time of this October 11, 2005,

---

[2]  The counsel for the parties have over the past several months attempted to secure a transcript of this October 11, 2005, hearing. All such efforts have been politely ignored by the Court Reporter. Accordingly, no transcript is presently available to confirm either the statements of counsel, or the Court's reaction to their respective arguments – specifically, the arguments advanced by the Plaintiffs.

4

hearing counsel for Lycos also suggested to the Court that the then pending complaint was also deficient in its jurisdictional allegations relative to the John Doe Defendants.

On or about October 18, 2005, the Plaintiffs filed a Motion For Leave To Amend, which included a proposed Amended Complaint, as an annexure to their Motion For Leave To Amend, [DE ], attached hereto as Exhibit "A".    In their Motion For Leave To Amend, the Plaintiffs pointed out the new factual allegations in their proposed Amended Complaint, Motion For Leave To File Amended Complaint @ 2, [DE 81].    Terra Lycos opposed the Plaintiffs' Motion For Leave To File Amended Complaint, [DE 82, 85].    The Plaintiffs filed a Reply to the Terra Lycos Opposition, [DE 87], which is annexed hereto as Exhibit "B".

On December 21, 2005, this Court issued a written Memorandum & Order [DE 88] granting-in-part, and denying-in-part, the Plaintiffs' Motion To Amend.    In this written Memorandum & Order, the Court refused to reverse its prior decision of October 11, 2005, with respect to the Plaintiffs claims against Terra Lycos, based upon the new factual allegations in the proposed Amended Complaint.    Accordingly, the prior oral ruling on October 11, 2005, dismissing the prior pending complaint, was affirmed.    The Court did, however, rule in Plaintiffs favor, with respect to the proposed amendments of the prior complaint, against the John Doe Defendants, [DE 88 @ 10].

5

## MEMORANDUM IN OPPOSITION

A.    <u>The Lycos Motion For Rule 11 Sanctions Was Rendered Moot Upon The District Court's Denial Of The Plaintiffs' Motion To Dismiss Within The Twenty-One Day "Safe Harbor" Period Of Rule 11</u> - A condition precedent to the imposition of Rule 11 sanctions, is affording a party an opportunity to withdraw a pleading which is allegedly either frivolous, or filed for an improper purpose.    More specifically, Rule 11 provides, in pertinent part, a "safe harbor" period of 21 days, within which a party is first placed on notice, by his adversary, of its intent to file a Motion under Rule 11 if the allegedly frivolous pleading is not withdrawn, Rule 11(C)(1).    In this case, Lycos viewed the Plaintiffs Motion For Leave To Amend as both "frivolous" and/or filed for an improper purpose (e.g. harassment).    Lycos served local counsel for the Plaintiffs with a notice of its intent to seek Rule 11 sanctions and its proposed Rule 11 Motion, on or about <u>December 13, 2005</u>.    Lycos, Inc. relies upon this Court's dismissal of the prior pending complaint on October 11, 2005, as foreclosing any and all claims against them.

On <u>December 22, 2005</u>, <u>nine (9) days</u> after the Lycos service of its notice, and <u>before</u> the expiration of the Rule 11 safe harbor period, this Court entered its formal Memorandum & Order denying the Plaintiffs' Motion To Amend.    Accordingly, the Lycos Rule 11 Motion For Sanctions has, under such circumstances, been rendered moot, *Giganti et al v. Gen-X Strategies et al,* 222 F.R.D. 299, 305-06, FN[14]  (D. E.D. Va 2004)

The imposition of Rule 11 sanctions against the Plaintiffs for the filing of their Motion For Leave To Amend would be inappropriate, even if the Lycos Motion had not been rendered moot, for the following reasons:

6

B.     Standard Of Review – The standard for evaluation of the Plaintiffs and their counsel's conduct, relative to the filing of the Motion To Amend the complaint, is to be based upon the "objective reasonableness of the litigants conduct under the totality of the circumstances", *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992).   The factors to be assessed in making a determination, under the foregoing circumstances, include "...the complexity of the subject matter, the party's familiarity with it, the time available for inquiry and the ease (or difficulty) of access to the requisite information.", *Id.*

C.     The Plaintiffs' Motion To Amend Was Not Objectively Frivolous – Under the foregoing standard, the Plaintiffs' Motion For Leave To Amend, cannot as a matter of law, be deemed to have been objectively frivolous.   At outset it is emphasized that there were material differences between the complaint pending before the Court on October 11, 2005, and the proposed amended complaint annexed to the Plaintiffs Motion To Amend.

These material differences relate to both the factual allegations with respect to the Plaintiffs' claims against Terra Lycos, and to the assertion of two (2) new legal theories of liability vis-à-vis Terra Lycos, specifically, liability as a "content provider", for which no immunity is available, and for "encouraging" subscriber abuses, for which no immunity is available.   The pertinent portions of the proposed amended complaint appear at paragraphs 42 & 43, which are reproduced below.

42.     Notwithstanding such recognition of the potential for abuse of NETWORK privileges by a subscriber to such NETWORK, such as that set forth in Count I & Paragraph 41 above, and the natural consequences of such false and misleading information upon the unwitting targets of such false and misleading information, including the PLAINTIFFS, TERRA LYCOS has constructed and continues to operate their NETWORK, and has adopted certain business practices, which contribute to the development and promotion of such false and misleading information on such message boards, and are thereby accountable for the content of the message boards

7

maintained and hosted by TERRA LYCOS on the RAGING BULL financial web site. Accordingly, TERRA LYCOS is responsible for the content of the information appearing on the UCSY message board.

43.    The actions of TERRA LYCOS which contributes to the development and promotion of such false and misleading information, as set forth in Paragraph 42 above, includes

(a)    the configuration of the TERRA LYCOS subscriber registration process, so to augment the repetition of the same offensive posting of the same misinformation by a subscriber on the UCSY message board, and/or the facilitation of the repetitive posting of the same misinformation by a single subscriber, under multiple pseudonyms, on the UCSY message board;

(b)    the promotion of the illegal activities (e.g. stock manipulation) of the posters on the UCSY message board, by linkage such message board to other financial sites within the LYCOS NETWORK, specifically, the QUOTED.COM financial web site;

(c)    the concealment of the identity of subscribers from the targets of their misleading postings so as to frustrate the initiation of legal action against such stock manipulators, including actively resisting the disclosure of their identity in response to legal process;

(d)    the intervention in legal proceedings against it's subscribers to frustrate the enforcement of injunctive relief against such subscribers, enjoining further interference in the business of another, through the continued posting of false and misleading information on the RAGING BULL financial web site; and/or

(e)    upon information and belief, the providing legal advice and assistance to posters to resist the enforcement of injunctive relief against such subscribers for interference in the business of another through the posting of false and misleading information on the RAGING BULL financial web site

Not only are foregoing allegations distinct from the complaint before the Court on October 11, 2005, but also have factual basis in the record.    Moreover, such allegations are based upon painstaking review and analysis of the record, and inferences which can reasonably be drawn from such record.    Whether or not such factual allegations are sufficient, *vel non*, to state a claim against Terra Lycos, as a "content provider" for "contributing to the development of

the content of the information" that is posted on the Lycos Network, is a matter legitimate debate. Clearly, the ruling of this Court on October 11, 2005, without opinion, did not telegraph this Court's views as to the prospect of further amendment of the pleadings, or the factual sufficiency of the allegations necessary to assert a claim against Terra Lycos as "content providers".

The second <u>alternative theory</u> for imposition of liability against Terra Lycos, in the proposed amended complaint, is based upon the conduct of Terra Lycos, separate and apart from the operation of the Lycos Network, which is viewed as <u>encouraging</u> the offensive conduct of the subscribers to their Network.    Such conduct includes both the allegations relating to the construct of the web site, which is not "content neutral"; and, to the intervention in litigation against Terra Lycos subscribers, to frustrate enforcement of an injunction against its subscribers. The increasing judicial recognition of the abuses of internet subscribers, and their sponsors, has not gone unnoticed by the other Courts, which have had occasion to review similar abuses. More specifically, the U.S. Supreme Court, in a decision, under the copyright statute, clearly manifested an increasing intolerance to such abuses which occur on the internet, including the imposition of vicarious liability against a software provider for <u>encouraging its subscribers violation</u> of the copyright laws, *Metro-Goldwyn-Mayer (MGM) Studios, Inc. v. Grokster*, 125 S.Ct. 2764 (2005).    This same rational, specifically, of encouraging/inducing subscriber misconduct, is asserted in the proposed complaint as a basis for liability against Terra Lycos.


D.    <u>The Motion For Leave To Amend Was Not Filed For An Improper Purpose</u> – Lycos, Inc. attempts to boot strap its Rule 11 motion on unrelated litigation in the Southern

District Of Florida[3]. Contrary to implications in the Lycos Motion, this Florida litigation did not involve either Lycos, Inc., nor Terra Networks, S.A. as parties. The complaint sought to enjoin posters on the Lycos Network from continuing to disseminate misinformation on the internet, based upon a defamation rational. The lawsuit also asserted a claim for vicarious liability against certain media defendants. The District Court dismissed this case on jurisdictional grounds, and the Plaintiffs have appealed to the 11th Circuit. The District Court regarded the claim against the media defendants frivolous.

In the instant dispute, the Plaintiffs have sued Terra Lycos, directly, to obtain monetary and prospective injunctive relief against the continued use of the Lycos Network, as a platform for the manipulation of the security laws – specifically, the publicly traded stock of the corporate Plaintiff, Universal Communication Systems, Inc. This case, as filed in the District Court in Florida, and as thereafter transferred to this District Court, presented questions of first impression. The damages caused to the corporate Plaintiff are not subject to legitimate dispute, nor is the unending stream of postings berating the company, its products or its management. This Court has recognized the legitimate purposes of this litigation, in granting the Motion To Amend, relative to the John Does Defendants. It remains to be seen, if the 1st Circuit shall sustain this Court' dismissal of the Terra Lycos from this case. Clearly, there can be no improper purpose in pursuing litigation calculated to protect shareholders in a public company,

---

[3]   The Turner Broadcasting System, Inc. litigation in the Southern District Of Florida involves an attempt to hold a celebrity, Wolf Blitzer, liable for the action of a Wolf Blitzer impersonator, based upon such celebrity's exclusive rights to the use of the celebrity name, and Defendants acquiesce to the repeated republication of the celebrity impersonator postings on the Lycos Network. Judge Jordan, in dismissing the Plaintiffs; complaint, held that the defamation law of the Florida requires a "publication", to which the Defendants contributed or over which they exercised control. The District Court, held that the association of the celebrity mark with the offensive posting by the impersonator, without the assent of the celebrity, could not be relied as a basis for celebrity liability even though the celebrity was subsequently made aware of the impersonator's postings and did nothing to prevent the re-publication of such postings. Plaintiffs have appealed the dismissal of their Complaint (there were no amendments to the complaint). The entry of a Rule 11 sanction was based upon the Court's belief that the defamation claim against the celebrity was frivolous.

10

from security fraud.    Accordingly, there is no basis for imposition of a Rule 11 sanction under this prong of the Lycos Motion.

E.    Summary & Conclusion – The Lycos Motion For Rule 11 Sanctions has been rendered moot by this Court denial of the Plaintiffs' Motion To Amend within the 21 day safe harbor period of Rule 11.    The claims of the proposed amended complaint were substantially different than the complaint before the Court on October 11, 2005, both with respect to the factual allegations and the theory of liability against Terra Lycos.    In granting the Terra Lycos Motion To Dismiss on October 11, 2005, this Court did not articulate a rational for such dismissal.    Accordingly, the submission of proposed amended complaint, thereafter, was not foreclosed by articulated reasons for such dismissal.        To the extent the Court found the proposed complaint to insufficiently plead a claim against Terra Lycos, as a "content provider", is open to legitimate debate, and is not unreasonable in its advocacy of an extension of the existing law.    Accordingly, for all of the above reasons, it is respectfully requested that the Lycos Motion For Rule 11 Sanctions be denied.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL  33130
Phone  (305) 424-1112
Fax      (305) 424-1114

11

EXHIBIT "A"

(MOTION TO AMEND,

INCLUDING PROPOSED AMENDED COMPLAINT W/O ATTACMENTS)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

(Boston Division)

| | |
|---|---|
| UNIVERSAL COMMUNICATION ) | |
| SYSTEMS, INC. (A Nevada Corporation), ) | |
| MICHAEL J. ZWEBNER (individually) & ) | |
| Others Similarly Situated ) | |
|      Plaintiffs ) | CIVIL ACTION |
| vs. ) | CASE NO. 05-11172-REK |
| ) | |
| LYCOS INC. *dba* THE LYCOS ) | |
| NETWORK & TERRA NETWORKS, S.A.,) | |
| JOHN DOE #1 aka *"the_worm06"*, ) | |
| JOHN DOE #2 aka *"no_insiders"*, ) | |
| JOHN DOE #3 aka *"the_worm_06A"*, ) | |
| JOHN DOE #4 aka *"65175R"*, ) | |
| JOHN DOE #5 aka *"Henry_Johnson123"* &) | |
| JOHN DOE #6 aka *"quondo1"* ) | |
| JOHN DOE #7 aka *"Tobias95"* ) | |
| JOHN DOE #8 aka *"CrawleySmith"* ) | |
|      Defendants ) | |

### PLAINTIFFS' MOTION UNDER RULE 15
### FOR LEAVE TO FILE AMENDED COMPLAINT

The Plaintiffs, Universal Communication Systems, Inc, (herein also "UCSY") and

Michael J. Zwebner, (herein also "ZWEBNER"), by and through the undersigned counsel, herein

move, pursuant to Rule 15(a), Fed.R.Civ. Proc., for an Order granting leave to file their

Amended Complaint, which is annexed hereto as Exhibit "1".

Compliance With Local Rule 7.1 – Preliminary to the filing of the instant Motion, Boston

counsel for the Plaintiffs, Matthew Zayotti, Esq. contacted counsel for the Defendants, Lycos,

Inc. and Terra Networks, S.A. to advise them of the Plaintiffs intent to file for leave to amend

their pleadings. In each instance, Daniel Cloherty, Esq. ('counsel for LYCOS, Inc.) and James

Reardon, Esq. (counsel for TERRA NETWORKS, S.A,) voiced opposition to the filing of the

instant Motion.   Accordingly, it is anticipated that they each shall file a formal opposition to such Motion.

Dismissal Of Amended Complaint - The instant Motion For Leave To Amend has been necessitated by this Court's ruling on October 11, 2005, that the allegations of the Amended Complaint [DE 8] were insufficient, under Rule 12(b)(6), to state a cause of action against the LYCOS and TERRA NETWORKS.

In granting the LYCOS and TERRA NETWORKS Motions To Dismiss [DE 66], under Rule 12(b)(6), the Court ruled that the allegations of the Amended Complaint, specifically Paragraphs 35 and 36, were insufficiently plead to establish that either LYCOS or TERRA NETWORKS had rendered "culpable assistance" to the John Doe Defendants in respect to their postings of information on the UCSY message board of the RAGING BULL web site.   In reaching its decision, the Court indicated that the Plaintiffs could not argue that the factual allegation of Paragraph 35 & 36, support the legal conclusion that the "construct and operation" of the LYCOS NETWORK contributed to the development of the information on the UCSY message board of the RAGING BULL web site, because the Amended Complaint did not seek to hold either LYCOS or TERRA NETWORKS potentially liable to Plaintiffs as a content provider.   The proposed Second Amended Complaint has removed the latter deficiency in the pleadings.

The proposed Amended Complaint has been further refined to separate the claims against LYCOS & TERRA NETWORKS, on the one hand, for the JOHN DOE Defendants, on the other hand.   Accordingly, Count I is now limited to the JOHN DOE Defendants, and Counts II to V are directed to exclusively to LYCOS & TERRA NETWORKS.

In addition, the proposed Amended Complaint has been amended to correct a typographical error in the prior Count IV, specifically, to change of the reference to the Florida cyber stalking statute from *F.S. 784.048 to 784.046.*

The proposed Amended Complaint adds a Demand For Jury Trial, as to all factual matters triable before a jury.

Lastly, the Defendant's counsel had inferred at the October 11, 2005, hearing before the Court that the pleadings were also insufficient to establish subject matter jurisdiction over the JOHN DOE Defendants. Notwithstanding that the counsel for LYCOS has not, as yet, entered an appearance on behalf of the JOHN DOE Defendants, Plaintiffs have reviewed their pleadings and further amended the allegations of jurisdictional facts as to the John Doe Defendants, whom it has reason to believe are Roberto Villasenor, a citizen of the State Of California, and thereby remove any potential objection to the sufficiency of the allegations of jurisdictional facts.

Good Cause To Permit Further Amendment - Notwithstanding that the Plaintiffs' claims against the Defendants, in one form or another, have been pending for more than 15 months, the hearing before this Court on October 11, 2005, was the first opportunity in which judicial scrutiny and comment on the sufficiency of the pleading has been offered. Accordingly, the Plaintiffs have not, until October 11, 2005, been apprised of any deficiencies in their pleadings, and, therefore, have not had an opportunity to refine their cause of action against the Defendants to comply with the guidance of the Court. Thus, the proposed amendments are the first instance in which the Plaintiffs have had to clarify, and more precisely refine, the basis of their complaints against the Defendants, consistent with Rule 12(b)(6). Accordingly, the Plaintiffs believe that there is good cause for granting the instant Motion For Leave To Amend, and respectfully request that their Motion For Leave To Amend be granted.

3

Jury Demand – The proposed Amended Complaint also has been amended to include a demand for a trial before a jury.

Relation Back - Insofar as the claims asserted in the proposed Amended Complaint arise out of the same set of operative facts as the prior pleading, it is also respectfully requested that the date of filing of the proposed Amended Complaint related back to the date of the filing of the original pleadings in this matter.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL  33130
Phone  (305) 424-1112
Fax     (305) 424-1114

4

EXHIBIT "1"

(PROPOSED AMENDED COMPLAINT)

## CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

## PLAINTIFFS' MOTION UNDER RULE 15
## FOR LEAVE TO FILE AMENDED COMPLAINT

was served upon counsel of record, as per attached Distribution, by First Class Mail,

postage pre-paid, this 13th day of October, 2005.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone 860, 293-3596

6

Fax      860, 293-3555

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

(Boston Division)

| | | |
|---|---|---|
| UNIVERSAL COMMUNICATION | ) | |
| SYSTEMS, INC. (A Nevada Corporation), | ) | |
| MICHAEL J. ZWEBNER (individually) & | ) | |
| Others Similarly Situated | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| vs. | ) | CASE NO. 05-11172-REK |
| | ) | |
| LYCOS INC. *dba* THE LYCOS | ) | |
| NETWORK & TERRA NETWORKS, S.A.,) | | |
| JOHN DOE #1 aka *"the_worm06"*, | ) | |
| JOHN DOE #2 aka *"no_insiders"*, | ) | |
| JOHN DOE #3 aka *"the_worm_06A"*, | ) | |
| JOHN DOE #4 aka *"65175R"*, | ) | |
| JOHN DOE #5 aka *"Henry_Johnson123"* &) | | |
| JOHN DOE #6 aka *"quondo1"* | ) | |
| JOHN DOE #7 aka *"Tobias95"* | ) | |
| JOHN DOE #8 aka *"CrawleySmith"* | ) | |
| Defendants | ) | |
| | / | |

### SECOND AMENDED COMPLAINT – CLASS ACTION

The is an action by the PLAINTIFF, UNIVERAL COMMUNICATION SYSTEMS, INC. (herein also "UCSY" or "PLAINTIFF" or "CORPORATE PLAINTIFF") and Michael J. ZWEBNER (herein also "ZWEBNER" or "PLAINTIFF" or "INDIVIDUAL PLAINTIFF") against the Defendants, LYCOS, INC. & TERRA NETWORKS, S.A., (collectively, "TERRA LYCOS"), also *dba* THE LYCOS NETWORK (also collectively "DEFENDANTS" or "TERRA LYCOS"), JOHN DOE #1 aka *"the_worm06"*, JOHN DOE #2 aka *"no_insiders"*, JOHN DOE #3 aka *"the_worm_06A"*, JOHN DOE #4 aka *"65175R"*, JOHN DOE #5 aka *"Henry_Johnson123"*, and JOHN DOE #6 aka *"quondo1"*, JOHN DOE #7 aka *"Tobias95"*, JOHN DOE #8 aka *"CrawleySmith"* (also collectively "DEFENDANTS"), all of whom were at one time or another, subscribers to the LYCOS NETWORK

## NATURE OF ACTION

The Defendants, TERRA LYCOS, are and remain in privity with the JOHN DOE Defendants, by virtue of a formal agreement between them (also Subscriber Agreement) relating to use of the LYCOS NETWORK by the JOHN DOE Defendants.   The interests of TERRA LYCOS and the JOHN DOE  Defendants, are, thus, indivisible, so that a disposition of this action against the JOHN DOE Defendants, in the absence of TERRA LYCOS, may as a practical matter impair or impede TERRA LYCOS ability to protect their interests in the operation of the LYCOS NETWORK.       Accordingly, TERRA LYCOS is indispensable to pursuit of the PLAINTIFFS' claims against the JOHN DOE Defendants.

The PLAINTIFFS' claims arise from Defendants (a) violation of Florida Law specifically *F.S. §517.301,* for Fraudulent Transactions: falsification and/or concealment of facts, (b) violations of Federal Law, specifically, *47 USC §223,* for Cyber Stalking, (c) violation of Florida Law, specifically, *F.S. § 495.151. et seq.,* for dilution of UCSY's trade name, and (d) *F.S. § 784.0468. et al.,* for Cyber Stalking.

All of the claims asserted herein relate to either the JOHN DOE Defendants posting of false and misleading information relating to the financial condition, business prospects and management integrity of the Plaintiffs, upon the "UCSY" message board on RAGING BULL financial site maintained by the LYCOS NETWORK (Count I); or, relate to the TERRA LYCOS participation in the development of false and misleading information upon the "UCSY" message board on RAGING BULL financial site, (Counts II to V).

2

## CLASS ACTION ALLEGATIONS

1.    The Corporate PLAINTIFF, UCSY, is a publicly traded company, which has been the object of numerous anonymous false, defamatory and harassing postings on one or more message boards which have been compiled and distributed by TERRA LYCOS.

2.    The individual PLAINTIFF, ZWEBNER, is an officer and director of UCSY, who has been the object of numerous anonymous false, defamatory and harassing postings on one or more message boards which have been compiled and distributed by TERRA LYCOS.

3.    The individual PLAINTIFF, ZWEBNER, is also a stockholder in UCSY, who has sustained losses, both realized and unrealized, as a result of the numerous anonymous false, defamatory and harassing postings on one or more message boards which have been compiled and distributed by TERRA LYCOS.

4.    The corporate PLAINTIFF is one of several hundred companies which has been the object of numerous anonymous false, defamatory and harassing postings on one or more message boards which have been compiled and distributed by the TERRA LYCOS.

5.    The individual PLAINTIFF, ZWEBNER, is one of several hundred officers and directors of companies who has been the object of numerous anonymous false, defamatory and harassing postings on one or more message boards which have been compiled and distributed by the DEFENDANTS.

6.    The individual PLAINTIFF, ZWEBNER, is one of several hundred stockholder in public companies, such as UCSY, who has sustained losses, both realized and unrealized, as a result of the numerous anonymous false, defamatory and harassing postings on one or more message boards which have been compiled and distributed by TERRA LYCOS.

3

7.     The claims asserted herein by the above named PLAINTIFFS present questions of fact and law that are common to all members of the classes to which these PLAINTIFFS belong.

8.     The claims and/or defense of the above named PLAINTIFFS are typical of the claims and defenses of the members of the classes to which the PLAINTIFFS belong.

9.     The PLAINTIFFS are representative of each of the classes of Plaintiffs set forth herein, and shall fairly and adequately protect the interest of each of these classes.

10.    The DEFENDANTS named herein comprises the class of defendant against whom the following claims are asserted.

## PARTIES

11.    The PLAINTIFF, UCSY, is a corporation that is organized and existing under the laws of the State Of Nevada.   UCSY is a Nevada corporation which is listed and publicly traded in the over-the-counter exchange.   The ticker symbol for UCSY is "UCSY", which is also the trade name of corporate PLAINTIFF.     Accordingly, "UCSY" is also used as the shorthand identifier of the corporate PLAINTIFF in these pleadings.   The PLAINTIFF, UCSY, maintains its corporate offices in the city of Miami Beach, Florida.

12.    The PLAINTIFF, ZWEBNER, is a citizen of the United Kingdom and of the State Of Israel, whose principle residence is within the State Of Israel.   ZWEBNER also maintains a second residence within the city of Miami Beach, Florida.   ZWEBNER is the Chairman of the Board of Directors of UCSY and its Chief Executive Officer.

13.    Upon information and belief, the Defendant, LYCOS, INC. is company organized and existing under the laws of the Commonwealth of Massachusetts.   LYCOS, INC. has its principle place of business within the city of Waltham, Massachusetts.

4

14.    At the time of the acts complained of, the Defendant, TERRA NETWORKS, S.A. was company which is believed to have its principle place of business in Barcelona Spain. TERRA NETWORKS, S.A. conduct world-wide operations through affiliates and business agents located in various countries throughout the world, including the United States.

(a) Upon information and belief, at the time of the acts complained of, the Defendant,

.  TERRA NETWORKS, S.A. was a company organized and existing under the laws of the country of Spain.

(b)    At the time of the acts complained of herein, TERRA NETWORKS, S.A., exercised and/or had the right to exercise control over both LYCOS, INC. & THE LYCOS NETWORK, including the right to control and/or restrict access to the LYCOS NETWORK.  Upon information and belief, the DEFENDANT, TERRA NETWORKS, S.A., exercised control over LYCOS, INC. & THE LYCOS NETWORK, from its offices in Waltham, Massachusetts.

(c)    At all times material hereto, TERRA NETWORKS directly and indirectly, conducted its various business operations through a maize of companies throughout the world, including its operations in the United States.     The DEFENDANT, LYCOS, INC. was an integral part of this maize.

(d)    At the time of the acts complained of herein, TERRA NETWORKS operated one or more to its companies or affiliates from its office in Waltham, Massachusetts, and/or indirectly operate one or more companies or affiliates through a business agent who maintains its office in Waltham, Massachusetts.

5

(e) At the time of the acts complained, one or more of the TERRA NETWORKS Florida based business agents and/or Florida based affiliates were operated by the DEFENDANT, LYCOS, INC..

(f) On or about August 2, 2004, TERRA NETWORKS, S.A. sold its interest in Defendant, LYCOS, INC. to DAUM COMMUNICATIONS CORP (a Korean Company). Notwithstanding such sale, TERRA NETWORKS, S.A. continues to directly and/or indirectly operate one or more of its businesses, through a business agent with offices in Miami-Dade County, Florida.

(e) TERRA NETWORKS, S.A. have and continue to conceal its whereabouts for the purpose of avoiding service of process in this and related litigation.

(g) Upon information and belief, a unity of interest exists between each of TERRA NETWORKS, S.A. and LYCOS, INC., which each of TERRA NETWORKS, S.A. and LYCOS, INC., acting as the agent, representative, and/or principal of each other when performing the acts alleged in this Complaint; and each of TERRA NETWORKS, S.A. and LYCOS, INC. should be treated as fully responsible and liable for the acts alleged in this Complaint.

15. THE LYCOS NETWORK is a wholly owned subsidiary, or division, or affiliate of the DEFENDANT, LYCOS INC., which operates an array of web sites from within the United States, including the RAGING BULL web site. Upon information and belief, THE LYCOS NETWORK operates from the LYCOS, INC. offices in Waltham, Massachusetts.

16. Upon information and belief, the pseudonyms for the JOHN DOE Defendants "the_worm06" and the "the_worm_06A", are registered by TERRA LYCOS to Robert Villasenor, Jr., a citizen of the State Of California. Plaintiffs also believe that each and every

6

other JOHN DOE Defendant aliases is also registered to Roberto Villasenor, Jr., or to individuals acting in concert with Roberto Villasenor, Jr..

## JURISDICTION & VENUE

17.     This is a civil action arising under Federal and State law, between citizens of diverse jurisdictions, wherein the amount in controversy exceeds $75,000.   The Complaint also seeks injunctive relief.

18.     The claims asserted herein arise

under Federal Law, including specifically, under

(a)     *47 USC §223* (for Cyber Stalking - a private/implied right of action); and,

under State Law, specifically under

(b)     *F.S. §517.301,* (for Fraud Fraudulent Transactions: falsification and/or concealment of facts);

(c)     *F.S. 495.151, et seq.* (for Trade Name Dilution); and

(d)     *F.S. §784.046. et al.,* (for Cyber Stalking).

19.     This Court has jurisdiction over the parties and the Federal claims asserted herein under *28 USC §1331 & §1332*; and, over the State claims under this Court's Supplemental Jurisdiction, in that such State Claims are so related to the above Federal claims that they form part of the same case and controversy.

20.     Venue is proper in this District pursuant to *28 USC §§1391(b) & (c).*

7

## BACKGROUND FACTS & PARTIES

21.     Since as early as about September 1998 up to June 2002, PLAINTIFF, ZWEBNER, was the Chairman of *Talk Visual Corporation*– a public company which trades in equity markets under the ticker symbol "TVCE" (formerly "TVCP"); and, from about November 2001, up to and including the present, Chairman of *Universal Communication Systems Inc*, (UCSY) - a public company which trades in equity markets under the ticker symbol "UCSY".

22.     At the time of the acts complained of, the TERRA LYCOS operated and maintained a website designated QUOTE.COM, which is purportedly dedicated to providing commercial information, data and financial services to a QUOTE.COM, web site visitors and to an authorized user (also herein "Subscriber") to THE LYCOS NETWORK. This QUOTE.COM site permits retrieval of stock quotation information and technical data for a company having a publicly traded security, and a link to a message board on the TERRA LYCOS RAGING BULL web site, which automatically appears upon retrieval of a stock quotation for a given company.

23.     One of the privileges of membership accorded to an authorized Subscriber/User to THE LYCOS NETWORK, is the ability of such Subscriber/User to create a message board dedicated to a particular business or enterprises. TERRA LYCOS suggests to its Subscriber that they use the "stock ticker symbol", associated with such particular business or enterprises, as a means of identification of a message board, on for example, the RAGING BULL web site.

24.     Another of the privileges of membership accorded to an authorized Subscriber/User to THE LYCOS NETWORK, is the ability of such Subscriber/User to post messages (herein also "postings") on message boards on the TERRA LYCOS RAGING BULL web site.. These postings are "anonymous" in that they do not reveal the true identity of the

8

poster but rather are attributed to an individual "screen name" or "alias" assigned to the poster by TERRA LYCOS.

25.     TERRA LYCOS maintains a message board on their RAGING BULL web site devoted to the PLAINTIFF, UCSY. Since about the year 2000, the UCSY message board has had more than 57,000 postings by the TERRA LYCOS Subscribers, including several thousand postings by Mr. Roberto G. Villasenor (herein also "VILLASENOR) under one more pseudonym/alias.     Because of the similarity in the vast number of these 57,000 postings to posting known to be associated with VILLASENOR, PLAINTIFFS believe that VILLASENOR is the source of these postings, or that they originate with a limited number if individuals, who are associated with VILLASENOR.

## COUNT I
### *(Fraudulent Securities Transactions- F.S. §517.301)*

26.     The PLAINTIFFS incorporate paragraph (1) to (25), as if restated herein.

27.     Each of the DEFENDANTS, JOHN DOE #1 aka *"the_worm06"*, JOHN DOE #2 aka *"no_insiders"*, JOHN DOE #3 aka *"the_worm_06A"*, JOHN DOE #4 aka *"65175R"*, John Doe #5 aka *"Henry_Johnson123"*, JOHN DOE #6 aka *"quondo1"*, JOHN DOE #7 aka *"Tobias95"*, and JOHN DOE #8 aka *"CrawleySmith"* were, at one time or another, subscribers to the RAGING BULL web site maintained by TERRA LYCOS on THE LYCOS NETWORK.

28.     Upon information and belief, each of the JOHN DOES named herein in Paragraph 27 are one in the same individual, Roberto Villasenor, Jr. and/or are individuals acting in concert with Roberto Villasenor, Jr..     Accordingly, the JOHN DOE DEFENDANTS are collectively referred to hereinafter as "VILLASENOR".

9

29.     Upon information and belief, VILLASENOR is in the business of manipulating the price of securities of companies, specifically, micro-cap and/or start-up companies, such as UCSY, which have limited, if any, operating history and limited reporting history, by

    (a)     first "shorting" the stock in such companies,

    (b)     "trashing" such company and/or the integrity/competency of its management, through the systematic and orchestrated posting of derogatory information about the financial condition, business prospects and management integrity of the such company on a message board devoted to such company, so as to artificially depress the market price of the publicly traded stock of the such company, and

    (c)     "covering his shorts" by buying the publicly traded stock in such company at a depressed market price.

30.     VILLASENOR has and continues to post messages which purport to contain information relating to the financial condition, business prospects and management integrity of the PLAINTIFFS, upon the "UCSY" message board on RAGING BULL financial site maintained by the LYCOS NETWORK.     A representative sampling of the postings of VILLASENOR are annexed hereto as Composite *Exhibit "1"*

31.     The VILLASENOR postings appearing on the "UCSY" message board on RAGING BULL financial site, which is maintained by the LYCOS NETWORK, were intended to depress the market for UCSY stock, by creating stockholder insecurity and apprehension relating to the financial condition, business prospects and management integrity of the PLAINTIFFS.

10

32.     The VILLASENOR postings appearing on the "UCSY" message board on RAGING BULL financial sit, which is maintained by the LYCOS NETWORK, are false, misleading and/or incomplete, so as to be fraudulent.

33.     As a direct and proximate result of the VILLASENOR posting appearing on the "UCSY" message board on RAGING BULL financial site, the market price for the UCSY stock has been substantially depressed, and remains substantially depressed.

34.     As a direct and proximate result of the VILLASENOR posting appearing on the "UCSY" message board on RAGING BULL financial site, a number of stockholders, including the Plaintiff, ZWEBNER, have either sold their UCSY stock at depressed prices, and thereby have incurred a substantial realized loss, and/or, alternatively, a number of stockholders, have retained their UCSY stock, and thereby have incurred a substantial unrealized loss.

35.     The actions of VILLASENOR, as set forth in paragraphs (29) to (33) violate *F.S. §517.301(1)(c)*

WHEREFORE, the PLAINTIFFS demand

(a)     the entry of a permanent injunction against VILLASENOR, and all parties acting in concert with them, from the further creation and dissemination of false and misleading information relative to the PLAINTIFFS which is misleading as to the UCSY business prospects, its products and/or its management; and

(b)     judgment against VILLASENOR, jointly and severally, for actual and consequential damages in the amount of $100M, or according to proof.

## COUNT II
### *(Fraudulent Securities Transactions- F.S. §517.301)*

36.     The PLAINTIFFS incorporate paragraphs (21) to (25), as if restated herein.

11

37.    At all times material hereto, TERRA LYCOS operate the LYCOS NETWORK
for profit, specifically, the generation of advertising revenues, based upon the visitor
NETWORK traffic to the various sites hosted on such NETWORK, including the Raging Bull
financial web site.

38.    At all times material hereto, TERRA LYCOS have adopted a NETWORK
construct and operation, and business practice, to increase and maintain visitor NETWORK
traffic to the various sites hosted on such NETWORK, including the Raging Bull financial web
site..

39.    The construct and operation of the LYCOS NETWORK, relative to the provision
of subscriber services, including NETWORK access and posting privileges, has and continues to
be designed solely in furtherance of the TERRA LYCOS commercial objectives, specifically, to
increase and maintain visitor NETWORK traffic to the various sites hosted on such NETWORK,
including the Raging Bull financial web site..    Interest in, and, thus, visitor traffic to, for
example, the "UCSY" message board on the RAGING BULL financial web site, is dependant
upon the continuous generation of new postings on such message boards on the RAGING BULL
web site, over a sustained period of time.

40.    TERRA LYCOS provides access to the LYCOS NETWORK, specifically, to the
RAGING BULL financial web site, by both visitors and registered subscribers, the principle
difference being that registered subscribers can both create new postings and review existing
postings, whereas non-subscribers are limited to review of existing postings.

41.    TERRA LYCOS explicitly recognizes in their Subscriber Agreement (Paragraph
6) the potential for misuse of the RAGING BULL financial web site, by a subscriber, in violation

of Federal and/or State securities laws, as set forth above in Count I, by the posting of false and misleading information relating to a given company on the RAGING BULL financial web site.

42.    Notwithstanding such recognition of the potential for abuse of NETWORK privileges by a subscriber to such NETWORK, such as that set forth in Count I & Paragraph 41 above, and the natural consequences of such false and misleading information upon the unwitting targets of such false and misleading information, including the PLAINTIFFS, TERRA LYCOS has constructed and continues to operate their NETWORK, and has adopted certain business practices, which contribute to the development and promotion of such false and misleading information on such message boards, and are thereby accountable for the content of the message boards maintained and hosted by TERRA LYCOS on the RAGING BULL financial web site. Accordingly, TERRA LYCOS is responsible for the content of the information appearing on the UCSY message board.

43.    The actions of TERRA LYCOS which contributes to the to the development and promotion of such false and misleading information, as set forth in Paragraph 42 above, includes

(a)    the configuration of the TERRA LYCOS subscriber registration process, so to augment the repetition of the same offensive posting of the same misinformation by a subscriber on the UCSY message board, and/or the facilitation of the repetitive posting of the same misinformation by a single subscriber, under multiple pseudonyms, on the UCSY message board;

(b)    the promotion of the illegal activities (e.g. stock manipulation) of the posters on the UCSY message board, by linkage such message board to other financial sites within the LYCOS NETWORK, specifically, the QUOTED.COM financial web site;

13

(c)     the concealment of the identity of subscribers from the targets of their misleading postings so as to frustrate the initiation of legal action against such stock manipulators, including actively resisting the disclosure of their identity in response to legal process;

(d)     the intervention in legal proceedings against it's subscribers to frustrate the enforcement of injunctive relief against such subscribers, enjoining further interference in the business of another, through the continued posting of false and misleading information on the RAGING BULL financial web site; and/or

(e)     upon information and belief, the providing legal advice and assistance to posters to resist the enforcement of injunctive relief against such subscribers for interference in the business of another through the posting of false and misleading information on the RAGING BULL financial web site

44.     The actions of TERRA LYCOS, as set forth in paragraph (42) to (43), inclusive, are in violation *F.S. §517.301(1)(c)*

WHEREFORE, the PLAINTIFFS demand judgment against the TERRA LYCOS

(a)     the entry of a permanent injunction against TERRA LYCOS and all parties acting in concert with them, from the further creation and dissemination of false and misleading information, relative to the PLAINTIFFS, which is misleading as to the UCSY business prospects, its products and/or its management; and

(b)     judgment against TERRA LYCOS, jointly and severally, for actual and consequential damages in the amount of $100M, or according to proof.

14

## COUNT III
### *(Cyber Stalking Under Federal Law - 47 USC §223)*

45.     The PLAINTIFFS incorporate paragraph (37) to (44) as if restated herein.

46.     TERRA LYCOS owns, controls and operates a commercial telecommunication facility, specifically, THE LYCOS NETWORK, within the contemplation and scope of federal regulation by the Federal Communications Commission (FCC), including *47 USC §223.*

47.     The TERRA LYCOS telecommunications facility, specifically the "UCSY" message board of the RAGING BULL web site of the LYCOS NETWORK, has and continues to be used to transmit and publish comments, suggestions, images and other communications from the TERRA LYCOS authorized, anonymous subscribers, which are calculated to annoy, abuse, threaten and harass the UCSY, more specifically, the UCSY management, Michael Zwebner.

48.     TERRA LYCOS has constructed and continues to operate their NETWORK, and has adopted certain business practices, in the manner set forth in Paragraph 43 above, and thereby contributes to the development of the content of such false and misleading information, appearing on the UCSY message board of the Raging Bull web site of their NETWORK. Accordingly, TERRA LYCOS bears responsibility for the annoying, abusive and threatening content of the "UCSY" message board of the RAGING BULL web site of the LYCOS NETWORK.

49.     The actions of TERRA LYCOS, as set forth in Paragraphs 43 & 46 to 48, are intentional and calculated to cause the Plaintiffs harm, including the infliction of emotional distress to the UCSY management, Michael Zwebner.

50.     The PLAINTIFFS, have the right to be and remain free from the systematic and orchestrated posting of false and derogatory information calculated to annoy, abuse, threaten and

15

harass each of them by the TERRA LYCOS and by their authorized, anonymous subscribers to the LYCOS NETWORK.

51. The federal regulation of the TERRA LYCOS telecommunications facility, specifically THE LYCOS NETWORK, requires, *inter alia*, that TERRA LYCOS, refrain from the misuse of their telecommunication facility, as set forth in Paragraphs 46 to 49 above, are in violation of *47 USC §232(a)(1)(C)*.

52. TERRA LYCOS acts and omissions, as set forth in Paragraphs 46 to 49 above, gives rise to a "cause of action" in favor of PLAINTIFFS against TERRA LYCOS for violation of PLAINTIFFS' rights.

53. As a direct and proximate result of the violation of the PLAINTIFFS' rights, as set forth in Paragraphs 46 to 49 above, the PLAINTIFFS, including specifically, the PLAINTIFF, ZWEBNER, has been subjected to emotional distress, and sustained economic losses, which have been sustained and/or yet to have been realized.

WHEREFORE, the PLAINTIFFS demand judgment against the TERRA LYCOS

(a) the entry of a permanent injunction against TERRA LYCOS, and all parties acting in concert with them, from the further creation and dissemination of false and misleading information, relative to the PLAINTIFFS, which is misleading as to the UCSY business prospects, its products and/or its management; and

(b) judgment against TERRA LYCOS, jointly and severally, for actual and consequential damages in the amount of $100M, or according to proof.

## COUNT IV
*(Dilution Of Trade Name – F.S. § 495.151. et seq.)*

54. The PLAINTIFFS incorporate paragraph (37) to (53) as if restated herein.

16

## Background Facts

55.     The PLAINTIFF, UCSY, is an international company, based in Miami Beach, Florida, that has been engaged in the provision of telecommunications services (wireless broadband internet services), and more recently, in the development of a proprietary and patented technology for solar powered systems, specifically solar powered water extraction systems, which have application in civilian and government markets (e.g. military).

56.     At all times material hereto, the PLAINTIFF, UCSY, adopted and used the trade name and trademark, "UCSY", to identify Universal Communication Systems, Inc., as a company, and with the products/services available from Universal Communication Systems, Inc.. "UCSY" has also been adopted and exclusively associated Universal Communication Systems, Inc., as the ticker symbol in financial markets and on stock exchanges.

57.     The "UCSY" mark is inherently distinctive and has become exclusively identified with the PLAINTIFF company, and with the PLAINTIFFS' proprietary products and technologies. Accordingly, the PLAINTIFF company is entitled to protection of its "UCSY" mark against unauthorized commercial use by third parties, including the unauthorized commercial use thereof by TERRA LYCOS.

58.     The PLAINTIFF, UCSY, has and continues to invest tens of thousands of dollars in the promotion of the UCSY image, and in the promotion of the UCSY products under the UCSY name and logo, and, under its stock ticker symbol "UCSY", UCSY promotional brochure annexed hereto as *Exhibit "2"*.

59.     The PLAINTIFF, UCSY, is neither a subscriber to THE LYCOS NETWORK, nor has it ever assented to the TERRA LYCOS use of the "UCSY" trade name, or to its ticker symbol, on any of the web sites sponsored/maintained by TERRA LYCOS.   Accordingly, all

17

reference to "UCSY", in the promotion of the TERRA LYCOS commercial activities on THE LYCOS NETWORK is without authorization or approval of the PLAINTIFF, UCSY.

60.    The postings which appear upon the message boards of THE LYCOS NETWORK, including the "UCSY" message board of the RAGING BULL web site are retrievable on various search engines (e.g., GOOGLE), and such access is calculated to increase non-subscriber, visitor traffic on THE LYCOS NETWORK.

### Injury To Business Reputation By Defendants

61.    Upon information and belief, the TERRA LYCOS has suggested to one or more of their subscriber to THE LYCOS NETWORK, that they use the PLAINTIFFS' proprietary and distinctive "UCSY" mark for designation of a message board on the RAGING BULL web site which is maintained by TERRA LYCOS.

62.    The construct and operation of the LYCOS NETWORK, as set forth in Paragraphs 43 above, relative to the provision of subscriber services, including NETWORK access and posting privileges on the RAGING BULL web site, has and continues to be designed solely in furtherance of the TERRA LYCOS commercial objectives, specifically, to increase and maintain visitor NETWORK traffic to the various sites hosted on such NETWORK, including the Raging Bull financial web site..

63.    The construct and operation of the LYCOS NETWORK, as set forth in Paragraphs 43 above, contributes to the development of the content of the information posted upon on the UCSY message board of the RAGING BULL web site, both by creating the means for repeated posting of the same false and misleading information, relative to UCYS and its management, over an extended period of time by an individual under a single screen name or alias, and/or by the repeated posting of the same false and misleading information over an

18

extended period of time by an individual under multiple screen names or aliases, so as to lend credibility to such information, and to the diversity in source of the same information. Accordingly, TERRA LYCOS is responsible for the content of the false and misleading postings appearing on the UCSY message board on the RAGING BULL web site.

64.     TERRA LYCOS actively promotes the "UCSY" message board on the RAGING BULL web site, by linking the "UCSY" message board to other sites on the LYCOS NETWORK, including the QUOTE.COM web site, with the objective of increasing the volume of visitor traffic upon THE LYCOS NETWORK, and thereby increase the advertising revenues it derives from such increased volume of visitor traffic.

65.     TERRA LYCOS has been made aware of the objectionable content of the many anonymous posting compiled by them on the "UCSY" message board on the RAGING BULL web site message board, and of likelihood of injury to UCSY business, specifically, irreparable harm to the UCSY image/reputation and to the UCSY product image/reputation.

66.     The PLAINTIFFS have repeatedly requested that TERRA LYCOS discontinue its compilation and distribution of false and misleading information on the "UCSY" message board on the RAGING BULL web site, and, further, that TERRA LYCOS refrain from the conduct, as set forth in Paragraph 43, which contributes to the development of false and misleading information on the "UCSY" message board on the RAGING BULL web site.

67.     TERRA LYCOS has ignored the PLAINTIFFS' repeated requests, as set forth in Paragraph 66 herein, in preference to pursuit of attainment of its commercial objective to maintain and increase visitor traffic on the "UCSY" message board on the RAGING BULL web site, to the detriment of PLAINTIFFS.

19

68.     The TERRA LYCOS conduct, as set forth in Paragraphs 62 to 67 herein, has and shall continue to cause irreparable harm to the UCSY business reputation and to the UCSY products, and otherwise tarnish, dilute and/or otherwise detract from the cache associated with the "UCSY" trade name and designation.

67.     As a direct and proximate result of the TERRA LYCOS acts and omissions as set forth herein in Paragraphs 62 to 67, the PLAINTIFF, UCSY has been injured.

WHEREFORE, the PLAINTIFF, UCSY, demands judgment against TERRA LYCOS for actual and consequential damages in the amount of $100M, or according to proof.

The PLAINTIFF, UCSY, also requests that this Court enter a mandatory injunction requiring TERRA LYCOS to

(a)     permanently and irrevocably delete any and all postings on its RAGING BULL web site that appear on the UCSY message board;

(b)     permanently and irrevocably delete the UCSY message board; and

(c)     enjoin TERRA LYCOS from creation and maintaining of a UCSY message board on THE LYCOS NETWORK in the future.

## COUNT IV
*(Cyber Stalking Under State Law –F.S. § 784.046 et al. et seq.)*

68.     The PLAINTIFFS incorporate Paragraphs 37 to 53, as if restated herein.

69.     TERRA LYCOS operates a telecommunication facility, specifically, THE LYCOS NETWORK.

70.     TERRA LYCOS has registered and authorized subscribers to use THE LYCOS NETWORK.

20

71.    THE LYCOS NETWORK, specifically, the "UCSY" message board of the RAGING BULL web site, has and continues to be used by the TERRA LYCOS, acting in concert with it authorized subscribers, to make repeated anonymous annoying, threatening, harassing and abusive communications directed at PLAINTIFFS, in violation of state law, including *F.S. § 784.048. et al. et seq.*

72.    PLAINTIFFS have repeatedly requested that TERRA LYCOS curtail the anonymous threatening and abusive communications, directed at PLAINTIFFS, appearing on the "UCSY" message board of the RAGING BULL web site.

73.    TERRA LYCOS has been indifferent to PLAINTIFFS' concerns, and to the emotional distress caused to the PLAINTIFFS, specifically, Michael Zwebner, by the repeated anonymous threatening and abusive communications directed at PLAINTIFFS.

WHEREFORE, the PLAINTIFF, ZWEBNER, requests that this Court enter an injunction and order permanently restraining TERRA LYCOS from the use of the LYCOS NETWORK to make repeated anonymous annoying, threatening, harassing and abusive communications directed at Michael Zwebner.

## JURY DEMAND

The Plaintiffs herein demand a trial by jury of all factual matters properly triable before a jury of their peers.

Respectfully,

John H. Faro, Esq.
Florida Bar No. 527,459
Attorney For Plaintiffs

21

Faro & Associates
44 West Flagler Street, Suite 1100
Miami, Florida 33130-1808
phone (305) 424-1112
fax (305) 424-1114

*EXHIBIT "1" – "the_worm06"*

*EXHIBIT "1" – "65175R"*

24

*EXHIBIT "1" – "Henry_Johnson123"*

*EXHIBIT "1" – "quondo1"*

*EXHIBIT "1" – "Tobias95"*

*EXHIBIT "2"*

29

EXHIBIT "B"

(REPLY TO LYCOS OPPOSITION TO MOTION TO AMEND,

W/O ATTACMENTS)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| UNIVERSAL COMMUNICATION | ) | |
| SYSTEMS, INC. (A Nevada Corporation), | ) | |
| MICHAEL J. ZWEBNER (individually) & | ) | |
| Others Similarly Situated | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| vs. | ) | CASE NO. 05-11172-REK |
| | ) | |
| LYCOS INC. *dba* THE LYCOS | ) | |
| NETWORK, et al. | | |
| Defendants | ) | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT [DE 81]

The Plaintiffs, Universal Communication Systems, Inc, (herein also "UCSY") and

Michael J. Zwebner, (herein also "ZWEBNER"), by and through the undersigned counsel, herein

file a Reply to the Terra Networks, S.A, (TERRA) Opposition [DE 82], and to the Lycos

Opposition [DE 85]; and, in further support to Plaintiffs' Motion For Leave To File Amended

Complaint [DE 81].

### MEMORANDUM IN SUPPORT OF REPLY

I.     PROPOSED AMENDED COMPLAINT

A.     <u>Factual Allegations Of Proposed Amended Complaint</u> – The proposed

amendments to the complaint positively allege facts which, if proven, establish that all of

Defendants are "content providers", within context and contemplation of Title 47 USC, Sections

223 & 230 (CDA), or, alternatively, that Lycos and Terra Networks are liable for inducing the

continued abuse and harassment of the Plaintiffs by the John Doe Defendants, in violation of

State and Federal law.     Accordingly, the proposed Amended Complaint attempts to cure

whatever perceived deficiencies may have existed in the complaint before the Court at the October 11, 2005, hearing.

As this Court fully appreciates, the allegations of the proposed Amended Complaint are based upon information which has been independently developed, without any benefit of discovery. Moreover, such allegations are based, in material part, upon facts which have come to light subsequent to January 2005, the date on which the prior complaint was filed. Accordingly, it was not possible to include such information in the prior filed complaint, which was before this Court on October 11, 2005.

The allegations of the proposed Amended Complaint, include allegations, [DE 81, Exhibit 1 @, Paragraphs 38 to 43], which, when taken collectively, compel the conclusion, that the Defendants Lycos and Terra Networks, contribute to the development of the content of the information appearing in the postings on the Raging Bull web site. As more fully set forth below, the construct and operation of the Lycos Network is anything but "content neutral".

In brief, the proposed Amended Complaint is based upon Lycos and Terra Networks conduct, which is calculated to both enhance the credibility of the postings on the message boards of the Raging Bull web site, and encourage subscriber misconduct, [DE 81, Exhibit 1 @, Paragraphs 38-43],

- by facilitating the repeated posting of the same misinformation under different aliases, thereby attributing the same misleading information to different sources so as to increase its credibility, [DE 81, Exhibit "1" @ Paragraph (43)(a)];

- by linking of the message boards on the Raging Bull web site to financial sites on the Lycos Network so as to elevate the status of such misinformation, thereby

2

cloak such information with an objectivity comparable to these other linked sites (e.g. QUOTE.COM), [DE 81, Exhibit "1" @ Paragraph (43)(b)]; and,

- by its policies and business practices which have the effect of encouraging its more offensive subscribers to continue to harass and abuse the Plaintiffs, notwithstanding the entry of an injunction against such subscribers, [DE 81, Exhibit "1" @ Paragraph (43)(c)-(e)].

Such construct and operation of the Lycos Network contributes, in a material way, to the development of the content of information posted on the Raging Bull web site. Moreover, the business practices of the Lycos, encourages the misuse of the Raging Bull web site, and, thereby, subjects Lycos to liability as an "inducer" of such misconduct, notwithstanding the potential availability of statutory immunity. Accordingly, Plaintiffs' proposed Amended Complaint seeks to hold all of the Defendants liable as "content providers". No immunity is accorded to an interactive computer service, which participates in the creation, or in the development, of information in postings appearing on its service, *Ben Ezra Weinstein & Company, Inc. v. America Online (AOL), Inc.*, 206 F.3d 980, 985 FN4 (10th Cir. 2000)

B. The Construct Of The Lycos Network Is Not "Content Neutral" - The Lycos Network, specifically, the web pages accessible on the Lycos Network, are based upon sophisticated software routines that are proprietary[1] to Lycos and to Terra Networks. It is undisputed that the content of expression of a computer generated screen, such as a web pages accessible on the Lycos Network, (including the Raging Bull web site), is inclusive of not only

---

[1] The Lycos and Terra Network copyright notices are prominently claimed on each and every screen that appears when it services are accessed. These copyrights covers not only the software generated computer screens and menus, how such information is accessed and displayed and the non-literal expressive content of the web pages which are generated on this Network.

the factual information which is explicitly communicated, but also how such information is presented or accessed, See *Lotus Development Corp. v. Paperback Software International*, 740 F.Supp. 37, 58 (D. Mass. 1990) – holding that elements of expression, even if embodied in useful articles..., if capable of identification and recognition independently of the functional ideas that make up the useful article, are not subsumed by, or merged into, the useful article – the so-called "non-literal" form of expression.

As more fully set forth herein, the non-literal expressive content of the Lycos Network, (e.g. user interface associated with registration process), contributes to the development of the content of the postings appearing on the message boards of the Raging Bull web site. Moreover, such non-literal expressive content, when combined with the Lycos operation of its Network, and its business practices, sends an unmistakable message to its subscribers – namely, that the recited user restrictions in the Lycos Subscriber Agreement (Prohibited Conduct) represent illusory controls since the registration process is ineffective to restrict access to the Network.

C.      Construct Of Lycos Network Is "Content Enhancing" - In the instant case, the construct of the Lycos Network, which includes the user interface of the web pages associated with the subscriber registration process, permits the registration of an individual under multiple aliases, and thereby the repeated posting of the same information by the same subscriber under a different screen name. This user interface, thus, permits a subscriber, with multiple aliases, to attribute the same misinformation to multiple sources (aliases), and thereby increase the credibility of such misinformation.

The foregoing flaws/permissiveness in the construct of the user interface for the subscriber registration process is known to Lycos and Terra Networks, and is also known to its subscribers, particularly, the subscribers such the John Doe Defendants named herein.    It is

4

undisputed that a number of the Lycos subscribers, including the John Doe Defendants, have and continue to avail themselves of this user interface, to register under multiple aliases, and repeatedly post the same information under different aliases.

The user interface associated with the Lycos subscriber registration process is, thus, anything by "content neutral" because it solicits unverified personal information from a potential subscriber, and thereby invites the individual subscriber to furnish bogus personal information, and thereby cloak his identity under multiple aliases[2].  .  The Lycos knowledge, and forbearance in the abuse of the subscriber registration process, along with the non-literal expressive aspects of the user interface associated with Lycos registration process, sends an unmistakable message, to its abusive subscribers, such as the John Doe Defendants named herein.  That message is that (a) abuse of the registration process, by submission of bogus personal information, is permissible, and (b) Lycos lacks the ability to restrict access to its Network, since it cannot ascertaining the true identity of its subscribers.    Accordingly, Lycos encourages abuse of its Network.

D.    Lycos "Promotes" Subscriber Wrongdoing – The Lycos Network linkage of the Raging Bull (UCSY) message board to other financial sites of factual objective information (QUOTE.COM), has the effect of promoting the Raging Bull (UCSY) message board, and the stock manipulator messages that appear on such boards, to both existing stockholders and potential investors.    Such linkage of the Raging Bull (UCSY) message board to other sites, increases the stock manipulator audience, and consequently the market influence of such misinformation.    This promotion of the stock manipulator wrongdoing is actionable, *John Doe*

---

[2]    The adoption of multiple aliases is a known and recognized technique by posters, which is used by them both to repeatedly post the same misinformation; and to frustrate attribution of the same misinformation to a single individual or common source.

5

*et al. v. GTE Corp. et al.*, 347 F.3d 655, 659 (7th Cir. 2003).    In its analysis of the potential liability of an internet service provider, the *GTE* Court specifically held that liability can attach to conduct of an internet service provider where it provides "culpable assistance" to a wrongdoer, or engages in action, e. g. by directing network traffic to the offensive site, which has the effect of "promot(ing) the wrongful venture's success", *Id.* @ 659.    Under the facts of this case, LYCOS is guilty of providing "culpable assistance" to the abusive posters, as a result of its construct of its Network and, has <u>actively</u> engaged in the "promotion" of the "UCSY" message board on the Raging Bull hosted site, through its linkage of the UCSY message board to other hosted sites on the Lycos Network.    Such "culpable assistance" is not in dispute!

      E.    <u>Lycos Policies/Business Practices "Encourage" Subscriber Abuse</u> – The proposed Amended Complaint alleges that Lycos involvement with its subscribers extends well beyond both the parameters of its Subscriber Agreement, and the environment of its Network.    This involvement includes both intervention in legal proceedings to prevent the application of an injunction against such subscribers, and, in the provision of legal assistance to its subscribers to resist enforcement of an injunction.    The proposed Amended Complaint is specific with respect to each of these elements, [DE 81, Exhibit "1", @ Paragraph 43(d) & (e)].

      In the instant case, the Lycos Network is known to be abused by certain of its subscribers, notably the John Doe Defendants named herein.    Not only does Lycos acknowledge the potential for such abuse in its Subscriber Agreement at Paragraph 6, "Prohibited Conduct", but when litigation is initiated against one of its subscribers, Lycos resists disclosure of the subscriber's identity, even though the subscriber has waived such disclosure, Lycos Subscriber Agreement, annexed hereto as <u>Exhibit "1"</u>.    More recently in litigation against Lycos Subscribers pending in state court in Florida, Lycos has intervened in an action against two of its

6

subscribers, ostensibly to protect some undefined Lycos interest[3]. The thrust of the Lycos intervention has been to frustrate enforcement of an injunction entered against two of its subscribers; and, to provide legal assistance to such subscribers to evade the enforcement of the injunction entered against them, Lycos counsel drafting of "Discovery Order" for subscriber Roberto Villasenor in *Universal Communications Systems, Inc. v. Dembovich et al*, Case No. 04-27383-CA-01 (Fla. DC, 11th Judicial Circuit), Lycos Counsel assistance to subscribers annexed hereto as Exhibit "2". The foregoing obstructive policies/practices, in conjunction with the Lycos laissez faire operation of the Lycos Network, encourage its subscribers to continue to harass and abuse the Plaintiffs, in defiance of a State Court injunction. The proposed Amended Complaint explicitly alleges that such policies/practices, relative to participation in subscriber resistance to third party claims, contributes to the development of the content of the information on the USCY message board of the Raging Bull web site, [DE 81, Exhibit "1" @ Paragraphs (43)(d) & (e)].

Under analogous circumstance, similar encouragement of wrongdoing, notwithstanding the existence of comparable statutory immunity, (17 USC 521(a)), has subjected the entity providing encouragement to its software subscribers, to liability for the tortioius conduct of its subscribers, See *Metro-Goldwyn-Mayer (MGM) Studios, Inc. v. Grokster*, 125 S.Ct. 2764 (2005). In the *Grokster* case, a software supplier provided support to its software subscribers, to assist them in the unauthorized copying of copyrighted works. In interpreting the software developer's (*Grokster*) liability for copyright infringement, the Supreme Court reversed the

---

[3]    See Third Party Intervenor Lycos, Inc.'s Motion To Intervene With Supporting Memorandum Of Law, in *Universal Communications Systems, Inc. v. Dembovich et al*, Case No. 04-27383-CA-01 (Fla., 11th Judicial Circuit), [DE 76, Opp To Lycos Motion To Dismiss, Exhibit "1"]; and Third Party Intervenor Lycos, Inc.'s Memorandum Of Law In Support Of Its Motion To Dissolve Or Amend Final Judgment Of Injunction, in *Universal Communications Systems, Inc. v. Dembovich et al*, Case No. 04-27383-CA-01 (Fla., 11th Judicial Circuit), [DE 76, Opp To Lycos Motion To Dismiss, Exhibit "2"]

Circuit Court decision, notwithstanding the statutory immunity under the copyright law, based upon the software provider furnishing assistance to its subscribers (copyright infringers), which was tantamount to <u>inducing</u> infringement of MGM copyright.   Under the analysis in *Grokster*, a software distributor's liability for its subscriber's misconduct could arise even if there were substantial <u>legitimate uses</u> for the same software.   The foregoing principles, and the analysis set forth by the Supreme Court in *Grokster*, are equally applicable to the facts of this case.

F.     <u>The Proposed Amended Complaint Is Not "Futile"</u> - The Communication Decency Act (47 USC §230) does not provide "content providers" with immunity from liability for claims for harassment and abusive postings appearing upon the internet.   The distinction between merely publishing information provided by a third-party, as an interactive computer service, and actually creating or developing any of the information posted as an information content provider is critical. See *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1067.   That distinction determines whether the CDA provides immunity to a provider or user of an interactive computer service. See 47 U.S.C. § 230(c)(1).

As is evident from the foregoing, the construct (user interface) of the Lycos Network is not "content neutral", but rather includes non-literal expressive aspects, which contribute in a material way to the development of the content of the postings appearing upon the UCSY message board of the Lycos Network.

Moreover, the construct and operation of the Lycos Network, in conjunction with the business practices adopted by Lycos, relative to obstruction of enforcement of third party rights against its subscribers, <u>encourages</u> such subscribers to continue to engage in conduct which is acknowledge to be both offensive and illegal, thereby <u>inducing</u> the continued violation of third party rights – even to the extent of violating a restraining order against such subscribers.

8

Accordingly, the facts alleged in the proposed Amended Complaint, if proven, establish that Lycos either contributes to the development of the content of information on the internet or alternatively, is inducing the continued offensive and illegal conduct by its subscribers in violation of third party rights.

## II.    PLAINTIFFS' REPLY TO THE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTOIN TO AMEND

A.    Background - The October 11, 2005, hearing before this Court, was the first instance in which the Plaintiffs have received judicial scrutiny of their complaint against Lycos and Terra Networks.    The arguments advanced at this hearing, in support of the complaint before the Court, were unavailing because of the failure to adequately articulate a legal rational for imposing liability against Lycos and Terra Networks.    The proposed Amended Complaint has removed this deficiency, and has more precisely delineated the specific conduct which support this legal theory of liability.

B.    Amendment Of Complaint Is Within The Sound Discretion Of Court - On October 11, 2005, this Court ruled that the Plaintiffs' complaint failed to state a cause of action under Rule 12(b)(6).    The Electronic Clerk's Notes, pertaining to the District Court's decision, invited the filing of additional pleadings "requesting further remedies".    On October 13, 2005, pursuant to the apparent invitation by the Court, as set forth above, the Plaintiffs' filed a Motion For Leave To Amend Complaint [DE 81].    A copy of the proposed Amended Complaint accompanied the filing of the Plaintiffs' Motion.    It is noted that the hearing on October 11, 2005, was the first instant[4] that judicial review and scrutiny of the pleadings in this matter had

---

[4]    There have been only two (2) lawsuits filed by the Plaintiffs against the Defendants seeking affirmative relief from the postings appearing on the Raging Bull web site.    The first lawsuit was filed in July 2004, and thereafter

9

taken place; and, the proposed Amended Complaint sought to remove the objections noted by the Court, at the October 11, 2005, hearing.

C.    TERRA Opposition – The Terra Opposition assumes, incorrectly, that (a) the October 11, 2005, decision made relative to the Motions To Dismiss, is an appealable final order and, thus, absent reconsideration of the determinations made on October 11th, either pursuant to Rule 59/60 Motion, the UCSY Motion To Amend is procedurally improper [DE 82 @ 2-3]; and, alternatively, (b) the proposed Amended Complaint is "futile" because it is also barred by the CDA (47 USC §230) for the same reasons asserted by Lycos & Terra in their prior filed Motions To Dismiss, [DE 6—7]

D.    USCY Reply To Terra Networks Opposition – At the outset it is noted that this Court did not enter a final judgment, as to any of matters before it on October 11, 2005.    The Electronic Clerks Notes for October 11, 2005, make it crystal clear that the Court was inviting the additional filing of "papers requesting further remedies".    Plaintiffs have interpreted the Court's comment as inviting the proposed Amended Complaint [DE 81]; and, such interpretation is consistent with the law of this Circuit, *Acevedo-Villalorobos et al. v. Hernandez et al.*, 22 F.3d 384, (1st Cir. 1994)  In *Acevedo-Villalorobos*, this Circuit adopted, as its standard of review, of the appealability of a decision granting a motion to dismiss, the law in 2nd & 8th Circuits, specifically, that the right to amend terminates upon the dismissal of the complaint, the dismissal of the complaint is set forth in a separate document, the plaintiffs understand that the judgment is

___

transferred, to this District Court on motion by Lycos.  This first lawsuit (*Universal Communication Systems, et al v. Lycos, Inc. et al* (Case No. 04-21618-Martinez, S.D. Fla.), was assigned Case No. 10435-REK.  This first lawsuit was voluntarily dismissed by Plaintiffs.  The second lawsuit, was filed in January 2005, only after the District Court refused to entertain a Motion To Amend.  This second lawsuit was assigned Case No. 11172-REK.  All of the other lawsuits noted in the Lycos Motion [DE 85] were filed for tactical reasons, specifically, to secure discovery from Lycos ("pure bills of discovery" or third party discovery).  In each instance, these tactical lawsuits were either discontinued, upon the transfer of the prior case from Florida to Massachusetts; or, in the case involving *Turner Broadcasting*, this matter is on appeal.  There is no final order awarding Rule 11 sanctions to anyone.

final, and lastly, that the dismissal is consistent with the Supreme Court's definition of "final decision, *Id.* @ 388  A "final decision" being defined one that ends the litigation on the merits, with nothing for the court to do but to execute the judgment, *Id.* @ 388

Clearly, an order articulating the basis of the Court's legal conclusion, is mandated in order for effective appellate review.  No such written order has ever been entered.  Moreover, under the facts of this case, the dismissal of the complaint against Lycos and Terra Networks did not dispose of the action for two reasons, namely, the continued presence of other John Doe Defendants in case, and, the Plaintiffs' contention that Lycos and Terra Networks were and continue to be indispensable parties to the Plaintiffs pursuit of its claims against these John Doe Defendants.   Moreover, unlike the facts in *Acevedo-Villalorobos*, the Plaintiffs did not understand the Court's decision on October 11, 2005, to end the litigation – there being no motions under Rule 59 or Rule 60, to modify or vacate any order of dismissal.

The proposed Amended Complaint is clearly distinguishable both in its factual basis and legal predicate from the Complaint before the Court on October 11, 2005.  These distinctions have been noted above, and are once again more fully elaborated below in the discussion of the Lycos Opposition [DE 85].

The decision by the Court, granting the Lycos Motion To Dismiss, left undisturbed the jurisdictional issues, raised by Terra Networks, since the Terra Networks Motion To Dismiss was simply rendered moot.   More specifically, neither the counsel for the Plaintiffs, nor the counsel for Terra Networks, ever addressed any arguments relative to the Terra Networks challenge to the Court's personal jurisdiction over Terra Networks, since counsel for both parties agreed the Court's decision according Lycos statutory immunity, was also dispositive of the

11

Terra Networks' Motion.    Accordingly, there was no judicial determination relative to the jurisdictional issues involving Terra Networks.

E.    Lycos Opposition – The Lycos Opposition parrots the Terra Networks Opposition. In addition to the grounds set forth above, Lycos mischaracterizes the litigation in the Southern District of Florida as somehow representing multiple (and unsuccessful) efforts by Plaintiffs to amend their prior complaint against it.

F.    USCY Reply To Terra Networks Opposition - As noted in footnote (4) to this Reply, there have been only two (2) lawsuits filed against Lycos seeking substantive relief. Each of these case were transferred to this district, and first to be filed of these cases was voluntarily dismissed by the Plaintiffs', at the Court's suggestion relative to simplification of the issues. All other matters involving Lycos were tactical lawsuits (e.g Petitions For A Pure Bill Of Discovery, or the pursuit unrelated claims against unrelated parties, which were to be used to obtain third party discovery against Lycos). These collateral matters were necessary expedients to secure discovery against Lycos in the Southern District of Florida. When the two (2) lawsuits filed against Lycos seeking substantive relief were transferred from Florida to this District Court, the Plaintiffs discontinued its pursuit of these collateral matters.

G.    Amendment Of The Complaint Is Not Futile –

1.    Lycos & Terra Networks Do Not Qualify For §230 Immunity - The precedent relied upon by both Lycos and Terra Networks, in their respective Motions To Dismiss, are based upon the underlying principle that an internet service provider is simply a conduit for the conveyance/distribution of the postings of another, a role or function that is distinct from an individual regarded to be the source or author of such information, *Green v. America Online*

12

*(AOL), Inc.* 318 F.3d 465 (3rd Cir. 2003); *Ben Ezra Weinstein & Company, Inc. v. America Online (AOL), Inc.*, 206 F. 3d 980 (10th Cir. 2000). In the *Ben Ezra Weinstein* case, it was, however, conceded by AOL that.

"...in an appropriate situation, an interactive computer service could act as an information content provider by participating in the creation or development of information, and thus not qualify for §230 immunity, *Id.* @ 985 FN4.

The factual allegations of the proposed Amended Complaint sets for an "appropriate situation", [DE 81, Exhibit "1" @ Paragraphs 38-43], for concluding that Lycos and Terra Networks do "not qualify for §230 immunity".

2. Prior Complaint Dismissed For Failure To Sufficiently Articulate A Legal Theory Against Lycos & Terra Networks - At the hearing, which granted the LYCOS Motion To Dismiss [DE 66], under Rule 12(b)(6), the Court ruled that the allegations of the Amended Complaint, specifically Paragraphs 35 and 36, were insufficiently plead to establish that either LYCOS or TERRA NETWORKS had rendered "culpable assistance" to the John Doe Defendants, in respect to their postings of information on the UCSY message board of the RAGING BULL web site. In reaching its decision, the Court indicated that the Plaintiffs could not argue that the factual allegation of Paragraph 35 & 36 of the prior Amended Complaint, support the legal conclusion that the "construct and operation" of the LYCOS NETWORK contributed to the development of the information on the UCSY message board of the RAGING BULL web site, because the Amended Complaint did not seek to hold either LYCOS or TERRA NETWORKS liable to Plaintiffs as a content provider. The proposed Amended Complaint has removed the latter deficiency in the pleadings.

13

H.    Housekeeping Amendments – A number of housekeeping amendments have also been made to correct typographic errors; and, to demand a jury trial.

I.    Good Cause To Permit Further Amendment - Notwithstanding that the Plaintiffs' claims against the Defendants, in one form or another, have been pending for more than 15 months, the hearing before this Court on October 11, 2005, was the first opportunity in which judicial scrutiny and comment on the sufficiency of the pleading has been offered. Accordingly, the Plaintiffs have not, until October 11, 2005, been apprised of any deficiencies in their pleadings, and, therefore, have not had an opportunity to refine their allegations against the Defendants to comply with the guidance of the Court. Thus, the proposed amendments are the first instance in which the Plaintiffs have had to clarify, and more precisely refine, the basis of their complaints against the Defendants, consistent with Rule 12(b)(6).    Accordingly, the Plaintiffs believe that there their proposed Amended Complaint comports with the pleading requirements of Rule 12(b)(6); and, that good cause has been shown to exist for granting the instant Motion For Leave To Amend. Accordingly, the Plaintiffs, respectfully, request that their Motion For Leave To Amend be granted.

J.    Relation Back - Insofar as the claims asserted in the proposed Amended Complaint arise out of the same set of operative facts as the prior pleading, it is also respectfully requested that the date of filing of the proposed Amended Complaint related back to the date of the filing of the original pleadings in this matter.

Respectfully,

John H. Faro, Esq.

14

(BBO #159260)

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL 33130
Phone (305) 424-1112
Fax     (305) 424-1114

EXHIBIT "1"

(LYCOS SUBSCRIBER AGREEMENT)

16

EXHIBIT "2"

(LYCOS COUNSEL PROVIDING LEGAL ASSISTANCE TO SUBSCRIBER)

## CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
## AMENDED COMPLAINT [DE 81]

was served upon counsel of record, as per attached Distribution, by First Class Mail,

postage pre-paid, this 15th day of December, 2005.

Respectfully,


John H. Faro, Esq.
(BBO #159260)


DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone 860, 293-3596
Fax    860, 293-3555

18

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

## CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

### PLAINTIFFS' OPPOSITION TO LYCOS MOTION
### FOR RULE 11 SANCTIONS [DE 90]

was served upon counsel of record, as per attached Distribution, by First Class Mail,

postage pre-paid, this 3rd day of February, 2006.

Respectfully,

John H. Baro, Esq.
(BBO #159260)

DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone  (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA  02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103
Phone  860, 293-3596

14

Fax     860, 293-3555

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210