IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNIVERSAL COMMUNICATION ) | |
| SYSTEMS, INC. (A Nevada Corporation), ) | |
| MICHAEL J. ZWEBNER (individually) & ) | |
| Others Similarly Situated ) | |
| Plaintiffs ) | CIVIL ACTION |
| vs. ) | CASE NO. 05-11172-REK |
| ) | |
| LYCOS INC. *dba* THE LYCOS ) | |
| NETWORK & TERRA NETWORKS, S.A.,) | |
| JOHN DOE #1 aka *"the_worm06"*, ) | |
| JOHN DOE #2 aka *"no_insiders"*, ) | |
| JOHN DOE #3 aka *"the_worm_06A"*, ) | |
| JOHN DOE #4 aka *"65175R"*, ) | |
| JOHN DOE #5 aka *"Henry_Johnson123"* &) | |
| JOHN DOE #6 aka *"quondo1"* ) | |
| JOHN DOE #7 aka *"Tobias95"* ) | |
| JOHN DOE #8 aka *"CrawleySmith"* ) | |
| Defendants ) | |
| _____/ | |

PLAINTIFFS' OPPOSITION TO LYCOS
SECOND MOTION FOR RULE 11 SANCTIONS [DE 96]

The Plaintiffs, Universal Communication Systems, Inc, (herein also "UCSY") and Michael J. Zwebner, (herein also "ZWEBNER"), by an through the undersigned counsel, herein respond by way of Opposition to the Defendant, Lycos Second Motion For Rule 11 Sanctions.

Summary Of Opposition

The Lycos Second Motion For Rule 11 Sanctions [DE 96] has been rendered moot by the Court's denial of the Plaintiffs' Motion For Clarification (Rule 59) or Modification Of Order Denying Plaintiffs' Motion For Leave To Amend, February 1, 2006, Order [DE 95], prior to the

expiration of the 21 day "safe harbor" period set forth in Rule 11(C)(1), *Giganti et al v. Gen-X Strategies et al*, 222 F.R.D. 299, 305-06, FN[14] (D. E.D. Va. 2004).

Background – The Defendant, Lycos, Inc., served its notice of intent to file a Second Motion For Rule 11 Sanctions, on January 12, 2006 (by Hand Delivery to Boston Counsel for Plaintiffs). This Lycos' Second Motion sought Rule 11 sanctions, based upon the Plaintiffs' filing of Plaintiffs' Motion For Clarification (Rule 59) and/or Modification Of Order Denying Plaintiffs' Motion For Leave To Amend. On February 1, 2006, or twenty (20) days after the Defendant, Lycos, Inc. served Plaintiffs with its Rule 11 notice, this District Court entered an Order [DE 96] in which it denied the Plaintiffs' Motion For Clarification (Rule 59) and/or Modification Order Denying Plaintiffs' Motion For Leave To Amend.

## MEMORANDUM IN OPPOSITION

A.   <u>The Lycos Second Motion For Rule 11 Sanctions Was Rendered Moot On February 1, 2006, Upon The District Court's Denial Of The Plaintiffs' Motion For Clarification (Rule 59) or Modification Of Order Denying Plaintiffs' Motion For Leave To Amend, Within The Twenty-One Day "Safe Harbor" Period Of Rule 11</u> - A condition precedent to the imposition of Rule 11 sanctions, is affording a party an opportunity to withdraw a pleading which is allegedly either frivolous, or filed for an improper purpose.  More specifically, Rule 11 provides, in pertinent part, a "safe harbor" period of 21 days, within which a party is first placed on notice, by his adversary, of its intent to file a Motion under Rule 11 if the allegedly frivolous pleading is not withdrawn, Rule 11(C)(1).  In this case, Lycos viewed the Plaintiffs' Motion For Clarification (Rule 59) or Modification Order Denying Plaintiffs' Motion For Leave To Amend as both "frivolous" and/or filed for an improper purpose (e.g. harassment).  Lycos served local counsel for the Plaintiffs with a notice of its intent to seek Rule 11 sanctions, and its proposed Second Motion For Rule 11 Sanctions, on or about <u>January 12, 2006</u>.  Lycos, Inc. relies upon this Court's dismissal of the prior pending complaint on October 11, 2005, as foreclosing any and all claims against them, Lycos Second Motion @ 2, [DE 96 @ 2].

On <u>February 1, 2006</u>, <u>twenty (20) days</u> after the Lycos service of its notice, and <u>before</u> the expiration of the Rule 11 safe harbor period, this Court entered an Order [DE 95] denying the Plaintiffs' Motion.  Accordingly, the Lycos Rule 11 Motion For Sanctions has, under such circumstances, been rendered moot, *Giganti et al v. Gen-X Strategies et al,* 222 F.R.D. 299, 305-06, FN[14] (D. E.D. Va 2004)

The imposition of Rule 11 sanctions against the Plaintiffs for the filing of their Motion For Clarification and/or Modification would be inappropriate, even if the Lycos Motion had not been rendered moot, for the following reasons:

B.    Standard Of Review – The standard for evaluation of the Plaintiffs and their counsel's conduct, relative to the filing of the Motion For Clarification and/or Modification, is to be based upon the "objective reasonableness of the litigants conduct under the totality of the circumstances", *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992).  The factors to be assessed in making a determination, under the foregoing circumstances, include "…the complexity of the subject matter, the party's familiarity with it, the time available for inquiry and the ease (or difficulty) of access to the requisite information.", *Id.*

C.    The Plaintiffs' Motion For Clarification and/or Modification Was Not Objectively Frivolous – This Court's Order & Memorandum of December 22, 2005, is at best confusing, because it fails to include any analysis or reasoning, relative to the choice of law applied by the Court in the dismissal of the Plaintiffs' claims, particularly the claim by the corporate Plaintiff, Universal Communication System, Inc., under the Florida law anti-dilution law (Chapter 495.151, Fla. Stats.) – specifically, the claim arising under the intellectual property law of the State of Florida, for which no immunity is accorded under the Communication Decency Act.

In addition, the analysis and reasoning of the Court implicitly includes certain factual findings as to the "construct" of the Lycos Network.  Plaintiffs have and continue to assert that the construct of this Lycos web site is not content neutral, but rather is "content enhancing".  This Court's Order & Memorandum of December 22, 2005, has failed to deal with this

4

distinction.  Clearly, there has been nothing offered by the Defendants on the record which refutes this latter contention by the Plaintiffs.  The Plaintiffs' Motion For Clarification and/or Modification was intended to provide the Court with an opportunity to provide such insight, and thereby afford the appellate Court the benefit of its rational at the time of appellate review.

D.    Summary & Conclusion – The Lycos Second Motion For Rule 11 Sanctions has been rendered moot on February 1, 2006, by this Court denial of the Plaintiffs' Motion For Clarification and/or Modification of the Order & Memorandum of December 22, 2005, within the 21 day safe harbor period of Rule 11.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL  33130
Phone  (305) 424-1112
Fax     (305) 424-1114

CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

PLAINTIFFS' OPPOSITION TO LYCOS
SECOND MOTION FOR RULE 11 SANCTIONS [DE 96]

was served upon counsel of record, as per attached Distribution, by First Class Mail, postage pre-paid, this 7th day of February, 2006.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone 860, 293-3596

Fax    860, 293-3555

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

7