UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSAL COMMUNICATIONS SYSTEMS, INC. AND MICHAEL J. ZWEBNER,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERTO VILLASENOR, JR.,<br>    a/k/a "the_worm06",<br>JOHN DOE #2 a/ka/ "no_insiders",<br>ROBERTO VILLASENOR, JR.,<br>    a/k/a "the_worm_06A",<br>JOHN DOE #4 a/k/a "65175R",<br>JOHN DOE #5 a/k/a "Henry_Johnson123",<br>JOHN DOE #6 a/k/a "quondol",<br>JOHN DOE #7 a/k/a "Tobias95", and<br>JOHN DOE #8 a/k/a "CrawleySmith",<br><br>    Defendants. | Civil Action Number 05-11172-REK |

## PLAINTIFFS' MOTION FOR
## ENTRY OF SEPARATE AND FINAL JUDGMENT

Pursuant to Fed. R. Civ. P. 54(b), the Plaintiffs, Universal Communications Systems, Inc. and Michael J. Zwebner, hereby move this court to determine that there is no just reason for delay in the entry of separate and final judgment as set forth below and to direct the Clerk to enter Final Judgment as follows:

    i.    In favor of Defendants Lycos, Inc. d/b/a The Lycos Network and Terra Networks, S.A., dismissing Counts I (Fraudulent Securities Transactions – F.S. § 517.301), Count II (Cyber Stalking Under Federal Law – 47 U.S.C. § 223), Count III (Dilution of Trade Name – F.S. § 495.151 et seq.) and Count IV (Cyber Stalking Under State Law – F.S. § 784.048 et seq.) of the Amended Complaint as against Defendants Lycos, Inc. d/b/a The Lycos Network and Terra Networks, S.A.; and

    ii.  In favor of Defendants Lycos, Inc. d/b/a The Lycos Network and Terra Networks, S.A., denying Plaintiffs' motion for leave to amend their complaint as to these Defendants.

In support of this motion, the Plaintiffs state as follows:

1. On October 11, 2005, after oral argument, this Court orally granted the motions to dismiss of the Defendants Lycos, Inc. ("Lycos") and Terra Networks, S.A. ("Terra") thereby dismissing this action in its entirety as to Lycos and Terra on the grounds that such claims are barred by the immunity provisions set forth in the Communications Decency Act, 47 U.S.C. § 230. In so doing, the Court rejected Plaintiffs' argument that Lycos and Terra could potentially be held liable as content provider, notwithstanding 47 U.S.C. § 230, for having contributed to the development of the offending content on the UCSY message board of the RAGING BULL website, opining that the Plaintiffs had not alleged facts sufficient to put the Defendants on notice of any such claim.

2. The Plaintiffs subsequently sought leave of Court to amend their complaint in an effort to cure the deficiency perceived by the Court, however, the Court denied Plaintiffs' request as to Lycos and Terra by Memorandum of Decision and Order dated December 21, 2005.

3. As a result of the Court's rulings, the sole claim remaining for adjudication in this action is Count I (fraudulent securities transactions – F.S. § 517.301) as against the eight John Doe Defendants.

4. Pursuant to Rule 54(b), this Court may direct entry of a final judgment as to fewer than all parties in a civil action upon "an express determination that there is no just reason for delay." Clair Intern., Inc. v. Mercedes-Benz of North America, Inc., 124 F.3d 314, 318 (1st Cir. 1997); Fed. R. Civ. P. 54(b).

5.  In evaluating the appropriateness of entering separate and final judgment under Rule 54(b), the Court must engage in a two-part inquiry. First, the Court must determine whether the action in question has the "requisite aspects of finality." State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996), citing, Darr v. Muratore, 8 F.3d 854, 862 (1st Cir.1993); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir.1988). Second, must assess "1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review." Brockrim, 87 F.3d at 1489, citing, Credit Francais Int'l, S.A. v. Bio–Vita, Ltd., 78 F.3d 698, 706 (1996); Kersey v. Dennison Mfg. Co., 3 F.3d 482, 486 (1st Cir.1993); Spiegel, 843 F.2d at 43.

6.  To be "final" for purposes of Rule 54(b), a "judgment must dispose of all the rights and liabilities of at least one party as to at least one claim." Brockrim, 87 F.3d at 1489-1490, citing, Credit Francais Int'l, S.A., 78 F.3d at 706; Curtiss–Wright Corp. v. General Electric Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). Alternatively, a final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Brockrim, 87 F.3d at 1490, citing, Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994) (quoting, Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

7.  Here, the Court's rulings possess the requisite degree of finality for purposes of entering separate and final judgment under Rule 54(b) because the orders for dismissal and denying leave to amend end the litigation against Lycos and Terra on the merits and leave nothing further for this Court to do with respect thereto but execute the judgment.

8.  Additionally, although there may be some interrelationship or overlap among the various legal and factual issues involved between the remaining pending claims and those that

3

have been dismissed, there is no just reason for delay in entry of separate and final judgment because the threshold question of immunity under 47 U.S.C. § 230 as applied to the actions of Lycos and Terra involves factual and legal issues that are clearly separate and distinct from the underlying, substantive claims.

9. Finally, in light of the (a) irreparable harm that Plaintiffs contend they are suffering as a result of the "culpable assistance" that Defendants Lycos and Terra have rendered to the John Doe Defendants, (b) narrow scope of the question upon which Plaintiffs seek early review, and (c) this Court's statement that it "appears extremely likely that, if the Plaintiffs choose to maintain a single-count charge against these eight [John Doe] defendants, this case will be dismissed for lack of personal jurisdiction or incorrect venue," Memorandum of Decision and Order, Dated Decembr 21, 2005, at 10, the Plaintiffs' need to pursue an early appeal through entry of separate and final judgment far outweighs any potential negative impact associated with piecemeal litigation of this issue.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter separate and final judgment as requested herein.

4

PLAINTIFFFS UNIVERSAL
COMMUNICATIONS SYSTEMS, INC. AND
MICHAEL J. ZWEBNER,

By their attorneys,

*/s/ Matthew P. Zayotti*

Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

John H. Faro, BBO #159260
Faro & Associates
44 West Flagler Street, Suite 1100
Miami, Florida 33130
(305) 424-1112

Dated: February 27, 2006

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew P. Zayotti, hereby certify that on January 31, 2006, I conferred with Rachel Zoob-Hill, Esq. of Dwyer & Collora, LLP, counsel for the Defendant Lycos, Inc. d/b/a The Lycos Network, and James J. Reardon, Jr., Esq. of LeBoeuf, Lamb, Greene & MacRae, LLP, counsel for the Defendant Terra Networks, S.A., in a good faith attempt to resolve or narrow the issues related to this motion.

*/s/ Matthew P. Zayotti*