UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____  )
                                     )
UNIVERSAL COMMUNICATION SYSTEMS,     )
INC., MICHAEL J. ZWEBNER, and others )
similarly situated,                  )
       Plaintiffs                    )
                                     )
       v.                            )
                                     )
LYCOS INC. d/b/a THE LYCOS           )
NETWORK, TERRA NETWORKS, S.A.,       )   CIVIL ACTION
JOHN DOE #1 a/k/a "the_worm06,"      )   NO. 05-11172-REK
JOHN DOE #2 a/k/a "no_insiders,"     )
JOHN DOE #3 a/k/a "the_worm_06A,"    )
JOHN DOE #4 a/k/a "65175R,"          )
JOHN DOE #5 a/k/a "Henry_Johnson123,")
JOHN DOE #6 a/k/a "quondo1,"         )
JOHN DOE #7 a/k/a "Tobias95," and    )
JOHN DOE #8 a/k/a "CrawleySmith,"    )
       Defendants                    )
_____  )

**Memorandum and Order**
March 3, 2006

**I.  Pending Matters**

Pending for decision are matters related to the following filings:

(1) Defendant Lycos Inc.'s Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro (Docket No. 90, filed January 4, 2006); and

(2) Defendant Lycos Inc.'s Second Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro (Docket No. 96, filed February 6, 2006).

## II. Factual and Procedural Background

Plaintiff Michael J. Zwebner is the chief executive officer and chairman of the board of plaintiff Universal Communications Systems, Inc. ("UCSY"), which is incorporated in Nevada and has corporate offices in Florida.  Plaintiffs brought suit on behalf of themselves and a class of similarly situated persons for claims arising out of allegedly defamatory messages posted on the Raging Bull Internet message board dedicated to messages related to UCSY.  Plaintiffs allege that defendants Lycos, Inc., doing business as The Lycos Network ("Lycos"), and Terra Networks, S.A. ("Terra"), play some role in operating this message board.  Plaintiffs also allege that the eight John Doe defendants are individual subscribers to The Lycos Network who posted defamatory messages on the message board.

Plaintiffs brought four counts against these multiple defendants.  Count I alleged fraudulent securities transactions under Fla. Stat. § 517.301.  Count II alleged cyberstalking under 47 U.S.C. § 223.  Count III alleged dilution of trade name under Fla. Stat. § 495.151 et seq.  Count IV alleged cyberstalking under Fla. Stat. § 784.048 et seq.  Plaintiffs sought damages of $100 million each for Counts I, II, and III, as well as an injunction requiring defendants to delete the message board and any previous postings on the message board.  Plaintiffs also sought an injunction prohibiting defendants from creating and maintaining any similar message board.

In another action arising out of the allegedly defamatory message board postings, the same plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc., doing business as The Lycos Network, for consumer fraud under Massachusetts law, cyberstalking under federal law, and trade dilution in violation of Florida law.  This latter action was transferred to the District of Massachusetts because the Lycos Subscriber Agreement stated that Massachusetts was the

exclusive venue for resolution of disputes.  The instant case was then transferred from the District of Southern Florida on June 1, 2005.  On July 26, 2005, I ordered the consolidation of the two cases and designated the instant case as the lead case.  On August 23, 2005, plaintiffs filed a notice of voluntary dismissal without prejudice for the trailing case, leaving only this case before the court.

On August 9, 2005, Lycos filed a motion to dismiss.  Defendant Terra filed its motion to dismiss on August 16, 2005.  I heard arguments on these motions on October 11, 2006, and I granted both motions to dismiss, thereby dismissing plaintiffs' case against Lycos and Terra and leaving only the eight John Does as defendants.  On October 18, 2005, plaintiffs then filed their motion for leave to file an amended complaint.  Lycos filed its opposition to this motion on November 14, 2005, and on November 18, 2005, plaintiffs filed a reply memorandum in support of their motion.  On December 21, 2005, I allowed plaintiffs' motion for leave to file an amended complaint only to the extent that I allowed plaintiffs to raise Count I against the eight John Doe defendants.  On December 27, 2005, plaintiffs filed a motion for clarification or modification of my Order denying the remainder of their motion for leave to file an amended complaint.  I denied this motion on February 1, 2006.

On January 4, 2006, Lycos filed its Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro.  On February 6, 2006, plaintiffs filed their opposition to this motion.  On February 6, 2006, Lycos filed its Second Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro.  On February 13, 2006, plaintiffs filed their opposition to this motion.  On February 16, 2006, Lycos filed its Motion for Leave to File Reply, which I allowed on February 24, 2006.  Lycos's two motions for sanctions are now before me for decision.

### III. Analysis

#### A. Rule 11 Standard

>Rule 11 requires that filings to the court abide by the following four requirements:
>
>(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>(3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). If a party violates Rule 11 by failing to meet one of these requirements, Rule 11(c) allows the court to award sanctions that may include "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2).

"One of the central purposes of Rule 11 is to protect parties and the court from wasteful, frivolous, and harassing lawsuits, and the rule provides for sanctions as a deterrent to such abusive conduct." Jones v. Social Security Administration, 2004 WL 2915290 at *3 (D. Mass. Dec. 14, 2004). See also Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992) (stating that "[t]he imposition of a Rule 11 sanction usually serves two main purposes: deterrence and compensation [and] [e]ncompassed within these objectives are several related subsidiary

goals, e.g., punishing litigation abuse and facilitation case management"). The factors to be considered in determining whether sanctions are warranted under the rule include:

> [1] [w]hether the improper conduct was willful, or negligent; [2] whether it was part of a pattern or activity, or an isolated event; [3] whether it infected the entire pleading, or only one particular count or defense; [4] whether the person has engaged in similar conduct in other litigation; [5] whether it was intended to injure; [6] what effect it had on the litigation process in time or expense; [7] whether the responsible person is trained in the law; [8] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and [9] what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Advisory Committee Notes (1993).

**B. Motion for Sanctions**

Lycos's first motion for sanctions is premised on two arguments: first, that plaintiffs' Motion for Leave to Amend the Complaint itself warrants sanctions under Rule 11 of the Federal Rules of Civil Procedure, and second, that plaintiffs have established a "pattern of making false allegations against Lycos, misleading the Court, and filing...'tactical' litigation - without factual or legal merit." (Docket No. 90 at 2.) Plaintiffs respond by arguing, first, that Lycos's motion is moot under the "safe harbor" provision of Rule 11, and second, that none of their actions warrants sanctions.

Lycos's motion is indeed moot under the "safe harbor" provision of Rule 11, which provides that a motion for sanctions under the rule "shall not be filed with or presented to the court unless, within, 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). "[T]he object of the safe harbor is to

5

allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005); see also Nyer v. Winterthur International, 290 F.3d 456, 460 (1st Cir. 2002) (stating that the safe harbor provision "is designed to allow an attorney to correct his error before a party commences Rule 11 proceedings").

Plaintiffs argue that my partial denial of their motion to amend occurred within twenty-one days of Lycos filing its motion for sanctions and that Lycos's motion is thus moot under the safe harbor provision. Lycos in fact filed its motion for sanctions on January 4, 2006, fourteen days after I partially denied plaintiffs' motion to amend, meaning that plaintiffs had no time in which to remedy the alleged impropriety once they were on notice of Lycos's intention to commence Rule 11 proceedings. I thus find that Lycos's first motion for sanctions is moot.

**C. Second Motion for Sanctions**

Lycos's second motion for sanctions is also premised on two arguments: first, that plaintiffs' Motion for Clarification (Rule 59) Or, Alternatively, Modification (Rule 60) Of Order Denying The Plaintiffs' Motion For Leave To Amend Their Complaint Against Lycos, Inc. and Terra Lycos, S.A. warrants sanctions under Rule 11, and second, that this motion is yet another example of plaintiffs' pattern of frivolous litigation. As they did for the first motion for sanctions, plaintiffs respond by arguing, first, that Lycos's motion is moot under the "safe harbor" provision of Rule 11, and second, that none of their actions warrants sanctions.

If Lycos's second motion for sanctions were directed only toward plaintiffs' motion for clarification, it would be moot under the safe harbor provision of Rule 11. Lycos only

filed its second motion for sanctions after I denied the motion for clarification on February 1, 2006, and plaintiffs therefore did not have the requisite twenty-one days of notice in which to withdraw the motion in question.  Lycos's second motion for sanctions, however, is also directed toward plaintiffs' entire litigation, of which Lycos claims the motion for consideration is but another example.

Lycos raised this second grounds for sanctions in its first motion as well, contending in both that plaintiffs' actions constitute improper behavior that should be sanctioned under Rule 11.  By previously raising this argument, Lycos provided plaintiffs with over twenty-one days notice - from the filing of the first Rule 11 motion to the dismissal of their motion for clarification - of their intention to commence Rule 11 proceedings based on plaintiffs' pattern of allegedly frivolous litigation.  The purpose of the twenty-one day safe harbor is to allow a party to withdraw the contested filing before the commencement of a Rule 11 proceeding.  See Nyer, 290 F.3d at 460.  Plaintiffs did not opt to withdraw their motion for clarification within the twenty-one day window following Lycos's filing of its first motion for sanctions, and I thus find that the purpose of the safe harbor provision has been met, and that Lycos's second motion for sanctions is not moot as it applies to Lycos's pattern of frivolous litigation.

Lycos's main contention is that plaintiffs' conduct violates Rule 11 because the conduct is part and parcel of a pattern of frivolous and harassing litigation against parties associated with the Raging Bull message board that spans the East Coast from the District of Massachusetts to the Eleventh District of Florida.  As Lycos correctly points out, plaintiffs have been previously sanctioned and otherwise criticized for their activities in legal actions against Lycos.  On August 29, 2005, in a case in the Southern District of Florida by plaintiffs against

7

Turner Broadcasting System, Inc., and others for defamation on the Raging Bull message board that is at issue in the instant case, United States District Judge Adalberto Jordan imposed Rule 11 sanctions on plaintiffs. On May 11, 2005, in a case in the Circuit Court of the Eleventh District Judicial Circuit of Florida by plaintiffs against "John Doe" defendants for defamation on the same Raging Bull message board, Florida Circuit Court Judge Marc Schumacher criticized Mr. Faro for expanding the scope of a preliminary injunction. Lycos contends that plaintiffs have engaged in similar shenanigans in their case against Lycos, Terra, and the eight John Doe defendants in the District of Massachusetts. Although the First Circuit has considered sanctions awarded by other courts when deciding whether to award sanctions itself under Rule 11, see Anderson v. Boston School Committee, 105 F.3d 762, 769 (1st Cir. 1997) (referring to "prior court-administered warnings to counsel" in considering sanctions), the sanctions and warning issued against plaintiffs in the two cases in Florida were not issued for sufficiently analogous reasons to be persuasive in this case.

    First, the criticized conduct in the case before Judge Jordan was plaintiffs' naming of Cable News Network and other unrelated parties as defendants, which is not an issue in the instant case, and second, the criticized conduct in the case before Judge Schumacher was Attorney Faro's improper overreaching in his drafting of a preliminary injunction, which is also not an issue in the instant case. Lycos is correct that plaintiffs have filed numerous lawsuits in various different courts in connection with the alleged defamation on the Raging Bull message board, see, e.g., Universal Communications Systems, Inc. v. Lycos, Inc., Civil Case No. 04-21618-MARTINEZ (S.D. Fla.); Universal Communications Systems, Inc. v. Lycos, Inc., Civil Case No. 05-20916-COOKE (S.D. Fla.), and that these cases have been dismissed, see, e.g.,

<u>Universal Communications Systems, Inc.</u> v. <u>Lycos, Inc.</u>, Civil Case No. 05-20197-LENARD (S.D. Fla.) (dismissed for lack of jurisdiction and appeal dismissed for lack of prosecution), or otherwise denied, <u>see, e.g.</u>, <u>Zwebner</u> v. <u>Does</u>, Civil Case No. 03-22328-MORENO (S.D. Fla.) (motion to compel discovery from Lycos denied).  These cases, however, were decided under the applicable law in the Florida courts.  The case before me is the first case of its kind to be filed in the First Circuit, and thus I find that the dismissals in the Florida cases are not sufficient to render plaintiffs' filings frivolous such that they warrant sanctions.

Rule 11 permits a party to file "a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).  Although I ultimately ruled that plaintiffs' interpretation of Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), was incorrect and that this statute barred all of their claims against Lycos and Terra, plaintiffs' arguments were not necessarily fabricated for the sole purpose of harassing Lycos.  Plaintiffs' attempt to interpret the CDA differently was an effort to argue for the extension of existing law, and plaintiffs were permitted under Rule 11 to make such an effort in this court since no other court in the First Circuit had ruled before on their precise argument.  Furthermore, since I initially dismissed plaintiffs' claims against Lycos and Terra from the bench, without written explanation, plaintiffs were warranted in demanding a further explanation, which they did in the form of a motion to amend and a further motion for clarification.  I thus do not believe that sanctions are warranted.

If, however, plaintiffs continue to press the same arguments against the same defendants, or if they use their remaining claims against the John Doe defendants to harass Lycos and demand discovery or otherwise misuse the resources of this court system, I will not be so

9

lenient. I hold now that plaintiffs had a potentially valid ground for filing an action against Lycos, Terra, and the John Doe defendants in a court in the First Circuit, where plaintiffs had not previously raised their claims. Continued filings demanding reconsideration or permission to file the same claims that harass the defendants and waste the resources of this court, however, will cause me to rethink this holding. If I am presented with such frivolous filings, I will not hesitate to impose sanctions.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant Lycos Inc.'s Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro (Docket No. 90) is DISMISSED AS MOOT; and

(2) Defendant Lycos Inc.'s Second Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro (Docket No. 96) is DENIED.


        /s/Robert E. Keeton
        Robert E. Keeton
        Senior United States District Judge