UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

——————————————————————————— )
UNIVERSAL COMMUNICATION SYSTEMS )
INC., a Nevada Corporation; MICHAEL J. )
ZWEBNER, individually; and )
others similarly situated )
)
     Plaintiffs, )     Civil Action
) NO. 05-11172-REK
     v. )
)
LYCOS, INC., d/b/a THE LYCOS )
NETWORK and TERRA NETWORKS, S.A. , )
JOHN DOE #1 aka "the worm06" )
JOHN DOE #2 aka "no_insiders" )
JOHN DOE #3 aka "the worm06A" )
JOHN DOE #4 aka "65175R" )
JOHN DOE #5 aka "Henry_Johnson123" & )
JOHN DOE #6 aka "quondo1" )
JOHN DOE #7 aka "Tobias95" )
JOHN DOE #8 aka "CrawleySmith" )
)
     Defendants. )
——————————————————————————— )

## LYCOS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Pursuant to Rule 7.1(B)(2) of the Local Rules of this Court, Defendant Lycos, Inc.

("Lycos") hereby opposes Universal Communication Systems, Inc. and Michael J. Zwebner's

(the "Plaintiffs") Motion for Entry of Separate and Final Judgment.  Rather than enter a partial

final judgment under Rule 54(b) as requested by the Plaintiffs, this Court should enter a final

judgment under Rule 58 as to all parties in this case.  Specifically, as explained below, the

Court's rulings of October 11, 2005 and December 21, 2005, disposed of all of the claims in this

case over which this Court may have had subject matter jurisdiction and personal jurisdiction.

Accordingly, there is nothing more for this Court to resolve, and a final judgment should enter in favor of the defendants.

To be sure, in their litigious fashion, the Plaintiffs appear eager to proceed in this Court against the remaining defendants: an alleged California resident (Roberto Villesenor) and a series of "Doe" Defendants.  See Second Amended Complaint—Class Action (filed February 27, 2006).  But this Court lacks subject matter jurisdiction over the single claim asserted in that latest version of the Plaintiffs' Complaint, because the presence of the Doe Defendants destroys any diversity jurisdiction.  See, e.g., Howell v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997); Meng v. Schwartz, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).[1]

Nor may the Plaintiffs contend that there is federal question jurisdiction over their remaining claim.  While the new complaint contains a single broad and unfocused reference to the federal securities laws, see Second Amended Complaint ¶ 41, the inclusion of such a reference in the Amended Complaint plainly exceeds the scope of what was authorized by the Court's Order of December 21, 2005.  See Order of December 21, 2005 at 10 (authorizing Plaintiffs only "to amend their complaint to include the proposed Count I").  But rather than file the proposed Count One that was specifically authorized by the Court on December 21, 2005, the Plaintiffs have dramatically rewritten that Count.  Compare Proposed Second Amended Complaint (submitted October 18, 2005) Count One, ¶¶ 26-35, with Second Amended Complaint, Count One ¶¶ 30-41.  Such sleight of hand should not be tolerated by this Court.[2]

---

[1] Of course, as this Court has already noted, the proposed remaining claim against Villasenor and the "Doe" Defendants may well also suffer from a lack of personal jurisdiction and/or improper venue.  See Order of December 21, 2005.

[2] Indeed, the Plaintiffs improper effort to rewrite their Proposed Count One after the issuance of the Court's Order of December 21, 2005, is alone sufficient to justify the dismissal of the Second Amended Complaint.

Rather than engaging in the complex determination of whether Rule 54(b) actually could be applied here,[3] this Court should simplify this case for itself, for the Court of Appeals, and for all the parties involved by dismissing the Plaintiffs' Second Amended Complaint in its entirety and entering a full and final judgment on all of the Plaintiffs' claims. By doing so, the Court can minimize the ongoing burden presented by the Plaintiffs' relentless litigation tactics, and also assure that the Plaintiffs' have whatever opportunity they desire to seek appellate review.

Respectfully submitted,

/s/ David A. Bunis
David A. Bunis        (BBO #550570)
Daniel J. Cloherty    (BBO #565772)
Rachel Zoob-Hill      (BBO #659041)
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000
dbunis@dwyercollora.com

*Attorneys for Defendant Lycos, Inc.*

Dated: March 10, 2006

---

[3] The Plaintiffs themselves contend that "there may be some interrelationship or overlap among the various legal and factual issues involved between the remaining pending claims and those that have been dismissed." See Motion at 3-4.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 10, 2006

/s/ Rachel Zoob- Hill