IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

FILED
IN CLERKS OFFICE

2006 MAR 15 A 11: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNIVERSAL COMMUNICATION )
SYSTEMS, INC. (A Nevada Corporation), )
MICHAEL J. ZWEBNER (individually) & )
Others Similarly Situated )
              Plaintiffs )    CIVIL ACTION
vs. )    CASE NO. 05-11172-REK
 )
ROBERTO VILLASENOR, JR., )
    aka *"the_worm06"* )
JOHN DOE #2 aka *"no_insiders"*, )
ROBERTO VILLASENOR, JR., )
    aka *"the_worm_06A"* )
JOHN DOE #4 aka *"65175R"*, )
JOHN DOE #5 aka *"Henry_Johnson123"*, )
JOHN DOE #6 aka *"quondo1"* )
JOHN DOE #7 aka *"Tobias95"* & )
JOHN DOE #8 aka *"CrawleySmith"* )
              Defendants )
                           /

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
REPLY TO LYCOS OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF SEPARATE & FINAL JUDGMENT**

The PLAINTIFF, UNIVERAL COMMUNICATION SYSTEMS, INC. (herein also "UCSY" or "PLAINTIFF" or "CORPORATE PLAINTIFF") and Michael J. ZWEBNER (herein also "ZWEBNER" or "PLAINTIFF" or "INDIVIDUAL PLAINTIFF"), herein request leave to file a Reply to the Lycos, Inc, (LYCOS) Opposition [[DE 108] To Plaintiffs' Motion For Entry Of Separate & Final Judgment [DE 104]. A copy of the proposed Reply is annexed to this Motion.

Compliance With Local Rule 7.1 – On Monday October 13, 2005, preliminary to the filing of the instant Motion, the undersigned counsel for the Plaintiffs, contacted David Bunis, Esq. and Daniel Cloherty, Esq. counsel for the Defendants, LYCOS to advise them of the Plaintiffs intent to file a Motion For Leave To File a Reply to the LYCOS Opposition To Plaintiffs Motion For Entry Of Separate & Final Judgment. In each instance, counsel for LYCOS were unavailable, so a telephonic message was left along with purpose of the call and a request for response. At the time of the filing of the instant Motion, neither counsel for LYCOS had returned the undersigned's phone call. It is anticipated that LYCOS would oppose the filing of a Reply to their Opposition, [DE 108].

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE EPLY

The grounds for the LYCOS' Opposition are twofold:

A.   The Decision of October 11, 2005, disposed of all claim in the case; and

B.   The Second Amended Complaint fails to state a claim over which this Court has subject matter jurisdiction[1].

As more fully in their proposed Reply, LYCOS is <u>wrong on both grounds</u>.

MEMORANDUM IN SUPPORT OF MOTION

A.   <u>Scope Of Decision On October 11, 2005</u> - At the hearing on October 11, 2005, counsel for LYCOS requested that this Court enter a final judgment as to all parties named in the

---

[1] The fact that LYCOS has been dismissed from this action, but for the entry of a formal order to that effect, does not apparently deter LYCOS from once again injecting itself into the Plaintiffs' dispute with a number of LYCOS subscribers. This *de facto* intervention mirrors the actions of LYCOS in the State Court of Florida. At least in Florida, the Florida attorney representing LYCOS sought leave to intervene. Boston counsel apparently believes that his participation, on behalf of its subscribers, does not require either his formal engagement by such subscribers or any such formal recognition of LYCOS as an intervener.. Plaintiffs strenuously disagree!

Amended Complaint before it on that date, which the Court declined to do. The Electronic Clerk's Notes clearly indicate that the parties were to provide an Order for the Court's signature, consistent with the determinations made at such hearing. The LYCOS Opposition simply improperly renews this same request; and the Court should simple affirm its prior action and reject it.

B. <u>The District Court Has Subject Matter Jurisdiction</u> - Notwithstanding, that the John Doe defendants are not represented by LYCOS, and LYCOS is not named as a party in the Second Amended Complaint, LYCOS asserts *de facto* intervener status, and has moved to dismiss the Second Amended Complaint. LYCOS thereupon proceeds to inaccurately characterize the content of both the prior filed pleadings in this action; and, the content and import of the District Court's orders of October 11, 2005 and of December 21, 2005.

The purpose of the proposed Reply is to correct the foregoing mischaracterizations contained in the LYCOS Opposition, and to otherwise assist the Court in its review of the Motion For Entry Of Separate & Final Judgment [DE 104]. Thus, it is respectfully submitted that since good cause has been shown to exist, the proposed Reply be permitted.

                                        Respectfully,

                                        John H. Faro, Esq.
                                        Florida Bar No. 527,459
                                        Attorney For Plaintiffs

Faro & Associates
44 West Flagler Street, Suite 1100
Miami, Florida 33130-1808
phone (305) 424-1112

fax (305) 424-1114

Case 1:05-cv-11172-REK    Document 110    Filed 03/15/2006    Page 4 of 4

Plaintiffs' Proposed Reply

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNIVERSAL COMMUNICATION ) <br> SYSTEMS, INC. (A Nevada Corporation), ) <br> MICHAEL J. ZWEBNER (individually) & ) <br> Others Similarly Situated ) <br>                  Plaintiffs ) <br> vs. ) <br> ) <br> ROBERTO VILLASENOR, JR., ) <br>      aka *"the_worm06"* ) <br> JOHN DOE #2 aka *"no_insiders"*, ) <br> ROBERTO VILLASENOR, JR., ) <br>      aka *"the_worm_06A"* ) <br> JOHN DOE #4 aka *"65175R"*, ) <br> JOHN DOE #5 aka *"Henry_Johnson123"*, ) <br> JOHN DOE #6 aka *"quondo1"* ) <br> JOHN DOE #7 aka *"Tobias95"* & ) <br> JOHN DOE #8 aka *"CrawleySmith"* ) <br>                  Defendants ) <br> _____/ | CIVIL ACTION <br> CASE NO. 05-11172-REK |

**PLAINTIFFS' REPLY TO LYCOS OPPOSITION [DE 108] TO
PLAINTIFFS' MOTION FOR
ENTRY OF SEPARATE & FINAL JUDGMENT [DE 104]**

The PLAINTIFF, UNIVERAL COMMUNICATION SYSTEMS, INC. (herein also "UCSY" or "PLAINTIFF" or "CORPORATE PLAINTIFF") and Michael J. ZWEBNER (herein also "ZWEBNER" or "PLAINTIFF" or "INDIVIDUAL PLAINTIFF"), herein responds by way of Reply to the Lycos, Inc, (LYCOS) Opposition [DE 108] To Plaintiffs' Motion For Entry Of Separate & Final Judgment [DE 104].

The grounds for the LYCOS' Opposition are twofold:

    A.    The Decision of October 11, 2005, disposed of all claim in the case; and

    B.      The Second Amended Complaint fails to state a claim over which this Court has subject matter jurisdiction[1].

As more fully set forth below, LYCOS is <u>wrong on both grounds</u>.

## MEMORANDUM

<u>The Scope Of The District Court Decision Of October 11, 2005, Was Limited To LYCOS Motion To Dismiss</u> – At the conclusion of the hearing on October 11, 2005, counsel for Lycos, Inc., requested that this Court enter a final judgment as to all parties named in the Amended Complaint before it on that date, which the Court declined to do. The Lycos Opposition improperly renews this <u>same</u> request; and the Court should affirm its prior action and reject it. Clearly, the District Court did not address the issue of subject matter jurisdiction at the October 11, 2005; and, the Clerk's Notes of such hearing clearly manifest the Court's desire for an Order, (which has now been provided by Plaintiffs), disposing of the case consistent with its ruling on the LYCOS Motion To Dismiss – nothing more.

As this Court readily appreciates, the subject matter jurisdiction of the District Court to entertain this case was <u>not raised</u> by any of the Defendants to this action, including, LYCOS, at any time prior to this October 11, 2005, hearing. Obviously, had the issue of subject matter jurisdiction been raised, the Court would have been required to resolve the issue of its jurisdiction <u>at the outset</u>.

---

[1] The fact that LYCOS has been dismissed from this action, but for the entry of a formal order to that effect, does not apparently deter LYCOS from once again injecting itself into the Plaintiffs' dispute with a number of LYCOS subscribers. This *de facto* intervention mirrors the actions of LYCOS in the State Court of Florida. At least in Florida, the Florida attorney representing LYCOS sought leave to intervene. Boston counsel apparently believes that his participation, on behalf of its subscribers, does not require either his formal engagement by such subscribers or any such formal recognition of LYCOS as an intervener.. Plaintiffs strenuously disagree!

2

These same <u>anonymous</u> John Does were clearly named as parties in the Amended Complaint, which was before the District Court on October 11, 2005; and, in the proposed Second Amended Complaint, which was before the Court on December 21, 2005[2]. The District Court apparently interpreted the allegations of the Amended Complaint as sufficient to establish federal jurisdiction, consistent with this Court's ability to entertain the LYCOS' Motion To Dismiss [DE 66, 67]. Moreover, the District Court's Memorandum & Order of December 21, 2005, [DE 88], acknowledges the existence of subject matter jurisdiction in permitting the further amendment of the complaint, notwithstanding the Court's expressed concerns as to the personal jurisdiction over such parties. It is the Plaintiffs' belief that these latter concerns have since been abated.

The Second Amended Complaint, [DE 106, Paragraph 33], as did the prior Amended Complaint[3], before the Court on October 11, 2005, asserts a claim for security

---

[2] Paragraph 27 of the Amended Complaint before the Court on October 11, 2005, alleges that.

> Upon information and belief, each of the JOHN DOES named herein in paragraph (26) are one in the same individual, Roberto Villasenor, Jr. and/or are individuals acting in concert with Roberto Villasenor, Jr.. Accordingly, the JOHN DOE DEFENDANTS are collectively referred to hereinafter as "VILLASENOR".

Paragraph 16 of the <u>Proposed</u> Second Amended Complaint before the Court on December 21, 2005, alleges that:

> Upon information and belief, the pseudonyms for the JOHN DOE Defendants "the_worm06" and the "the_worm_06A", are registered by TERRA LYCOS to Robert Villasenor, Jr., a citizen of the State Of California. Plaintiffs also believe that each and every other JOHN DOE Defendant aliases is also registered to Roberto Villasenor, Jr., or to individuals acting in concert with Roberto Villasenor, Jr..

[3] Paragraph 29 of Amended Complaint before the Court on October 11, 2005, alleges that:

Upon information and belief, VILLASENOR is in the business of manipulating the price of securities of companies, specifically, micro-cap and/or start-up companies, such as UCSY, which have limited, if any, operating history and limited reporting history, by

> (a) first "shorting" the stock in such companies,
>
> (b) "trashing" such company and/or the integrity/competency of its management, through the systematic and orchestrated posting of derogatory information about the financial condition, business prospects and management integrity of the such company on a message board devoted to such company, so as to artificially depress the market price of the publicly traded stock of the such company, and

3

manipulation/fraud. The Second Amended Complaint, is now <u>limited</u> to single named party, Roberto Villasenor, Jr.. This Second Amended Complaint also affirmatively states that

> Upon information and belief, Roberto Villasenor, Jr. has and continues to republish many of the postings originally attributable to "the_worm06" and/or "the_worm_06A", upon the Raging Bull web site on Lycos Network, under one or more additional screen names or aliases, including without limitation, *"no_insiders"*, *"65175R"*, *"Henry_Johnson123"*, *"quondo1"*, *"Tobias95"* and *"CrawleySmith"*

Plaintiffs have substituted, as was their right, the name of Roberto Villasenor, Jr. for the John Doe #1 aka *"the_worm06"* and John Doe #3 aka *the-worm_06A"*, upon confirmation of the identity of these John Doe #1 and John Doe #3. Accordingly, all of these John Does, are asserted to have the same citizenship as Roberto Villasenor, Jr., which is diverse to Plaintiffs. Accordingly, this Court has subject matter jurisdiction under 28 USC §1332.

<u>The Substantive Allegations Of Count I Of The Amended Complaint Before The Court On October 11, 2005, Were Inclusive Of Both A State & Federal Claim Under The Security Laws</u> – As noted in the footnotes to the Reply, both the Amended Complaint before this Court on October 11, 2005, and the <u>proposed</u> Second Amended Complaint before this Court on December 21, 2005, asserted subject matter jurisdiction under both 28 USC §1331 and 28 USC §1332. The Second Amended Complaint [DE 107] also asserts that this District Court has subject matter jurisdiction under both 28 USC 1331 and 28 USC 1332, Second Amended Complaint @ Paragraph 23.

Contrary to the LYCOS contention, the substantive allegations of the Second Amended Complaint, specifically, Paragraphs 31 – 37, are virtually unchanged from the proposed Second

---

(c) "covering his shorts" by buying the publicly traded stock in such company at a depressed market price.

4

Amended Complaint before this Court on December 21, 2005. These <u>substantive</u> allegations state a claim for violation of both federal and state security laws, Sections 9 & 10, Securities & Exchange Act of 1934. Accordingly, this Court also has subject matter jurisdiction under 28 USC §1331.

Whatever additional allegations are present, are the result of simply incorporating a portion of the content of the Exhibits (which were annexed to the Amended Complaint before the Court on October 11, 2005 and on December 21, 2005); and/or represent an effort to otherwise make explicit that which was implicit in the prior allegations against LYCOS (which were also before the Court on October 11, 2005 and on December 21, 2005).

It is of no moment that Plaintiffs did not initially assert that the factual allegations of their prior complaint gave rise to claim under Sections 9 & 10 of the Security Exchange Act of 1934, or a cause of action under Massachusetts law. A construction of Plaintiffs' Count I of the both their Amended Complaint before the Court on October 11, 2005, and their proposed Second Amended Complaint, under Rule 8(f), requires that the Court look to the <u>substance</u> of the allegation of such prior Amended Complaint in its determination subject matter jurisdiction, *Bessette et al v. Avco Financial Services, Inc.*, 230 F.3d 439 (1st Cir. 2000); *Fitzgerald v. Codex Corp.*, 882 F.2d 586 (1st Cir. 1989).

> "[i]t is not fatal to a complaint that a legal theory has been mischaracterized or that the precise language invoking jurisdiction has not been used." Torres Ramirez v. Bermuda Garcia, 898 F.2d 224, 226-27 (1st Cir. 1990 (citing *Dussouy v. Gulf Coast Inv. Corp,* 660 F.2d 594, 604 (5th Cir. 1981) and 5 C. Wright & A. Miller, *Federal Jurisdiction & Procedure*, §1206, at 76-77 (1969), *Bessette et al v. Avco Financial Services, Inc.*, 230 F.3d @ 446

As originally filed within the State of Florida, the factual allegations stated a claim for relief under Florida securities law. The security laws of the State of Florida, which is similar to

5

the security law of the Commonwealth of Massachusetts, are both based upon the Federal Security laws. These <u>same</u> allegation, thus, also state a claim for relief under the law of the Commonwealth of Massachusetts and under federal security law, specifically, MGLA Chapter 110A, Section 410; and, Sections 9 & 10 of the Securities and Exchange Act of 1934. Moreover, these same allegation state a claim for relief under the common law of the Commonwealth of Massachusetts. Accordingly, the Second Amended Complaint seeks relief in Count I under both state and federal law.

## SUMMARY & CONCLUSION

In summary, the LYCOS Opposition would have the District Court believe that it intended to dismiss the Amended Complaint against all of the parties, notwithstanding that LYCOS did not brief the issue of subject matter jurisdiction, and the absence of participation of anyone representing the John Doe defendants raising the subject matter jurisdiction of the Court. Accordingly, upon the conclusion of the hearing on October 11, 2005, when LYCOS requested the entry of a final judgment, the Court properly denied such request, and ordered the parties to submit an appropriate Order for the Court's signature, October 11, 2005, Electronic Clerk's Notes. That has now been done, [DE 104]

The substantive allegations of the Second Amended Complaint [DE 107], specifically, Paragraphs 31 – 37, are virtually identical to the pleadings before the Court on December 21, 2005, when the Court granted, in part, the Plaintiffs' Motion For Leave To Amend, [DE 88]. These substantive allegations are based upon manipulation of the publicly traded stock of the Plaintiff, UCSY. These same substantive allegation set forth a basis for relief under State and Federal law, and the Second Amended Complaint is now explicit in that regard. Accordingly,

the Second Amended Complaint affirmatively asserts that this Court has subject matter jurisdiction under State and Federal law, [DE 106 @ Paragraph 23].

Insofar as the LYCOS Opposition is without factual or legal basis, it is respectfully requested that the Plaintiffs' Motion For Entry Of Separate & Final Judgment against LYCOS and Terra Networks, be granted.

Respectfully,

John H. Faro, Esq.
Florida Bar No. 527,459
Attorney For Plaintiffs

Faro & Associates
44 West Flagler Street, Suite 1100
Miami, Florida 33130-1808
phone (305) 424-1112
fax (305) 424-1114

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading entitled:

**PLAINTIFFS' REPLY TO LYCOS OPPOSITION [DE 108] TO
PLAINTIFFS' MOTION FOR
ENTRY OF SEPARATE & FINAL JUDGMENT [DE 104]**

was forwarded this 14th day of March, 2006, by First Class Mail, as per the attached Distribution List.

Respectfully,

John H. Faro, Esq.

DISTRIBUTION LIST

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone  860, 293-3596
Fax    860, 293-3555

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

Roberto Villasenor, Jr. *pro se*
P.O. Box 64914
Los Angeles, CA 90064

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading entitled:

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
REPLY TO LYCOS OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF SEPARATE & FINAL JUDGMENT**

was forwarded this ~~17th~~ 14th day of March, 2006, by First Class Mail, as per the attached Distribution List.

Respectfully,

John H. Faro, Esq.

6

DISTRIBUTION LIST
DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone  (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA  02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103
Phone  860, 293-3596
Fax     860, 293-3555


John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210


Roberto Villasenor, Jr. *pro se*
P.O. Box 64914
Los Angeles, CA 90064

7