IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

FILED
IN CLERKS OFFICE

2006 APR 20 P 12: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNIVERSAL COMMUNICATION )
SYSTEMS, INC. (A Nevada Corporation), )
MICHAEL J. ZWEBNER (individually) & )
Others Similarly Situated )
              Plaintiffs )

vs. )
       )
ROBERTO VILLASENOR, JR., )
    aka *"the_worm06"* )
JOHN DOE #2 aka *"no_insiders"*, )
ROBERTO VILLASENOR, JR., )
    aka *"the_worm_06A"* )
JOHN DOE #4 aka *"65175R"*, )
JOHN DOE #5 aka *"Henry_Johnson123"*, )
JOHN DOE #6 aka *"quondo1"* )
JOHN DOE #7 aka *"Tobias95"* & )
JOHN DOE #8 aka *"CrawleySmith"* )
              Defendants )
_____/

CIVIL ACTION
CASE NO. 05-11172-REK

## SEPARATE ANSWER & AFFIRMATIVE DEFENSES OF UNIVERSAL COMMUNICATION SYSTEMS, INC. AND MICHAEL J. ZWEBNER TO ROBERTO VILLASENOR, JR. COUNTERCLAIMS

The PLAINTIFFS, UNIVERAL COMMUNICATION SYSTEMS, INC. (herein also

"UCSY" or "PLAINTIFF" or "CORPORATE PLAINTIFF") and Michael J. ZWEBNER (herein

also "ZWEBNER" or "PLAINTIFF" or "INDIVIDUAL PLAINTIFF") herein respond to the

Counterclaims of Defendant, Roberto Villasenor, Jr., against each of them, in number

paragraphs, corresponding to the numbered paragraphs of the Counterclaims against them.

Counterclaim – General Allegations

29.     As to the allegations directed to the Plaintiffs, Admit that this District Court has both subject matter and personal jurisdiction to hear and resolve their claims against the Defendants; and, with respect to the allegations directed to others, Deny for lack of knowledge.

30.     As to the allegations directed to the Plaintiffs, Admit that the Plaintiffs have been relentlessly pursued and vilified by Villasenor; and, that they have endeavored unsuccessfully, until relatively recently, to bring him before a Court of competent jurisdiction to enjoin interference with the UCSY business and the manipulation of the UCSY publicly traded stock.

31.     Admit that the Plaintiff, Zwebner, is the Chairman and President of UCSY, and otherwise denies the balance of Paragraph (31).

32.     Deny

33.     As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

34.     As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

35.     As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

First Counterclaim – Defamation, Assault, False Light Invasion

36.     Plaintiffs incorporate by reference their prior responses to Paragraphs 29-35, as if repeated herein.

37.     As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

38.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

Second Counterclaim – Civil Conspiracy

39.    Plaintiffs incorporate by reference their prior responses to Paragraphs 29-38, as if repeated herein.

40.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

41.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

42.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

43.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

Third Counterclaim – Fraud, Wire Fraud, Identity Theft, Invasion Of Privacy

44.    Plaintiffs incorporate by reference their prior responses to Paragraphs 29-43, as if repeated herein.

45.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

46.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

47.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

48.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

49.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

50.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

51.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

Forth Counterclaim – Abuse Of Process

52.    Plaintiffs incorporate by reference their prior responses to Paragraphs 29-51, as if repeated herein.

53.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

54.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

55.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

56.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

5

57.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

58.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

59.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.


Fifth Counterclaim – Emotional Distress

60.    Plaintiffs incorporate by reference their prior responses to Paragraphs 29-59, as if repeated herein.

61.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

62.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

63.    As to the allegations directed to the Plaintiffs, Deny; and., with respect to the allegations directed to others, Deny for lack of knowledge.

### Plaintiffs Affirmative Defenses To Counterclaims

### First Affirmative Defense

1.      As to <u>Counterclaims I-V</u>, such Counterclaims fail to state a claim upon which relief can be granted for one or more of the following reasons:

(a)      The Defendants' expressive conduct is neither privileged, nor is it fair comment, nor is it a good faith effort to protect his own or some undefined public interest, but rather such conduct was for a malicious and an ulterior purpose – specifically, to cause the manipulation of the price of UCSY stock, and profit from the investor insecurity such conduct was calculated to evoke;

(b)      The Defendants' expressive conduct has been motivated by selfish and commercial motives, and, thus, whatever limited or qualified or conditional privilege he may have arguably been entitled to claim, has been forfeited; and

(c)      The Defendants' expressive conduct purports to convey factual information which is patently false, and known to him to have been patently false at the time of its publication. Accordingly, such expressive conduct is neither immune, or protected under any statute, or State or Federal constitutional guarantee protecting freedom of expression.

For the reasons stated in subparagraphs (a) to (c) above, good and reasonable legal cause has existed, and continues to exist, justifying the Plaintiffs pursuit of all legal means against the Defendants for damages, and for an injunction, including Roberto Villasenor, Jr., and all those acting in concert with him.

6

## Second Affirmative Defense

As to the Second, Fourth & Fifth Counterclaims, there has been no agreement, among the Plaintiffs, and/or among the Plaintiffs and others, to pursue litigation against the Defendants for any illicit or illegal purpose.   Quite the contrary, the Plaintiffs have any affirmative fiduciary duties to its stockholders, which requires that the Plaintiffs take affirmative action to both correct any misinformation that has been disseminated relative to the Plaintiffs' management, financial condition and the products of the company; and, to seek legal redress against third parties who create and disseminate misinformation about the company and its management, financial condition and the products.

## Third Affirmative Defense

As to the Second Counterclaim, the Defendants do not have any credibility or reputation that can be damaged or destroyed because all of the postings on internet message boards have been made anonymously and under an assumed name or pseudonym.

## Fourth Affirmative Defense

As to the Third Counterclaim, Roberto Villasenor has, under his subscription agreement/contract with his cellular telephone provider, explicitly waived any right or claim of privacy and/or confidentiality in respect to his cellular telephone bills and records, which are available and accessible to third parties from his cellular telephone provider, upon the payment of a fee to such his cellular telephone provider.

7

## Fifth Affirmative Defense

The Defendants' expressive conduct comprises criminal misconduct, and accordingly, is neither immune nor protected under statute, or State or Federal Constitution, since it does not advance any core values within the ambit of the 1st, 5th or 14th Amendments to the United States Constitution.

## Sixth Affirmative Defense

To the extent the Defendants seeks to implore the Court to provide equitable relief, the Defendants have forfeited their rights because of his unclean hands, specifically, contumacious disregard of the judicial process by his persistence in the violation of an injunction entered against him and by his persistence in disregard of numerous discovery orders.

Respectfully,

John H. Faro, Esq.
Florida Bar No. 527,459
Attorney For Plaintiffs

Faro & Associates
44 West Flagler Street, Suite 1100
Miami, Florida 33130-1808
phone (305) 424-1112
fax (305) 424-1114

CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

**SEPARATE ANSWER & AFFIRMATIVE DEFENSES OF UNIVERSAL
COMMUNICATION SYSTEMS, INC. AND MICHAEL J. ZWEBNER
TO ROBERTO VILLASENOR, JR. COUNTERCLAIMS**

was served upon counsel of record, as per attached Distribution, by First Class Mail,

postage pre-paid, this 14th day of April, 2006.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

DISTRIBUTION:

Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone  (617) 951-1400
Facsimile (617) 951-1354

Roberto Villasenor, Jr.
PO Box 64914
Los Angeles, CA  90064

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA  02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103
Phone  860, 293-3596

9

Fax     860, 293-3555

Robert Cooper, Esq.
2999 N.E. 191st Street
Suite 704
N. Miami, FL  33180
phone  (305) 792-4343
fax     (305) 792-0200

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210