**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
(Boston Division)

FILED
ERKS OFFICE

| | | |
|---|---|---|
| UNIVERSAL COMMUNICATION | ) | 2006 MAY 16  P 12: 07 |
| SYSTEMS, INC. (A Nevada Corporation), | ) | |
| MICHAEL J. ZWEBNER (individually) & | ) | U.S. DISTRICT COURT |
| Others Similarly Situated | ) | DISTRICT OF MASS |
| Plaintiffs | ) | CIVIL ACTION |
| | ) | CASE NO. 05-11172-REK |
| vs. | ) | |
| | ) | |
| ROBERTO VILLASENOR, JR., | ) | |
| aka *"the_worm06"* | ) | |
| JOHN DOE #2 aka *"no_insiders"*, | ) | |
| ROBERTO VILLASENOR, JR., | ) | |
| aka *"the worm 06A"* | ) | FILING FEE PAID: |
| JOHN DOE #4 aka *"65175R"*, | ) | RECEIPT = 72516 |
| JOHN DOE #5 aka *"Henry Johnson123"*, | ) | AMOUNTS 455 |
| JOHN DOE #6 aka *"quondo1"* | ) | BY DPTY CLK |
| JOHN DOE #7 aka *"Tobias95"* & | ) | DATE 5-16-06 |
| JOHN DOE #8 aka *"CrawleySmith"* | ) | |
| Defendants | ) | |
| | / | |

## NOTICE OF APPEAL

The PLAINTIFF, UNIVERAL COMMUNICATION SYSTEMS, INC. (herein also
"UCSY" or "PLAINTIFF" or "CORPORATE PLAINTIFF") and Michael J. ZWEBNER (herein
also "ZWEBNER" or "PLAINTIFF" or "INDIVIDUAL PLAINTIFF") herein appeal from the
District Court to the Court of Appeals for the 1st Circuit Court Of Appeals,

(a)    The Order of the District Court entered on July 25, 2005, denying the Plaintiffs'
*Ore Tenus* Motion, requesting the lifting of the Stay Of Discovery, to permit limited discovery of
the Defendants, relative to the Defendants' statutory immunity under 47 USC 230; Clerk's Notes
of Hearing of July 25, 2005, annexed hereto as Exhibit "1";

(b)     The Order of the District Court entered on October 11, 2005, dismissing the Plaintiffs' Amended Complaint for the failure to state a claim under Rule 12(b)(6) - Clerk's Notes of Hearing of October 11, 2005, annexed hereto as Exhibit "2";

(c)     The Order of the Court of February 1, 2006, denying the Plaintiffs' Motion For Clarification (Rule 59) or Alternatively, For Modification (Rule 60) of Order of October 11, 2005, annexed hereto as Exhibit "3";

(c)     The Order of the Court of April 18, 2006, [DE-116], denying the Plaintiffs' Motion For Entry Of Separate & Final Judgment against Defendant Lycos, Inc. and Terra Networks, S.A., annexed hereto as Exhibit "4";

(d)     The Order of the Court of April 18, 2006, [DE-116] dismissing the Plaintiffs' Second Amended Complaint under Rule 12(b)(6), annexed hereto as Exhibit "5"; and

(e)     The Final Judgment entered on April 18, 2006, which incorporated the Memorandum & Order of April 18, 2006, copy annexed hereto Exhibit "6".

Enclosed is a check in the amount of $ [  ] to cover the appeal fee.

Respectfully,

John M. Faro, Esq.
Florida Bar No. 527,459
Attorney For Plaintiffs

Faro & Associates
44 West Flagler Street, Suite 1100
Miami, Florida 33130-1808
phone (305) 424-1112
fax (305) 424-1114

2

*EXHIBIT "1"*

*Clerks' Notes Of Hearing On July 26, 2005*

3

07/26/2005        Clerk's Notes for proceedings held before Judge Robert E. Keeton : Status Conference held on 7/26/2005. (Court Reporter O'Hara.) Colloquy re motion to admit pro hac vice: Court will allow motion conditioned upon record indicating that proper payment is made. Colloquy re motions to dismiss: Counsel for defendant Lycos speaks; plaintiffs' counsel responds based upon amended complaint; counsel for defendant Terra Networks speaks on personal jurisdiction; plaintiffs' counsel responds. Colloquy re status of Terra Networks offices in the United States: Terra Networks' counsel cannot state that Terra has no offices in the United States at this time. Colloquy re all motions: Court will deny all pending motions without prejudice because the record indicates that the parties have not fulfilled the obligation to confer in order to narrow issues. Court instructs the Clerk to remove motions from pending motions list and note that their denial is without prejudice. Colloquy re discovery: Court will not lift the stay on discovery. Court will issue procedural order reciting its findings and orders. Colloquy re status conference: Status conference set for Wednesday, September 28, 2005, at 2:00 p.m. Colloquy re consolidation: Court will not dismiss any complaint at this time. Court orders consolidated proceedings and designates CA No. 05-11127 as the lead case. Colloquy re limited discovery: Court will not rule on request for limited discovery at this time. Colloquy re status conference: Defendants expect to file a consolidated motion to dismiss. Plaintiffs object based on their claim they are entitled to limited discovery. Court indicates that it will hear issues at the status conference. (Leen) (Entered: 07/26/2005)

*EXHIBIT "2"*

*Clerks' Notes Of Hearing On October 11, 2005"*

4

10/11/2005          ElectronicClerk's Notes for proceedings held before Judge
                    Robert E. Keeton : Status Conference held on 10/11/2005,
                    Motions terminated: Allowing 62 MOTION to Withdraw as
                    Attorney filed by Terra Networks, S.A.,, Allowing 70 MOTION
                    to Dismiss *the Complaints* filed by Terra Networks, S.A.,,
                    Allowing 66 First MOTION to Dismiss *the Complaints* filed by
                    Lycos, Inc.,. Court says it doesn't believe injunction against
                    John Doe Defendants is appropriate at this time. Lycos counsel
                    raises question of whether there's still federal jurisdiction over
                    plaintiff v. John Doe, then requests filing of separate and final
                    judgment. Court says this is not appropriate for oral hearing, so
                    parties must file papers requesting further remedies. Parties are
                    to tell court whether they need another meeting date. (Court
                    Reporter Twomey.) (Folan, Karen) (Entered: 10/13/2005)

*EXHIBIT "3" – [DE 88]*

*Order of December 21, 2005*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNIVERSAL COMMUNICATION SYSTEMS, INC., MICHAEL J. ZWEBNER, and others similarly situated, Plaintiffs<br><br>v.<br><br>LYCOS INC. d/b/a THE LYCOS NETWORK, TERRA NETWORKS, S.A., JOHN DOE #1 a/k/a "the_worm06," JOHN DOE #2 a/k/a "no_insiders," JOHN DOE #3 a/k/a "the_worm_06A," JOHN DOE #4 a/k/a "65175R," JOHN DOE #5 a/k/a "Henry_Johnson123," JOHN DOE #6 a/k/a "quondo1," JOHN DOE #7 a/k/a "Tobias95," and JOHN DOE #8 a/k/a "CrawleySmith," Defendants | CIVIL ACTION<br>NO. 05-11172-REK |

**Memorandum and Order**

December 21, 2005

## I. Pending Matters

Pending for decision are matters related to the following filing:

(1) Plaintiffs' Motion Under Rule 15 for Leave to File Amended Complaint

(Docket No. 81, filed October 18, 2005).

## II. Factual and Procedural Background

Plaintiff Michael J. Zwebner is the chief executive officer and chairman of the

board of plaintiff Universal Communications Systems, Inc. ("UCSY"), which is incorporated in Nevada and has corporate offices in Florida. Plaintiffs brought suit on behalf of themselves and a class of similarly situated persons for claims arising out of allegedly defamatory messages posted on the Raging Bull Internet message board dedicated to messages related to UCSY. Plaintiffs allege that defendants Lycos, Inc., doing business as The Lycos Network ("Lycos"), and Terra Networks, S.A. ("Terra"), play some role in operating this message board. Plaintiffs also allege that the eight John Doe defendants are individual subscribers to The Lycos Network who posted defamatory messages on the message board.

Plaintiffs brought four counts against these multiple defendants. Count I alleged fraudulent securities transactions under Fla. Stat. § 517.301. Count II alleged cyberstalking under 47 U.S.C. § 223. Count III alleged dilution of trade name under Fla. Stat. § 495.151 et seq. Count IV alleged cyberstalking under Fla. Stat. § 784.048 et seq. Plaintiffs sought damages of $100 million each for Counts I, II, and III, as well as an injunction requiring defendants to delete the message board and any previous postings on the message board. Plaintiffs also sought an injunction prohibiting defendants from creating and maintaining any similar message board.

In another action arising out of the allegedly defamatory message board postings, the same plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc., doing business as The Lycos Network, for consumer fraud under Massachusetts law, cyberstalking under federal law, and trade dilution in violation of Florida law. This latter action was transferred to the District of Massachusetts because the Lycos Subscriber Agreement stated that Massachusetts was the exclusive venue for resolution of disputes. The instant case was then transferred from the District of Southern Florida on June 1, 2005. On July 26, 2005, I ordered the consolidation of the two

2

cases and designated the instant case as the lead case. On August 23, 2005, plaintiffs filed a notice of voluntary dismissal without prejudice for the trailing case, leaving only this case before the court.

On August 9, 2005, Lycos filed a motion to dismiss. Defendant Terra filed its motion to dismiss on August 16, 2005. I heard arguments on these motions on October 11, 2006, and I granted both motions to dismiss, thereby dismissing plaintiffs' case against Lycos and Terra and leaving only the eight John Does as defendants. On October 18, 2005, plaintiffs then filed their motion for leave to file an amended complaint. Lycos filed its opposition to this motion on November 14, 2005, and plaintiffs filed a reply memorandum in support of their motion on November 18, 2005.

## III. Analysis

Plaintiffs move this court for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 permits a party to amend its pleadings once as a matter of course any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. Justice does not require that leave be granted when an amendment would be futile or would serve no legitimate purpose. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990).

Plaintiffs' proposed second amended complaint is brought on behalf of the same plaintiffs and against the same defendants as their earlier amended complaint. Plaintiffs bring five counts. Count I alleges fraudulent securities transactions under Fla. Stat. § 517.301; this count is

3

brought against the eight John Doe defendants, whom plaintiffs believe to be Roberto Villasenor, Jr., individuals acting in concert with Villasenor, or both. Count II (fraudulent securities transactions under Fla. Stat. § 517.301), Count III (cyberstalking under 47 U.S.C. § 223), Count IV (dilution of trade name under Fla. Stat. § 495.151 et seq.) and Count V (cyberstalking under Fla. Stat. § 784.046 et seq.) are all brought against Lycos and Terra.

## A. Counts II through V

Counts II, III, IV, and V are effectively the same counts that I dismissed against Lycos and Terra on October 11, 2005. Although plaintiffs have alleged different facts and have changed the statute in the final count from Fla. Stat. § 784.08 to Fla. Stat. § 748.06, neither of these amendments is sufficient to make these counts survive a motion to dismiss. I ruled at the hearing on Lycos's and Terra's motions to dismiss that all four counts brought against these defendants were barred under Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("CDA"), and I will not allow plaintiffs to amend their complaint to raise counts that I have already determined to be preempted.

The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The courts of appeal that have addressed the CDA have found that "§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service," and that "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone, or alter content - are barred." Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997) (affirming the

4

dismissal of a negligence action brought against America Online for delaying in removing defamatory messages posted by an unidentified third party, refusing to post retractions, and failing to screen for similar messages). See also Carafano v. Metrosplash.com, 339 F.3d 1119, 1125 (9th Cir. 2003) (holding an Internet dating service provider to be immune from suit for a third party's submission of a false profile of plaintiff); Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000) (holding that § 203 immunized America Online from civil liability for the posting of allegedly false information about plaintiff's stock price and share volume). Although the First Circuit has not yet addressed this issue, the other circuits are uniform in their interpretation that the CDA creates federal immunity.

The two questions to determine whether plaintiffs' counts would be barred by the CDA are thus (i) whether Lycos and Terra should be considered providers of an "interactive computer service" under the CDA and, if so, (ii) whether any of plaintiffs' four claims survive the immunity provided by the CDA.

An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). An "interactive computer service," in contrast, is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services operated by libraries or education institutions." 47 U.S.C. § 230(f)(2). Providers of interactive computer services are immune under the CDA. 47 U.S.C. § 230(c)(1). Information content providers are not. Id.

5

Plaintiffs argue that Lycos and Terra are effectively not providers of an immune interactive computer service because their linkage of the UCSY message board to other hosted sites on the Lycos network constitutes "culpable assistance." In their opposition to defendants' motions to dismiss, plaintiffs cited Doe v. GTE Corp., 347 F.3d 655 (7th Cir.), for their contention that "culpable assistance" creates liability under 47 U.S.C. § 230. Plaintiffs were, however, severely mistaken in their dependence on GTE. In GTE, the Seventh Circuit found that "GTE's activity d[id] not satisfy the ordinary understanding of culpable assistance to a wrongdoer, which requires a desire to promote the wrongful venture's success." Id. at 659. Thus, the court ultimately held that GTE, the Internet service provider in the case, was not liable for its customer's use of its service. Id. at 662. Plaintiffs' argument based on culpable assistance is thus without merit in this case, even if plaintiffs amend their complaint, and the question returns to whether Lycos and Terra fall under the definition of provider of an interactive computer service.

Lycos and Terra are providers of an interactive computer service as defined by the CDA, and plaintiffs are thus barred from bringing any of these four claims against them. Not only did the Ninth Circuit expressly find Lycos to be a provider of an "interactive computer service" in an earlier case in which Lycos was a defendant, see Carafano, 339 F.3d at 1123-24, but the services provided by Lycos and Terra in this case are similar to those found to fall within this definition, see, e.g., id. at 1125; Ben Ezra, 206 F.3d at 986. According to plaintiffs, these defendants operate a network that includes the Raging Bull site, where the USCY message board is based, and other financial sites, such as Quote.com. Even if plaintiffs' allegation that these sites are linked to one another were found to be true, that would not be sufficient to make Lycos and

6

Terra "information content providers" for purposes of the CDA. See, e.g., Carafano, 339 F.3d at 1123 (referring to courts "adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider'"). Since plaintiffs do not contend that Lycos and Terra produced the content at issue, Lycos and Terra are providers of an "interactive computer service" for the purposes of the CDA and are thus not liable for information originating from any third-party source. See id. (referring to the "consensus developing across other courts of appeals that § 230(c) provides broad immunity for publishing content provided primarily by third parties").

This finding leads me to the second inquiry: are all of plaintiffs' proposed four counts against Lycos and Terra barred by the immunity provided by the CDA, or do any of the four survive? After analyzing each of the four counts in turn, I hold - as I held on October 11, 2005 - that none of plaintiffs' proposed counts survives CDA immunity.

Plaintiffs' first count against Terra and Lycos alleges fraudulent securities transactions under Fla. Stat. § 517.301. The CDA provides, "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). As shown by the analysis above, a state law that would hold an interactive computer service liable for content that it did not provide is directly inconsistent with the CDA. This Florida statute is thus preempted for the purposes of this case, and Lycos and Terra would be shielded from the proposed Count II by the immunity provided by the CDA.

Plaintiffs' second count against these defendants alleges cyberstalking under

7

Section 223 of Title 47 of the United States Code. Plaintiffs are correct that the CDA provides that "[n]othing in this section shall be construed to impair the enforcement of section 223 or 231 of this title...or any other Federal criminal statute." 47 U.S.C. § 230(e)(1). Section 223 does not, however, provide a private right of action, see 47 U.S.C. § 223 (providing for fine or imprisonment), so plaintiffs do not have a claim under this statute. Count III would thus be dismissed for failure to state a claim, and it also would clearly not be saved from preemption by Section 230.

Plaintiffs' third count against Lycos and Terra alleges a claim for dilution of trade name under the Florida Anti-Dilution Statute, Fla. Stat. § 495.151 et seq. The CDA expressly exempts intellectual property claims from its general grant of immunity. See 47 U.S.C. § 230(e)(2) (stating that "[n]othing in this section shall be construed to limit or expand any law pertaining to intellectual property"). In interpreting another anti-dilution statute, however, the First Circuit has limited the legitimate scope of such statutes to "prohibit[ing] the unauthorized use of another's trademark in order to market incompatible products or services." L.L. Bean, Inc. v. Drake Publishers, Inc., 811 F.2d 26, 33 (1st Cir. 1987) (refusing to apply Maine's anti-dilution statute to defendant magazine's noncommercial parody of plaintiff's trademark). See also Restatement (Third) of Unfair Competition § 25(2), comment i (stating that "if prospective purchasers interpret the actor's use of the mark....merely as a reference to or a comment on the goods, services, business, or mark of the trademark owner, the antidilution statutes should not be applicable"). Here, plaintiffs do not allege that Lycos and Terra used the "UCSY" trademark to market incompatible products or services. Instead, by using an antidilution statute to challenge the use of the "UCSY" mark on the Raging Bull message board, they effectively bring a

8

defamation claim in the guise of an antidilution claim. Lycos and Terra would therefore be shielded from Count IV by CDA immunity.

Although plaintiffs' final count initially alleged cyberstalking under Florida Statute Section 784.048 et seq., plaintiffs made clear before the hearing on October 11, 2005, that they had made a typographical error and that this count was brought pursuant to Fla. Stat. § 784.046. I held on October 11, 2005, that regardless of which statute this final count invoked, it would be barred by the CDA. As with the proposed Count II, a state law that would hold an interactive computer service liable for content that it did not provide is directly inconsistent with the CDA. This Florida statute is thus preempted for the purposes of this case, and Lycos and Terra would be immunized from liability pursuant to Count V.

None of the four counts that plaintiffs request leave to bring against Lycos and Terra would survive a motion to dismiss, and I therefore deny their request for leave to amend their complaint to include the proposed Counts II, III, IV, or V.

**B. Count I**

Count I is the only count brought against the eight John Doe defendants, and it is brought pursuant to a Florida statute prohibiting fraudulent securities transactions. Plaintiffs state that they have new information that suggests that these eight defendants are either Roberto Villasenor, Jr., individuals acting in concert with Villasenor, or both.

Villasenor is allegedly a citizen of California. Zwebner is a citizen of both Israel and the United Kingdom, with a principal residence in Israel, and UCSY is a Nevada corporation with its corporate offices in Florida. It thus appears extremely likely that, if plaintiffs choose to maintain a single-count charge against these eight defendants, this case will be dismissed for lack

9

of personal jurisdiction or incorrect venue. Since the actual identity of the eight defendants is still unknown, however, I am not able to make that ruling on the papers before me. I thus allow plaintiffs' motion to amend their complaint to include the proposed Count I. If plaintiffs choose to go forward with this case, I order that they file with the Clerk a new copy of their amended complaint naming only the eight John Does as defendants and raising only Count I.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion Under Rule 15 for Leave to File Amended Complaint (Docket No. 81) is ALLOWED in part and DENIED in part.

/s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge

*EXHIBIT "4" – [DE – 95]*

*Order Of February 1, 2006, Denying Plaintiffs' Rule 59/60 Motion*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSAL COMMUNICATION SYSTEMS, INC., MICHAEL J. ZWEBNER, and others similarly situated, <br>    Plaintiffs <br><br>v. <br><br>LYCOS INC. d/b/a THE LYCOS NETWORK, TERRA NETWORKS, S.A., JOHN DOE #1 a/k/a "the_worm06," JOHN DOE #2 a/k/a "no_insiders," JOHN DOE #3 a/k/a "the_worm_06A," JOHN DOE #4 a/k/a "65175R," JOHN DOE #5 a/k/a "Henry_Johnson123," JOHN DOE #6 a/k/a "quondo1," JOHN DOE #7 a/k/a "Tobias95," and JOHN DOE #8 a/k/a "CrawleySmith," <br>    Defendants | CIVIL ACTION <br> NO. 05-11172-REK |

**Memorandum and Order**
February 1, 2006

**I. Pending Matters**

Pending for decision are matters related to the following filing:

(1) Plaintiffs' Motion for Clarification (Rule 59) or, Alternatively, Modification

(Rule 60) of Order [DE 88] Denying the Plaintiffs' Motion for Leave to Amend their Complaint

Against Lycos, Inc. & Terra Networks, S.A. [DE 81] (Docket No. 89, filed December 27, 2005).

## II. Factual and Procedural Background

Plaintiff Michael J. Zwebner is the chief executive officer and chairman of the board of plaintiff Universal Communications Systems, Inc. ("UCSY"), which is incorporated in Nevada and has corporate offices in Florida. Plaintiffs brought suit on behalf of themselves and a class of similarly situated persons for claims arising out of allegedly defamatory messages posted on the Raging Bull Internet message board dedicated to messages related to UCSY. Plaintiffs allege that defendants Lycos, Inc., doing business as The Lycos Network ("Lycos"), and Terra Networks, S.A. ("Terra"), play some role in operating this message board. Plaintiffs also allege that the eight John Doe defendants are individual subscribers to The Lycos Network who posted defamatory messages on the message board.

Plaintiffs brought four counts against these multiple defendants. Count I alleged fraudulent securities transactions under Fla. Stat. § 517.301. Count II alleged cyberstalking under 47 U.S.C. § 223. Count III alleged dilution of trade name under Fla. Stat. § 495.151 et seq. Count IV alleged cyberstalking under Fla. Stat. § 784.048 et seq. Plaintiffs sought damages of $100 million each for Counts I, II, and III, as well as an injunction requiring defendants to delete the message board and any previous postings on the message board. Plaintiffs also sought an injunction prohibiting defendants from creating and maintaining any similar message board.

In another action arising out of the allegedly defamatory message board postings, the same plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc., doing business as The Lycos Network, for consumer fraud under Massachusetts law, cyberstalking under federal law, and trade dilution in violation of Florida law. This latter action was transferred to the District of Massachusetts because the Lycos Subscriber Agreement stated that Massachusetts was the

2

exclusive venue for resolution of disputes. The instant case was then transferred from the District of Southern Florida on June 1, 2005. On July 26, 2005, I ordered the consolidation of the two cases and designated the instant case as the lead case. On August 23, 2005, plaintiffs filed a notice of voluntary dismissal without prejudice for the trailing case, leaving only this case before the court.

On August 9, 2005, Lycos filed a motion to dismiss. Defendant Terra filed its motion to dismiss on August 16, 2005. I heard arguments on these motions on October 11, 2006, and I granted both motions to dismiss, thereby dismissing plaintiffs' case against Lycos and Terra and leaving only the eight John Does as defendants. On October 18, 2005, plaintiffs then filed their motion for leave to file an amended complaint. Lycos filed its opposition to this motion on November 14, 2005, and, on November 18, 2005, plaintiffs filed a reply memorandum in support of their motion. On December 21, 2005, I allowed plaintiffs' motion for leave to file an amended complaint only to the extent that I allowed plaintiffs to raise Count I against the eight John Doe defendants. On December 27, 2005, plaintiffs filed a motion for clarification or modification of my order denying the remainder of their motion for leave to file an amended complaint.

## III. Analysis

Plaintiffs move this court for clarification under Rule 59 of the Federal Rules of Civil Procedure or modification under Rule 60 of the Federal Rules of Civil Procedure. The only relevant portion of Rule 59 states in full that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60 provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order, or

3

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Plaintiff's request will be denied under both of these rules because the

court continues to hold the view, as it did when making the Order of December 21, 2005, that it

was correct for the reasons stated in the Memorandum and Order of that date.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion for Clarification (Rule 59) or, Alternatively, Modification

(Rule 60) of Order [DE 88] Denying the Plaintiffs' Motion for Leave to Amend their Complaint

Against Lycos, Inc. & Terra Networks, S.A. [DE 81] (Docket No. 89) is DENIED.

/s/Robert E. Keeton

Robert E. Keeton
Senior United States District Judge

4

*EXHIBIT "5" – [DE – 116]*
*Order of April 18, 2006, Denying Plaintiffs' Motion For Entry Of Separate & Final Judgment*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSAL COMMUNICATION SYSTEMS,<br>INC., MICHAEL J. ZWEBNER, and others<br>similarly situated,<br>    Plaintiffs<br><br>    v.<br><br>LYCOS INC. d/b/a THE LYCOS<br>NETWORK, TERRA NETWORKS, S.A.,<br>ROBERT VILLASENOR, JR., a/k/a<br>"the_worm06,"<br>JOHN DOE #2 a/k/a "no_insiders,"<br>ROBERT VILLASENOR, JR., a/k/a<br>"the_worm_06A,"<br>JOHN DOE #4 a/k/a "65175R,"<br>JOHN DOE #5 a/k/a "Henry_Johnson123,"<br>JOHN DOE #6 a/k/a "quondo1,"<br>JOHN DOE #7 a/k/a "Tobias95," and<br>JOHN DOE #8 a/k/a "CrawleySmith,"<br>    Defendants | CIVIL ACTION<br>NO. 05-11172-REK |

**Memorandum and Order**
April 18, 2006

**I. Pending Matters**

Pending for decision are matters related to the following filing:

Plaintiffs' Motion for Entry of Separate and Final Judgment (Docket No. 104, filed

February 27, 2006).

**II. Factual and Procedural Background**

Plaintiff Michael J. Zwebner is the chief executive officer and chairman of the

board of plaintiff Universal Communications Systems, Inc. ("UCSY"), which is incorporated in

Nevada and has corporate offices in Florida. Plaintiffs brought suit on behalf of themselves and a

class of similarly situated persons for claims arising out of allegedly defamatory messages posted

on the Raging Bull Internet message board dedicated to messages related to UCSY. Plaintiffs

allege that defendants Lycos, Inc., doing business as The Lycos Network ("Lycos"), and Terra

Networks, S.A. ("Terra"), play some role in operating this message board. Plaintiffs also allege

that the eight John Doe defendants are individual subscribers to The Lycos Network who posted

defamatory messages on the message board.

Plaintiffs brought four counts against these multiple defendants. Count I alleged

fraudulent securities transactions under Fla. Stat. § 517.301. Count II alleged cyberstalking under

47 U.S.C. § 223. Count III alleged dilution of trade name under Fla. Stat. § 495.151 et seq.

Count IV alleged cyberstalking under Fla. Stat. § 784.048 et seq. Plaintiffs sought damages of

$100 million each for Counts I, II, and III, as well as an injunction requiring defendants to delete

the message board and any previous postings on the message board. Plaintiffs also sought an

injunction prohibiting defendants from creating and maintaining any similar message board.

In another action arising out of the allegedly defamatory message board postings,

the same plaintiffs brought suit against Lycos, Inc. and Terra Lyco, Inc., doing business as The

Lycos Network, for consumer fraud under Massachusetts law, cyberstalking under federal law,

and trade dilution in violation of Florida law. This latter action was transferred to the District of

Massachusetts because the Lycos Subscriber Agreement stated that Massachusetts was the

exclusive venue for resolution of disputes. The instant case was then transferred from the

Southern District of Florida on June 1, 2005. On July 26, 2005, I ordered the consolidation of the

2

two cases and designated the instant case as the lead case. On August 23, 2005, plaintiffs filed a notice of voluntary dismissal without prejudice for the trailing case, leaving only this case before the court.

On August 9, 2005, Lycos filed a motion to dismiss. Defendant Terra filed its motion to dismiss on August 16, 2005. I heard arguments on these motions on October 11, 2006, and I granted both motions to dismiss, thereby dismissing plaintiffs' case against Lycos and Terra and leaving only the eight John Does as defendants. On October 18, 2005, plaintiffs then filed their motion for leave to file an amended complaint. Lycos filed its opposition to this motion on November 14, 2005, and on November 18, 2005, plaintiffs filed a reply memorandum in support of their motion. On December 21, 2005, I allowed plaintiffs' motion for leave to file an amended complaint only to the extent that I allowed plaintiffs to raise Count 1 against the eight John Doe defendants. On December 27, 2005, plaintiffs filed a motion for clarification or modification of my Order denying the remainder of their motion for leave to file an amended complaint. I denied this motion on February 1, 2006.

On January 4, 2006, Lycos filed its Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro. On February 6, 2006, plaintiffs filed their opposition to this motion. On February 6, 2006, Lycos filed its Second Motion for Rule 11 Sanctions Against Plaintiffs and Attorney John Faro. On February 13, 2006, plaintiffs filed their opposition to this motion. On February 16, 2006, Lycos filed its Motion for Leave to File Reply, which I allowed on February 24, 2006. In a Memorandum and Order on March 3, 2006, I dismissed Lycos's first motion for sanctions as moot and denied Lycos's second motion for sanctions.

On February 27, 2006, plaintiffs filed their second amended complaint, which

3

changed the named defendants to Roberto Villasenor, Jr., a/k/a "the_worm06," John Doe #2, a/k/a "no_insiders," Roberto Villasenor, Jr., a/k/a "the_worm_06A," John Doe #4, a/k/a "65175R," John Doe #5, a/k/a "Henry_Johnson123," John Doe #6, a/k/a "quondol," John Doe #7, a/k/a "Tobias 95," and John Doe #8, a/k/a "CrawleySmith." Also on February 27, 2006, plaintiffs filed a Motion for Entry of Separate and Final Judgment. On March 10, 2006, Lycos filed its opposition to plaintiffs' motion. On March 15, 2006, plaintiffs filed a Motion for Leave to File Reply to Lycos Opposition to Plaintiffs' Motion for Entry of Separate & Final Judgment, which I allowed on April 5, 2006.

On April 6, 2006, Villasenor filed his answer to the amended complaint, in which he also brought third-party claims against Robert H. Cooper, Andrew Cunningham, Omar Ghaffar, and the Doe defendants. On April 12, 2006, Villasenor filed an amended answer.

## III. Analysis

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, plaintiffs move this court to enter a separate and final judgment dismissing Counts I through IV against Lycos and Terra. Lycos opposes this motion and requests that the court instead order a final judgment as to all parties in the case.

Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and

4

> liabilities of fewer than all the parties shall not terminate the action as to
> any of the claims or parties, and the order or other form of decision is
> subject to revision at any time before the entry of judgment adjudicating
> all the claims and the rights and liabilities of all the parties.

Lycos argues that separate and final judgment is not appropriate under this rule because the court should instead order a final judgment as to all parties in this case. Lycos asserts that, in my rulings of October 11, 2005, and December 21, 2005, I disposed of all claims over which this court had subject matter jurisdiction and personal jurisdiction. Because of this assertion, I will thus construe Lycos's opposition in the first instance as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Plaintiffs contend that this court may exercise subject matter jurisdiction over their claim pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, and 28 U.S.C. § 1332, which provides for diversity jurisdiction. Different subsections of Section 1332 apply to class actions and to actions not brought on behalf of other similarly situated individuals. Although plaintiffs in their Second Amended Complaint have labeled this action a class action, in which "[t]he PLAINTIFFS are representative of each of the classes of Plaintiffs set forth herein, and shall fairly and adequately protect the interest of each of these classes [and t]he Defendants named herein comprises [sic] a class of defendant against whom the following claims are asserted" (Docket No. 102 at 3), they have done nothing to show that their claim meets the prerequisites for class certification under Rule 23, see Fed. R. Civ. P. 23(a) (allowing class certification only if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

5

typical of the claims or defenses of the class, and (4) the representative parties will fairly and

adequately protect the interests of the class"). I will therefore determine whether I have diversity

jurisdiction over plaintiffs' claims by referring to the subsection of Section 1332 that does not

apply to class actions.

> Section 1332(a) provides:
>
> The district courts shall have original jurisdiction of all civil actions
> where the matter in controversy exceeds the sum or value of $75,000,
> exclusive of interest and costs, and is between –
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign
> state are additional parties; and
> (4) a foreign state...as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Plaintiffs in this case are Zwebner, a citizen of Israel and the United

Kingdom, and UCSY, a citizen of Nevada and Florida, see 28 U.S.C. § 1332(c) (stating that, in

general, "a corporation shall be deemed to be a citizen of any State by which it has been

incorporated and of the State where it has its principal place of business"). The defendants who

remain after my earlier rulings are Robert Villasenor, Jr., an alleged citizen of California, and six

John Doe defendants of uncertain citizenship. The general rule regarding the citizenship of John

Doe defendants for purposes of subject matter jurisdiction based on diversity is that the diverse

citizenship of the fictitious defendants must be established by the plaintiff in a federal court action.

14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure

§ 3642 (3d ed. 1998); see Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 218

(7th Cir. 1997) (stating that "because the existence of diversity jurisdiction cannot be determined

without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not

permitted in federal diversity suits").

6

In other words, diversity is normally destroyed by the inclusion of "John Doe" defendants unless the plaintiff can show that their citizenship is diverse from that of the plaintiff or plaintiffs. Three major exceptions apply to this rule, however. Diversity is not destroyed by the inclusion of "John Doe" defendants if: (i) the "John Doe" defendants are merely formal or nominal parties, see 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3606 (2d ed. 1984) (defining formal or nominal parties as those who "ha[ve] no real interest in the dispute"), (ii) the claim being asserted against the "John Doe" defendants is a sham or frivolous, or (iii) citizenship is being considered for purposes of removal by the defendants, see 28 U.S.C. § 1441(a) (stating that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"). 14 Federal Practice and Procedure § 3642.

None of these three exceptions applies to the case before me. Plaintiffs have included claims against the "John Doe" defendants in three versions of their complaint, and they allege that these complaints are significant enough to have warranted the filing of a second amended complaint after this court dismissed their claims against Lycos and Terra. The "John Doe" defendants are thus not mere nominal parties, and the claims against them are not frivolous in the sense that plaintiffs would retain an equally strong claim were those defendants eliminated. Moreover, this case originated in another federal district court, so the removal exception does not apply. The "John Doe" defendants thus destroy the diversity required to establish jurisdiction under Section 1332.

The next question is thus whether this court has subject matter jurisdiction over this action based on a federal question. Section 1331 of Title 28 of the United States Code

7

provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs argue that this court has federal question jurisdiction pursuant to Section 1331 because their claim against the remaining defendants states a claim "for violation of both federal and state security laws, Sections 9 & 10, Securities & Exchange Act of 1934." (Docket No. 110, Exh. A at 5.) I will construe this assertion to mean that plaintiffs argue that they raise a claim recognized by Sections 9 and 10 of the Securities Exchange Act of 1934 ("Securities Exchange Act"), 15 U.S.C. § 78(i) and § 78(j).

In my Memorandum and Order of December 21, 2005, I allowed plaintiffs to amend their complaint to the extent that I allowed them to bring **only** Count I against the eight "John Doe" defendants, as plaintiffs had proposed in the amended complaint attached to their motion to amend. Count I raised a claim under the securities law of Florida only. Months after I allowed this amendment, and without permission of the court, plaintiffs then filed a second amended complaint in which they changed their claim to fall under federal securities law and the securities law of Massachusetts as well as the securities law of Florida. Given that I had dismissed plaintiffs' only federal claims in my initial dismissal of their claims against Terra and Lycos, this amendment far exceeded the amendment that I had allowed, and effectively amounted to the filing of an entirely new claim. The Federal Rules of Civil Procedure only permit a party to amend its pleading at this point in a proceeding by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). The Federal Rules provide that "leave shall be freely given when justice so requires." Id.

Justice does not require that leave be granted in this case because the new claim under federal law fails to meet the fundamental requirement that "[t]he federal claim must be a

8

'substantial' one" in order to confer federal question jurisdiction. 13B Federal Practice and

Procedure § 3564. No reason thus exists for me to allow plaintiffs to amend their complaint to

include the federal claim since it would not confer jurisdiction to this court over this proceeding.

"The requirement of substantiality does not refer to the value of the interests that are at stake but

to whether there is any legal substance to the position the plaintiff is presenting." Id. Plaintiffs

refer to Sections 9 and 10 of the Securities Exchange Act. Section 9 provides in relevant part:

> It shall be unlawful for any person, directly or indirectly, by the use of
> the mails or any means or instrumentality of interstate commerce, or of
> any facility of any national securities exchange, or for any member of a
> national securities exchange –
>
> (1) For the purpose of creating a false or misleading appearance of active
> trading in any security registered on a national securities exchange, or a
> false or misleading appearance with respect to the market for any such
> security, (A) to effect any transaction in such security which involves no
> change in the beneficial ownership thereof, or (B) to enter an order or
> orders for the purchase of such security with the knowledge that an order
> or orders of substantially the same size, at substantially the same time, and
> at substantially the same price, for the sale of any such security, has been
> or will be entered by or for the same or different parties, or (C) to enter any
> order or orders for the sale of any such security with the knowledge that
> an order or orders of substantially the same size, at substantially the same
> time, and at substantially the same price, for the purchase of such security,
> has been or will be entered by or for the same or different parties.
> (2) To effect, alone or with one or more other persons, a series of
> transactions in any security registered on a national securities exchange
> or in connection with any security-based swap agreement...with respect
> to such security creating actual or apparent active trading in such security,
> or raising or depressing the sale of such security, for the purpose of
> inducing the purchase or seal of such security by others.
> (3) If a dealer or broker, or other person selling or offering for sale or
> purchasing or offering to purchase the security or a security-based
> swap agreement...with respect to such security, to induce the purchase
> or sale of any security registered on a national securities exchange or
> any security-based swap agreement...with respect to such security by
> the circulation or dissemination in the ordinary course of business of
> information to the effect that the price of any such security will or is
> likely to rise or fall because of the market operations of any one or more
> persons conducted for the purpose of raising or depressing the price of
> such security.
> (4) If a dealer or broker, or the person selling or offering for sale or

9

purchasing or offering to purchase the security or a security-based swap
agreement...with respect to such security, to make, regarding any security
registered on a national securities exchange or any security-based swap
agreement...with respect to such security, for the purpose of inducing
the purchase or sale of such security or such security-based swap agreement,
any statement which was at the time and in the light of the circumstances
under which it was made, false or misleading with respect to any material fact,
and which he knew or had reasonable ground to believe was so false or
misleading.

(5) For a consideration, received directly or indirectly from a dealer or
broker, or other person selling or offering for sale or purchasing or
offering to purchase the security or a security-based swap agreement...
with respect to such security, to induce the purchase of any security
registered on a national securities exchange or any security-based swap
agreement...with respect to such security by the circulation or
dissemination of information to the effect that the price of any such
security will or is likely to rise or fall because of the market operations
of any one or more persons conducted for the purpose or raising or
depressing the price of such security.

(6) To effect either alone or with one or more persons any series of
transactions for the purchase and/or sale of any security registered on
a national securities exchange for the purpose of pegging, fixing, or
stabilizing the price of such security in contravention of such rules and
regulations as the Commission may prescribe as necessary or appropriate
in the public interest or for the protection of investors.

15 U.S.C. § 78i(a). Section 9 also provides for a private right of action, 15 U.S.C. § 78i(e), the

statute of limitation of which was increased to two years by the Sarbanes-Oxley Act of 2002, 15

U.S.C. § 7201, see Friedman v. Rayovac Corp., 295 F.Supp.2d 957, 975 (W.D.Wis. 2003)

(finding that § 9 is preempted by Sarbanes-Oxley Act).

Section 10 provides in relevant part:

It shall be unlawful for any person, directly or indirectly, by the use of any
means or instrumentality of interstate commerce or of the mails, or of any
facility of any national securities exchange –

(a)(1) To effect a short sale, or to use or employ any stop-loss order in
connection with the purchase or sale, of any security registered on a
national securities exchange, in contravention of such rules and regulations
as the Commission may prescribe as necessary or appropriate in the public
interest or for the protection of investors....

(b) To use or employ, in connection with the purchase or sale of any
security registered on a national securities exchange or any security not

10

> so registered, or any securities-based swap agreement..., any manipulative
> or deceptive device or contrivance in contravention of such rules and
> regulations as the Commission may prescribe as necessary or appropriate
> in the public interest or for the protection of investors.

15 U.S.C. § 78j. Courts have understood Section 10 to also create a private right of action. See

Equidyne Corp. v. John Does 1-21, 279 F.Supp.2d 481 (D.Del. 2003) (deciding case by

corporation against contributors to Internet message board pursuant to, inter alia, Section 10).

Plaintiffs' claims have no legal substance under either Section 9 or Section 10 of

the Securities Exchange Act. Plaintiffs allege that defendants posted numerous defamatory

statements referring both to Zwebner's personal life, supposed criminal history, and alleged

fraudulent actions as well as UCSY's unprofitability. Although these accusations are damning,

they do not raise a substantial federal question. Plaintiffs claim that defendants caused injury by:

> (a) first "shorting" the stock in such companies,
> (b) "trashing" such company and/or the integrity/competency of its
> management, through the systematic and orchestrated posting of fraudulent
> information about the financial condition, business prospects and
> management integrity of the such company on an [I]nternet accessible
> message board devoted to such company, which fraudulent information
> was calculated to disparage the value of such company, and thereby
> artificially depress the market price of the publicly traded stock of the
> such company, and
> (c) "covering his shorts" by buying the publicly traded stock in such
> company at a depressed market price, so as to profit at the expense [of]
> shareholders who sell their stock in such company at such depressed
> market prices.

(Docket No. 102 at 12.) "Shorting" refers to short selling, which occurs when an investor, rather

than profiting when the price of a stock increases, profits when the price of a stock decreases. To

short sell, an investor borrows a security and then sells it at the going price (A). If the price of the

security decreases, the investor will then buy it back at the new lower price (B), return the

borrowed security to its original owner, and profit from the difference (A-B). If the price of the

11

stock increases, however, the investor will have to buy it back at the new higher price in order to return the borrowed security to its original owner, and will thus suffer a loss equal to the difference (B-A). Thus, in order to state a claim under either of the two sections of the Security Exchange Act to which plaintiffs refer, plaintiffs must show that the fraudulent posting was coupled with the improper purchase or sale of shares in UCSY.

In this case, plaintiffs argue that defendants first borrowed and sold shares in UCSY at the going price, then used their postings to lower the price of those shares, and finally bought the lower-priced shares in order to short sell and make a profit. Unfortunately for plaintiffs, they fail to make the specific allegation anywhere that any individual defendant was actually an owner, buyer, or seller of shares in UCSY. In cases where fraud is alleged, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Plaintiffs refer in their seconded amended complaint to the postings on the Raging Bull message board and allege that defendants posted those messages, but never allege that any individual defendant owned, borrowed, sold, or purchased any shares in UCSY. The entirety of the second amended complaint alleges that defendants "acted in concert...to manipulate the price of the USCY publicly trade securities" by posting messages. Plaintiffs thus make only a broad, non-individualized allegation of short sales and never mention a specific sale or purchase. Plaintiffs thus fail to raise a sufficiently substantial federal question for this court to exercise jurisdiction over this case. I thus find that plaintiffs' second amended complaint, filed without leave of this court, was filed improperly. I furthermore find that this court lacks subject matter jurisdiction over the remaining defendants. I therefore deny plaintiffs' motion for entry of separate and final judgment and order the Clerk to enter a final judgment as to all defendants and

12

close the case. The finding that this court lacks subject matter jurisdiction over all defendants also dismisses Villasenor's counterclaims.

## ORDER

For the foregoing reasons, it is ORDERED:

(i) Plaintiffs' Motion for Entry of Separate and Final Judgment (Docket No. 104)

is DENIED; and

(ii) The Clerk is ordered to enter the following Final Judgment:

(1) This case is dismissed as to all defendants.
(2) This case is now closed.

/s/Robert E. Keeton

Robert E. Keeton
Senior United States District Judge

13

*EXHIBIT "6" – [DE – 117]*
*Final Judgment entered on April 18, 2006, incorporating Order of April 18, 2006, Denying*
*Plaintiffs' Motion For Entry Of Separate & Final Judgment*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSAL COMMUNICATION ) | |
| SYSTEMS, INC., MICHAEL J. ) | |
| ZWEBNER, and others similarly situated ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 05-11172-REK |
| LYCOS INC. d/b/a THE LYCOS ) | |
| NETWORK, TERRA NETWORKS, S.A., ) | |
| ROBERT VILLASENOR, JR., a/k/a ) | |
| "the_worm06," ) | |
| JOHN DOE #2 a/k/a "no_insiders," ) | |
| ROBERT VILLASENOR, JR., a/k/a ) | |
| "the_worm_06A," ) | |
| JOHN DOE #4 a/k/a "65175R," ) | |
| JOHN DOE #5 a/k/a "Henry_Johnson123," ) | |
| JOHN DOE #6 a/k/a "quondo1," ) | |
| JOHN DOE #7 a/k/a "Tobias95," and ) | |
| JOHN DOE #8 a/k/a "CrawleySmith," ) | |
| CORPORATION, ) | |
| Defendants ) | |
| ) | |

**Final Judgment**
April 18, 2006

For the reasons stated in the Memorandum and Order of this date, it is

ORDERED:

(1) This case is dismissed as to all defendants.

(2) This case is now closed.

Approved:                                          By the Court,


_/s/Robert E. Keeton_____                   _/s/Jennifer Filo_____

Robert E. Keeton                                   Jennifer Filo, Deputy Clerk
Senior United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify the foraging paper entitled:

## NOTICE OF APPEAL

was served upon counsel of record, as per attached Distribution, by First Class Mail,

postage pre-paid, this 16th day of May, 2006.

Respectfully,

John H. Faro, Esq.
(BBO #159260)

DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone (617) 951-1400
Facsimile (617) 951-1354

Daniel J. Cloherty, Esq.
DWYER & COLLARA, LLP
600 Atlantic Avenue
Boston, MA 02210
Phone (617) 371-1021
Facsimile (617) 371-1037

Thomas G. Rohback, Esq.
James J. Reardon, Jr.
LeBoeuf, Lamb, Greene, & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone 860, 293-3596
Fax    860, 293-3555

9

John J. Moakley, Clerk
U. S. District Court
United States Courthouse
1 Courthouse Way
Boston, MA 02210